UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
JERRY PINKS,

                            Plaintiff,

         -against-                                           13 Civ. 1730 (LAK)

M & T BANK CORP.,

                            Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

        This is an action for statutory damages for alleged violation, in connection with the repossession and sale of a recreational vehicle, of a provision of the South Carolina version of the Uniform Commercial Code relating to notice to the debtor. Defendant M & T Bank Corp. ("M&T") moved to dismiss the complaint, and Magistrate Judge Ronald L. Ellis rendered a report and recommendation recommending that the motion be denied (the "R&R"). M&T concededly failed to object to the R&R within the allotted time and now moves, purportedly pursuant to Fed. R. Civ. P. 60(b), for leave to file objections out of time.

        Rule 60(b) has nothing to do with the relief sought here. The fourteen day time limit on the filing of objections to reports and recommendations is not jurisdictional. In consequence, what M&T really seeks is an extension of time within which to file its objections, which is governed by Fed. R. Civ. P. 6(b). Rule 6(b)(1)(B) permits an extension in a case such as this, where the application is made after the time in question has expired, "if the party failed to act because of excusable neglect."

        In this case, M&T's attorney claims, and the Court has no reason to doubt, that he failed to receive electronic notice of the filing of the R&R because (a) he was the only lawyer in his firm designated to receive electronic notices in this case, (b) he was involved in two other, much larger cases that generated large numbers of electronic emails that "overpopulat[ed]" his email inbox, (c) his firm's IT department was to set up a "rule" on the email system to redirect electronic notices addressed to the attorney in question in the two large cases to a separate folder, (d) the IT department somehow included electronic notices in this case among the electronic notices redirected to that separate folder, and (e) the lawyer did not notice the electronic notice in this case in that separate folder until it was too late, obviously because neither he nor anyone else was paying close attention to that separate folder either.

        M&T claims that the failure of its counsel to file timely objections was excusable –

2

the product of an error by IT staff. It relies heavily on the proposition that excusable neglect at bottom is an equitable concept, which of course is so. But this was not excusable neglect.

First, this Court's ECF Rules and Instructions, the individual practices of the undersigned, and the log in page of the ECF system *all* remind attorneys that they are obliged regularly to review the docket sheets of their cases. Reliance on the receipt of electronic notices to email boxes, as the Circuit made clear only last year, is perilous indeed. *See In re WorldCom, Inc.*, 708 F.3d 327 (2d Cir. 2013). The fact is that all sorts of things go awry in the electronic universe in which we now live, and lawyers are obliged to protect their clients' interests even if that requires something more than blind reliance on the proper and timely transmission, receipt and filing of computer generated electronic mail. Thus, even if one were to characterize as excusable the error attributed to the IT staff, the lawyer's failure to check the docket sheet, knowing that he had a motion pending before the magistrate judge and that an adverse recommendation would have to be objected to within fourteen days of its entry, was not. Either he knew better than to rely on electronic notice of any report and recommendation or his failure to know better reflected a failure to pay appropriate attention to any of the repeated and prominent notices provided by the Court.

Second, the Court would not regard the failure here as excusable, even putting aside counsel's personal failure. Counsel is a partner in one of the world's mega-law firms which, according to its web site, has over 1,900 lawyers located in offices in ten countries and having fourteen U.S. offices. Assuming for the sake of discussion that a mistake like this on the part of an overwhelmed single practitioner might be excused, it nevertheless would be difficult to excuse it by a firm with such extensive resources.

In any case, this is not even a case in which any necessarily irremediable harm was done. The consequence of denying this application will be that M&T's motion to dismiss will be denied. The case will continue. But M&T's legal arguments perhaps will be resurrected, subject to the law of the case doctrine, on a motion for summary judgment or at trial.

For the foregoing reasons, defendant's motion, in substance for an extension of time [DI 24], is denied. Its motion to dismiss the complaint [DI 7], to which no timely objections have been filed, likewise is denied.

SO ORDERED.

Dated:   June 5, 2014

*[signature]*

Lewis A. Kaplan
United States District Judge