UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERRY PINKS, individually and on behalf of others similarly situated,

               Plaintiff,

vs.

M & T BANK CORP.,

               Defendant.

Civ. No.: 13-cv-1730—LAK—RLE

Defendant M&T Bank Corp. ("M&T"), by and through its counsel, Reed Smith LLP, files this Answer and Affirmative Defenses ("Answer") to Plaintiff's Complaint ("Plaintiff's Complaint" or "Complaint"), stating as follows:

**ANSWER**

Each Paragraph of this Answer constitutes M&T's Answer to the same numbered paragraph of Plaintiff's Complaint. M&T denies each and every allegation of Plaintiff's Complaint not specifically admitted in this Answer. M&T denies the allegations contained in Plaintiff's narrative statement set forth, contrary to Fed. R. Civ. P. 10(b), in an unnumbered prefatory paragraph.

1. Paragraph 1 of the Complaint contains conclusions of law to which no response is required. To the extent a response may be required, M&T denies the allegations contained in paragraph 1, except M&T admits on information and belief that Plaintiff is a resident of the State of South Carolina.

2. Paragraph 2 of the Complaint contains conclusions of law to which no response is required. To the extent a response may be required, M&T denies the allegations contained in

paragraph 2, except M&T admits that M&T is a New York business corporation registered as a financial holding company under the Bank Holding Company Act of 1956, that M&T's principal executive offices are located in Buffalo, New York and that M&T, through various subsidiaries, conducts certain business at certain locations within the Southern District of New York, including 350 Park Avenue, New York, New York 10022.

3. Paragraph 3 of the Complaint contains conclusions of law to which no response is required. To the extent a response may be required, M&T denies the allegations contained in paragraph 3. M&T denies Plaintiff's characterization and/or partial description of M&T's website.

4. Paragraph 4 of the Complaint contains conclusions of law to which no response is required. To the extent a response may be required, M&T denies the allegations contained in paragraph 1, except M&T admits that M&T Bank has made certain retail installment sales loans to customers and/or received assignments of certain security agreements in various states, including South Carolina.

5. Paragraph 5 is admitted.

6. Paragraph 6 of the Complaint contains conclusions of law to which no response is required. To the extent a response may be required, M&T denies the allegations contained in paragraph 6, except M&T admits that Plaintiff purports to bring this action as a putative class action and seeks to represent a putative class. M&T denies that this action may properly be brought or maintained as a class action.

7. Paragraph 7 of the Complaint contains conclusions of law to which no response is required. To the extent a response may be required, M&T denies the allegations contained in paragraph 7.

8. Paragraph 8 of the Complaint contains conclusions of law to which no response is required. To the extent a response may be required, M&T denies the allegations contained in paragraph 8.

9. Paragraph 9 of the Complaint contains conclusions of law to which no response is required. To the extent a response may be required, M&T denies the allegations contained in paragraph 9.

10. Paragraph 10 of the Complaint contains conclusions of law to which no response is required. To the extent a response may be required, M&T denies the allegations contained in paragraph 10, except M&T admits that Plaintiff entered into with Boat-N-RV Megastore a certain retail installment contract and security agreement dated August 6, 2008 ("RICSA") secured by a 2009 Big Country. M&T is unable to ascertain if a true and correct copy of the RICSA is attached as Exhibit 1, as the attached copy is illegible.

11. Paragraph 11 of the Complaint contains conclusions of law to which no response is required. To the extent a response may be required, M&T denies the allegations contained in paragraph 11, except M&T admits that M&T Bank subsequently received an assignment of the RICSA.

12. M&T denies the allegations contained in paragraph 12, except M&T admits that M&T Bank sent a letter dated July 29, 2010 addressed to Plaintiff at 26 Bluehaw Court, Bluffton, South Carolina, 29910 and that a copy of the written letter is attached as Exhibit 2.

