

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED

FILED: 10-20-14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERRY PINKS, individually and on behalf of others similarly situated,

                    Plaintiffs,

- against -

M&T BANK CORPORATION,

                    Defendant.

ORDER

13-CV-1730 (LAK) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

Plaintiff Jerry Pinks commenced this action on March 14, 2013. Pinks alleges that M&T Bank failed to comply with various provisions of the Uniform Commercial Code by failing to send sufficient written notice in more than one hundred instances of repossession and sale of consumer collateral. (Doc. No. 1) He seeks to represent a class affected by the practice complained of. On September 29, 2014, the Court held an initial conference with the Parties to discuss a discovery schedule and address any outstanding discovery disputes. The Parties informed the Court that Pinks had made initial disclosure requests which M&T Bank viewed as improper and burdensome. These requests concerned four categories of documents: 1) retail installment sales contracts and security agreements; 2) notice of repossession and sale of merchandise ("pre-sale notices"); 3) notice of explanation or calculation of surplus or deficiency and 4) "most recent" correspondence to the debtor advising the debtor of any deficiency balance. At the September 29 conference the Parties were given the opportunity to brief whether compliance with the request would be burdensome for M&T Bank.

In a letter to the Court on October 1, M&T Bank made several arguments concerning the impropriety of Pinks's requests as "class-wide" initial disclosures. (Doc. No. 46) In a letter to

the Court on October 3, Pinks argued that M&T Bank was presenting arguments against class certification under the guise of opposing Pinks's requests as unduly burdensome. (Doc. No. 47) Having reviewed the Parties' submissions, the information sought by Pinks shall not be required as initial disclosures under Rule 26.

In addition, the Parties will proceed with regular discovery until January 9, 2015. All discovery, unless otherwise directed by the Court, shall be restricted to Pinks's individual claim and to issues relevant to the propriety of a class action. Pinks will be required to move for class certification on or before January 30, 2015. Discovery related to class liability will be addressed after any decision on the propriety of proceeding as a class action.

**IT IS HEREBY ORDERED** that M&T Bank will not be required to produce the information sought by Pinks as initial disclosures.

**IT IS HEREBY ORDERED** that all discovery, unless otherwise directed by the Court, shall be restricted to Pinks's individual claim.

**IT IS HEREBY ORDERED** that discovery will close on January 9, 2015.

**IT IS HEREBY ORDERED** that Pinks must move for class certification on or before January 30, 2015.

**SO ORDERED this 20th day of October 2014.**
**New York, New York**

_____
**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

2