13. Paragraph 13 of the Complaint contains conclusions of law to which no response is required. To the extent a response may be required, M&T denies the allegations contained in paragraph 13, except M&T admits that the July 29, 2010 letter sent by M&T Bank informed Plaintiff that he had defaulted and that, unless he paid the amount set forth in the itemized

accounting of his unpaid indebtedness, the security would be sold at a private sale on or after August 7, 2010.

      14.      Paragraph 14 of the Complaint contains conclusions of law to which no response is required. To the extent a response may be required, M&T denies the allegations contained in paragraph 14.

      15.      Paragraph 15 of the Complaint contains conclusions of law to which no response is required. To the extent a response may be required, M&T denies the allegations contained in paragraph 15.

      16.      Paragraph 16 of the Complaint contains conclusions of law to which no response is required. To the extent a response may be required, M&T denies the allegations contained in paragraph 16.

      17.      Paragraph 17 of the Complaint contains conclusions of law to which no response is required. To the extent a response may be required, M&T denies the allegations contained in paragraph 17.

      18.      Paragraph 18 of the Complaint contains conclusions of law to which no response is required. To the extent a response may be required, M&T denies the allegations contained in paragraph 18, including any subparagraphs.

      19.      Paragraph 19 of the Complaint contains conclusions of law to which no response is required. To the extent a response may be required, M&T denies the allegations contained in paragraph 19.

      20.      Paragraph 20 of the Complaint contains conclusions of law to which no response is required. To the extent a response may be required, M&T denies the allegations contained in paragraph 20.

21. Paragraph 21 of the Complaint contains conclusions of law to which no response is required. To the extent a response may be required, M&T denies the allegations contained in paragraph 21.

22. M&T incorporates by reference as if fully set forth its responses to paragraphs 1 through 21, inclusive, of the Complaint in response to paragraph 22.

23. Paragraph 23 of the Complaint contains conclusions of law to which no response is required. To the extent a response may be required, M&T denies the allegations contained in paragraph 23.

24. Paragraph 24 of the Complaint contains conclusions of law to which no response is required. To the extent a response may be required, M&T denies the allegations contained in paragraph 24.

25. Paragraph 25 of the Complaint contains conclusions of law to which no response is required. To the extent a response may be required, M&T denies the allegations contained in paragraph 25.

26. Paragraph 26 of the Complaint contains conclusions of law to which no response is required. To the extent a response may be required, M&T denies the allegations contained in paragraph 26, except M&T admits that Plaintiff purports to bring this action as a putative class action and seeks to represent a putative class. M&T denies that this action may properly be brought or maintained as a class action.

27. Paragraph 27 of the Complaint contains conclusions of law to which no response is required. To the extent a response may be required, M&T denies the allegations contained in paragraph 27. M&T denies that this action may properly be brought or maintained as a class action.

28. Paragraph 28 of the Complaint contains conclusions of law to which no response is required. To the extent a response may be required, M&T denies the allegations contained in paragraph 28. M&T denies that this action may properly be brought or maintained as a class action.

29. Paragraph 29 of the Complaint contains conclusions of law to which no response is required. To the extent a response may be required, M&T lacks knowledge or information sufficient to respond to the allegations of paragraph 29 and, accordingly, denies the allegations.

30. Paragraph 30 of the Complaint contains conclusions of law to which no response is required. To the extent a response may be required, M&T denies the allegations contained in paragraph 30. M&T denies that this action may properly be brought or maintained as a class action.

31. Paragraph 31 of the Complaint contains conclusions of law to which no response is required. To the extent a response may be required, M&T denies the allegations contained in paragraph 31. M&T denies that this action may properly be brought or maintained as a class action.

32. M&T incorporates by reference as if fully set forth its responses to paragraphs 1 through 31, inclusive, of the Complaint in response to paragraph 32.

33. Paragraph 33 of the Complaint contains conclusions of law to which no response is required. To the extent a response may be required, M&T denies the allegations contained in paragraph 33.

34. Paragraph 34 of the Complaint contains conclusions of law to which no response is required. To the extent a response may be required, M&T denies the allegations contained in paragraph 34.

35. Paragraph 35 of the Complaint contains conclusions of law to which no response is required. To the extent a response may be required, M&T denies the allegations contained in paragraph 35.

The WHEREFORE clause (including all subparts) constitutes a prayer for relief and therefore, no response is required. To the extent that a response may be required, M&T denies the allegations contained in the WHEREFORE clause (including all subparts), and M&T respectfully requests that the Court deny any request for class certification and enter judgment in its favor and against Plaintiff.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state any claim upon which relief may be granted against M&T.

2. Plaintiff's Complaint is barred, in whole or in part, under the doctrine of claim preclusion or res judicata because, *inter alia*, Plaintiff failed to raise his claim prior to the entry of judgment in South Carolina for the deficiency balance.

3. Plaintiff's Complaint is barred, in whole or in part, under the doctrine of issue preclusion or collateral estoppel.

4. Plaintiff's Complaint is barred by the doctrine of illegality because, *inter alia*, Plaintiff acted improperly, fraudulently and illegally as a "straw man" purchaser in violation of South Carolina law.

5. Plaintiff lacks standing to assert any claim because, *inter alia*, his claim arose prior to filing a petition for Chapter 7 bankruptcy at Docket No. 2:12-bk-00317 (Bankr. D.S.C.),

and his claim is the property of Plaintiff's bankruptcy estate because the claim and its alleged value were not fully and adequately disclosed in his bankruptcy proceeding and Plaintiff received an order dated May 1, 2012 discharging his debts and obligations.

6. Plaintiff is an inadequate purported class representative and therefore no class may be certified in this action.

7. Plaintiff lacks standing to assert, or represent, any putative class of individuals other than South Carolina residents.

8. Plaintiff's Complaint is barred by the doctrine of discharge.

9. Plaintiff's Complaint is barred by the doctrines of consent and waiver.

10. Plaintiff has failed to allege any viable claim that can be brought or maintained as a class action pursuant to Federal Rule of Civil Procedure 23.

11. Plaintiff's Complaint is barred, in whole or in part, under the doctrine of unclean hands and estoppel.

12. No conduct of Defendant violated the South Carolina Commercial Code.

13. Plaintiff's Complaint is barred, in whole or in part, by the applicable statutes of limitation.

14. Plaintiff's Complaint is barred, in whole or in part, by the doctrine of set off.

15. Plaintiff's Complaint is barred, in whole or in part, to the extent that Plaintiff or any of the putative class members' claims have been discharged in bankruptcy.

16. Plaintiff was not damaged or harmed by any act of Defendant.

17. Plaintiff's Complaint is barred, in whole or in part, because of his failure to mitigate any damages allegedly incurred.

18. Plaintiff's Complaint is barred, in whole or in part, because he is not the real party in interest and his bankruptcy estate cannot serve as a named plaintiff or purported class representative.

19. Plaintiff's Complaint is barred, in whole or in part, by the doctrine of judicial estoppel.

20. By operation of law, any potential recovery by Plaintiff is limited to the amount of his claimed exemption in his Chapter 7 bankruptcy case.

21. Defendant reserves the right to plead and assert defenses, if and when such is warranted as a result of discovery or otherwise.

WHEREFORE, Defendant M&T Bank Corp., respectfully requests that the Court deny any request for class certification and enter judgment in its favor and against Plaintiff.

                        Respectfully submitted,

                        **REED SMITH LLP**

By: */s/  Steven Cooper*
Steven Cooper
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 521-5400
Facsimile: (212)-521-5450
Email: scooper@reedsmith.com

Roy W. Arnold (*pro-hac vice* pending)
Andrew J. Soven (*pro-hac vice* pending)
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
(215) 851-8100

*Attorneys for Defendant M&T Bank Corp.*

Dated:  June 18, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF.

*/s/  Steven Cooper*
*Counsel for Defendant M&T Bank Corp.*