**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JERRY PINKS, individually and on behalf of others similarly situated,

          Plaintiff,

vs.

M & T BANK CORP.,

          Defendant.

Index No. 13-cv-1730—LAK—RLE

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

**TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................................1

II.   STATEMENT OF ALLEGED FACTS.......................................................................2

III.  APPLICABLE LEGAL STANDARD .........................................................................3

IV.  PLAINTIFF LACKS STANDING TO ASSERT CLAIMS UNDER THE
      LAW OF ANY STATE OTHER THAN SOUTH CAROLINA ..................................3

V.   CONCLUSION............................................................................................................9

## TABLE OF AUTHORITIES

**Cases**

*Allee v. Medrano*,
416 U.S. 802 (1974)..................................................................................................8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..................................................................................................3

*Blum v. Yaretsky*,
457 U.S. 991 (1982)..................................................................................................4

*Catlin v. Hanser,* No. 10-cv-0451,
2011 WL 1002736 (S.D. Ind. Mar. 17, 2011)...........................................................8

*DaimlerChrysler Corp. v. Cuno*,
547 U.S. 332 (2006)..................................................................................................3

*Dingle v. City of New York,*
728 F. Supp. 2d 332 (S.D.N.Y. 2010).......................................................................3

*Gunther v. Capital One, N.A.*,
703 F. Supp. 2d 264 (E.D.N.Y. 2010) ...............................................................4, 5, 7

*Hunnicutt v. Zeneca, Inc.,* No. 10-cv-708,
2012 WL 4321392 (N.D. Okla. Sept. 19, 2012).......................................................7

*In re Buspirone Patent Litig.,*
185 F. Supp. 2d 363 (S.D.N.Y. 2002)...................................................................... 8

*In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.,* No. 09-cr-3690,
2013 WL 4506000 (N.D. Ill. Aug. 23, 2013) ...........................................................7

*In re Ditropan XL Antitrust Litig.,*
529 F. Supp. 2d 1098 (N.D. Cal. 2007) ...................................................................8

*In re Ductile Iron Pipe Fittings Indirect Purchaser Antitrust Litig.,* No. Civ. 12-169,
2013 WL 5503308 (D.N.J. Oct. 2, 2013)..................................................................7

*In re G-Fees Antitrust Litig.*,
584 F. Supp. 2d 26 (D.D.C. 2008) .......................................................................6, 8

*In re Grand Theft Auto Video Game Consumer Litig.,* No. 06 MD 1739,
2006 WL 3039993 (S.D.N.Y. Oct. 25, 2006)...........................................................8

*In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig.*,
1 F. Supp. 3d 34 (E.D.N.Y. 2014) ..................................................................................4, 5

*In re Magnesium Oxide Antitrust Litig.*, No. 10-5943,
2011 WL 5008090 (D.N.J. Oct. 20, 2011)...........................................................................7

*In re NYSE Specialists Sec. Litig.*,
503 F.3d 89 (2d Cir. 2007)...................................................................................................3

*In re Packaged Ice Antitrust Litig.*,
779 F. Supp. 2d 642 (E.D. Mich. Mar. 17, 2011) ............................................................7, 8

*In re Refrigerant Compressors Antitrust Litig.*, No. 2:09-MD-02042,
2012 WL 2917365 (E.D. Mich. July 17, 2012) ...................................................................7

*In re Terazosin Hydrochloride Antitrust Litig.*,
160 F. Supp. 2d 1365 (S.D. Fla. 2001) ................................................................................8

*In re Wellbutrin XL Antitrust Litig.*,
260 F.R.D. 143 (E.D. Pa. 2009).......................................................................................5, 8

*Johnson v. Rowley*,
569 F.3d 40 (2d Cir. 2009) ..................................................................................................3

*Jurgensen v. Felix Storch, Inc.*,
No. 12 Civ. 1201 (KBF), 2012 WL 2354247 (S.D.N.Y. June 14, 2012) ........................4, 7

*Lauren v. PNC Bank, N.A.*,
296 F.R.D. 389 (W.D. Pa. 2014) .........................................................................................5

*Lewis v. Casey*,
518 U.S. 343 (1996).........................................................................................................3, 4

*Mahon v. Ticor Title Ins. Co.*,
683 F.3d 59 (2d Cir. 2012)...............................................................................................6, 7

*Martine's Serv. Ctr., Inc. v. Town of Wallkill*,
554 Fed. Appx. 32 (2d Cir. 2014).........................................................................................3

*Nogbou v. Mayrose*,
400 Fed. Appx. 617 (2d Cir. 2010).......................................................................................3

*Parks v. Dick's Sporting Goods, Inc.*, No. 05-CV-6590 (CJS),
2006 WL 1704477 (W.D.N.Y. June 15, 2006)................................................................5, 7

*Pecover v. Elecs. Arts Inc.*,
633 F. Supp. 2d 976 (N.D. Cal. 2009) .................................................................................8

*Raines v. Byrd*,
521 U.S. 811 (1997)...................................................................................................3

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
559 U.S. 393 (2010)...................................................................................................4

*Simington v. Lease Fin. Grp.*, LLC, No. 10 Civ. 6052(KBF),
2012 WL 651130 (S.D.N.Y. Feb. 28, 2012)...........................................................4, 7

*Smith v. Lawyers Title Ins. Corp.,* No. 07-12124,
2009 WL 514210 (E.D. Mich. Mar. 2, 2009) ............................................................8

*Smith v. Pizza Hut, Inc.*, No. 09-CV-632,
2011 WL 2791331 (D. Colo. July 14, 2011) .........................................................5, 8

*Stone v. Crispers Restaurants, Inc.,* No. 606cv1086
2006 WL 2850103 (M.D. Fla. Oct. 3, 2006) .............................................................8

*Temple v. Circuit City Stores, Inc.*, No. 06 CV 5303(JG),
2007 WL 2790154 (E.D.N.Y. Sept. 25, 2007) ..................................................5, 6, 7

*Thomas v. Metro. Life Ins. Co.,*
540 F. Supp. 2d 1212 (W.D. Okla. 2008) ..................................................................8

*Zaycer v. Sturm Foods, Inc.,*
896 F. Supp. 2d 399 (D. Md. 2012) ...........................................................................7

**Statutes**

28 U.S.C.§2072 (b) .............................................................................................................6

South Carolina Code Section 36-9-625(c)(2) ....................................................................2

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ..........................................................................3

Federal Rule of Civil Procedure 12(c) ...............................................................................3

Federal Rule of Civil Procedure 23 ................................................................................1, 6

Federal Rule of Civil Procedure 82 ....................................................................................6

Defendant M&T Bank Corp. ("M&T), by and through its counsel, respectfully submits this Memorandum of Law in support of its Motion for Partial Judgment on the Pleadings.

## I. INTRODUCTION

Plaintiff Jerry Pinks ("Plaintiff") is a South Carolina resident. Compl. ¶ 1. He financed the purchase of a trailer in South Carolina. *Id.* ¶ 10. When he defaulted on his payment obligation, M&T repossessed his trailer in South Carolina. *See id.* ¶¶ 10-13. Plaintiff claims that the notice of repossession sent to him by M&T violated Sections 36-9-613(1)(D) and 36-9-614(1)(A) of the South Carolina Code. He seeks to recover statutory damages as provided by the South Carolina Code. *Id.* ¶¶ 18-21.

Despite the fact that Plaintiff is a South Carolina resident and his claim admittedly arises under South Carolina law from events in South Carolina, he purports to assert claims under the laws of various other states on behalf of a nationwide or multi-state putative class of borrowers whose motor vehicles were repossessed by M&T. Plaintiff does not assert any federal cause of action. He does not allege that he incurred any injury or damage in any other state; nor does he allege that he personally possesses any claim under any other state's laws. Plaintiff's purported "class" claims should be dismissed insofar as he seeks to assert any claim under the laws of any state other than South Carolina because he lacks standing to pursue any claim under the laws of states in which he does not reside or in which he suffered no alleged injury.

Plaintiff's decision to bring his claim as a putative class action in no way cures Plaintiff's lack of standing to assert these other state law claims. Under the Rules Enabling Act, a procedural rule, such as Federal Rule of Civil Procedure 23, cannot be used to circumvent the United States Constitution's Article III standing requirement.

Accordingly, this Court should grant M&T's Motion and dismiss Plaintiff's Complaint insofar as it purports to assert any claim under the laws of any state other than South Carolina.

## II.     STATEMENT OF ALLEGED FACTS

On August 6, 2008, Plaintiff entered into a Retail Installment Contract and Security Agreement ("RICSA") to purchase a recreational Big Country Fifth Wheel trailer. Compl. ¶ 10 and Ex. 1.[1] The RICSA indicates that, at the time of the transaction, Plaintiff resided at 26 Bluehaw Court, Bluffton, South Carolina and that Plaintiff purchased the Big Country Fifth Wheel from Boat-N-RV Megastore, 401 Sycamore Drive, Ridgeland, South Carolina 29936. *Id.* Ex. 1; Ex. A. The RICSA was assigned to M&T. Compl. ¶ 11.

On July 29, 2010, after he defaulted on his payment obligation, M&T sent Plaintiff a "Notice of Repossession and Sale of Merchandise" (the "NOI") at the same South Carolina address as listed on the RICSA. *Id.* ¶ 12 and Ex. 2. Among other things, the NOI explained that because Plaintiff was in default under the RICSA, M&T had repossessed the vehicle and intended to sell it by private sale on or after August 7, 2010. *Id.* Ex. 2.

On March 14, 2013, Plaintiff filed his Complaint. Dkt. No. 1. The Complaint contains one "Claim for Relief" on behalf of Plaintiff himself. *Id.* ¶¶ 32-35. Plaintiff claims that the NOI violated the South Carolina Code because it allegedly did not inform him that he was entitled to an accounting of his unpaid indebtedness. *Id.* ¶¶ 18-20. Plaintiff seeks statutory damages pursuant to Section 36-9-625(c)(2) of the South Carolina Code. *Id.* ¶¶ 21, 35. Although he executed the RICSA and was sent the NOI in South Carolina, Plaintiff purports to assert claims on behalf of a nationwide or multi-state putative class of borrowers. *Id.* ¶ 26.

---

[1]     Because parts of the copy of the RICSA attached as Exhibit 1 to the Complaint are almost illegible, attached hereto as Exhibit A is a readable copy of the RICSA.

2

M&T has filed its Answer and Affirmative Defenses, asserting that Plaintiff lacks standing. Dkt. No. 38, ¶ 7. The pleadings are closed and no trial date is scheduled.

### III.     APPLICABLE LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings any time "[a]fter the pleadings are closed ─ but early enough not to delay trial." Fed. R. Civ. P. 12(c). The legal standard for evaluating a Rule 12(c) motion is the same as the standard for evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Nogbou v. Mayrose*, 400 Fed. Appx. 617, 619 (2d Cir. 2010). "To survive a Rule 12(c) motion," a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Johnson v. Rowley*, 569 F.3d 40, 44 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)). "Although all allegations contained in the complaint are assumed to be true, this tenet is inapplicable to legal conclusions." *Martine's Serv. Ctr., Inc. v. Town of Wallkill*, 554 Fed. Appx. 32, 34 (2d Cir. 2014) (citing *Iqbal*, 556 U.S. at 678). The court need not accord "legal conclusions, deductions or opinions couched as factual allegations a presumption of truthfulness." *Dingle v. City of New York*, 728 F. Supp. 2d 332, 343 (S.D.N.Y. 2010) (citing *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007)) (ellipses omitted).

### IV.     PLAINTIFF LACKS STANDING TO ASSERT CLAIMS UNDER THE LAW OF ANY STATE OTHER THAN SOUTH CAROLINA.

The Article III standing inquiry "focuses on whether the plaintiff is the proper party to bring this suit." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). Constitutional standing is therefore neither commutative nor "dispensed in gross." *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996). Rather, "the standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). A plaintiff "must

demonstrate standing for each claim he seeks to press." *Id.* at 335. "Nor does a plaintiff who has been subject to [allegedly] injurious conduct of one kind possess by virtue of that [alleged] injury the necessary stake in litigating conduct of another kind, although similar, to which he has not been subject." *Blum v. Yaretsky*, 457 U.S. 991, 999 (1982).

That a suit may be brought as "a class action adds nothing to the question of standing." *Lewis*, 518 U.S. at 357.  "A class action, no less than traditional joinder (of which it is a species), merely enables a federal court to adjudicate claims of multiple parties at once, instead of in separate suits.  And like traditional joinder, it leaves the parties' legal rights and duties intact and the rules of decision unchanged." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 408 (2010).

Applying these principles, a named plaintiff in a putative class action lacks standing to assert claims under the laws of states in which he does not reside or in which he suffered no injury.  Standing does not exist over claims where the named plaintiff asserts analogous claims under multiple states' laws because he cannot specifically tie his alleged injury to each state, nor is he protected by those other state laws.  *See Simington v. Lease Fin. Grp., LLC,* No. 10 Civ. 6052(KBF), 2012 WL 651130, at *9 (S.D.N.Y. Feb. 28, 2012) (dismissing nationwide class claims because plaintiffs "do not have standing to bring claims under other state statutes—even where they are named plaintiffs"); *Jurgensen v. Felix Storch, Inc.*, No. 12 Civ. 1201 (KBF), 2012 WL 2354247, at *10 (S.D.N.Y. June 14, 2012) (following *Simington* and stating that "[i]t is well settled that plaintiff does not have standing to bring claims . . . other than . . . [in] the state where she resides"); *In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig.*, 1 F. Supp. 3d 34, 49-50 (E.D.N.Y. 2014) (dismissing nationwide class claims because "named Plaintiffs lack standing to bring claims under state laws to which Plaintiff have not been subjected"); *Gunther v.*

4

*Capital One, N.A.*, 703 F. Supp. 2d 264, 274-75 (E.D.N.Y. 2010) (rejecting argument that class action plaintiff "should be permitted to assert [state-law claims] on behalf of other putative class members" and agreeing with "prevailing authority" that plaintiff lacks standing to assert such claims); *Temple v. Circuit City Stores, Inc.*, No. 06 CV 5303(JG), 2007 WL 2790154, at *8 (E.D.N.Y. Sept. 25, 2007) (declining to postpone consideration of named plaintiffs' standing to bring claims arising under the laws of states other than the state in which plaintiffs were residents); *Parks v. Dick's Sporting Goods, Inc.*, No. 05-CV-6590 (CJS), 2006 WL 1704477, at *2 (W.D.N.Y. June 15, 2006) (dismissing nationwide class claims and noting that "[i]n a proposed class action, it is the named plaintiffs who must demonstrate that they have standing to pursue the claims alleged in the complaint"); *Lauren v. PNC Bank, N.A.*, 296 F.R.D. 389, 391 (W.D. Pa. 2014) (dismissing nationwide class claims because the named plaintiff "suffered an alleged injury exclusively under [her home state's] law" and the named plaintiff does not have standing to assert state law claims under the law(s) of any other state).

    A contrary rule:

> would allow named plaintiffs in a proposed class action, with no injuries in relation to the laws of certain states referenced in their complaint, to embark on lengthy class discovery with respect to injuries in potentially every state in the Union. At the conclusion of that discovery, the plaintiffs would apply for class certification, proposing to represent the claims of parties whose injuries and modes of redress they would not share. ***That would present the precise problem that the limitations of standing seek to avoid.***

*In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 155 (E.D. Pa. 2009) (emphasis added).

*Accord In re HSBC,* 1 F. Supp. 3d at 50 (citing *Smith v. Pizza Hut, Inc.*, No. 09-CV-632, 2011 WL 2791331, at *9 (D. Colo. July 14, 2011)).

    Here, Plaintiff attempts to assert claims against M&T for alleged violations of the "Uniform Commercial Code" laws of various states on behalf of a purported "nationwide class"

including persons allegedly injured in states other than South Carolina.  Compl. Preamble and ¶¶ 6, 26 and First Claim For Relief.  However, Plaintiff does not allege that he suffered the invasion of a legally protected interest under any state's laws except South Carolina's.  To the contrary, Plaintiff – a South Carolina resident – alleges that he executed the RICSA in South Carolina, was sent the NOI in South Carolina, and seeks statutory damages under the South Carolina Code.  *Id.* ¶¶ 1, 10-12, 18-21, 35, Exs. 1 and 2; Ex. A hereto.  As such, Plaintiff lacks standing to assert state law claims for violations of the UCC on behalf of borrowers outside of South Carolina and, accordingly, the "nationwide class" claims against M&T should be dismissed.  *See, e.g., Temple*, 2007 WL 2790154, at *8-9 (named plaintiffs' claims "pursuant to laws of states other than Tennessee are dismissed for lack of standing"); *In re G-Fees Antitrust Litig.*, 584 F. Supp. 2d 26, 46 (D.D.C. 2008) (holding that plaintiffs had standing to pursue "claims in only those jurisdictions where a plaintiff has alleged that he personally has sustained an injury giving him a cause of action arising under the law of that jurisdiction.").

The necessary Article III standing analysis is jurisdictional and cannot be merged with the Fed. R. Civ. P. 23 class certification analysis.  Under the Rules Enabling Act, a procedural rule, such as Rule 23, cannot alter a constitutional minimum.  28 U.S.C. § 2072(b) (procedural rules "shall not abridge, enlarge or modify any substantive right"); *see also* Fed. R. Civ. P. 82 ("These rules do not extend or limit the jurisdiction of the district courts or the venue of actions in those courts.").

The United States Court of Appeals for the Second Circuit has made clear that the use of Rule 23 cannot cure a lack of Article III standing.  In *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 61 (2d Cir. 2012), the plaintiff attempted to assert claims against three title insurance companies – one from which she obtained title insurance and two from which she did not.  The two title

insurance defendants from which the plaintiff did not purchase insurance filed a motion to dismiss the plaintiff's claims due to a lack of Article III standing. *Id.* The plaintiff argued that because she asserted her claims as a putative class action, if she alleged that one defendant injured her then Article III did not prevent her from suing the non-injuring defendants. *Id.* at 65. The Second Circuit rejected the plaintiff's argument and affirmed the trial court's dismissal because the plaintiff's assertion of her claims as a putative class action in no way altered the Article III standing requirement. *Id.* at 65. The *Mahon* Court further disapproved of an approach analyzing "class certification before Article III standing and treat[ing] the class as the relevant legal entity." *Id.* at 64.

The *Mahon* Court's holding that a procedural rule, such as Rule 23, cannot be used to alter a constitutional requirement is consistent with the decisions of dozens of courts in nearly every circuit, including the Second Circuit. *See Simington*, 2012 WL 651130, at *9; *Jurgensen*, 2012 WL 2354247, at *10; *Gunther*, 703 F. Supp. 2d at 274-75; *Temple*, 2007 WL 2790154, at *8-9; *Parks*, 2006 WL 1704477, at *2. *See also In re Ductile Iron Pipe Fittings Indirect Purchaser Antitrust Litig.,* No. Civ. 12-169, 2013 WL 5503308, at *11 (D.N.J. Oct. 2, 2013) (finding that "named plaintiffs lack standing to assert claims under the laws of the states in which they do not reside or in which they suffered no injury" and dismissing such claims)*; In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.,* No. 09-cr-3690, 2013 WL 4506000, at *5-6 (N.D. Ill. Aug. 23, 2013) (same); *Zaycer v. Sturm Foods, Inc.,* 896 F. Supp. 2d 399, 409 (D. Md. 2012) (same); *In re Refrigerant Compressors Antitrust Litig.,* No. 2:09-MD-02042, 2012 WL 2917365, at *7 (E.D. Mich. July 17, 2012) (same); *Hunnicutt v. Zeneca, Inc.,* No. 10-cv-708, 2012 WL 4321392, at *4-5 (N.D. Okla. Sept. 19, 2012) (same); *In re Magnesium Oxide Antitrust Litig.,* No. 10-5943, 2011 WL 5008090, at *8-10 (D.N.J. Oct. 20, 2011) (same); *In re Packaged Ice*

*Antitrust Litig.,* 779 F. Supp. 2d 642, 657-59 (E.D. Mich. Mar. 17, 2011) (same); *Catlin v. Hanser,* No. 10-cv-0451, 2011 WL 1002736, at *6-8 (S.D. Ind. Mar. 17, 2011) (same); *Smith v. Pizza Hut, Inc.,* No. 09-cv-01632, 2011 WL 2791331, at *7-8 (D. Colo. July 14, 2011) (same); *Wellbutrin,* 260 F.R.D. at 152-56 (same); *Pecover v. Elecs. Arts Inc.,* 633 F. Supp. 2d 976, 984 (N.D. Cal. 2009) (same); *Smith v. Lawyers Title Ins. Corp.,* No. 07-12124, 2009 WL 514210, at *3 (E.D. Mich. Mar. 2, 2009) (same); *Thomas v. Metro. Life Ins. Co.,* 540 F. Supp. 2d 1212, 1225 (W.D. Okla. 2008) (same); *G-Fees,* 584 F. Supp. 2d at 36 (same); *In re Ditropan XL Antitrust Litig.,* 529 F. Supp. 2d 1098, 1106-07 (N.D. Cal. 2007) (same); *Stone v. Crispers Restaurants, Inc.,* No. 606cv1086, 2006 WL 2850103, at *1-2 (M.D. Fla. Oct. 3, 2006) (same); *In re Terazosin Hydrochloride Antitrust Litig.,* 160 F. Supp. 2d 1365, 1371-72 (S.D. Fla. 2001) (same).

Simply put, "[s]tanding cannot be acquired through the back door of a class action," *Allee v. Medrano,* 416 U.S. 802, 828-29 (1974) (Burger, C.J., concurring), and the issue of standing cannot be delayed until the class certification stage.[2]  Therefore, this Court should reject Plaintiff's attempt to assert UCC claims on behalf of a purported "nationwide class" for lack of standing and subject-matter jurisdiction over such claims.

---

[2] To the extent that Plaintiff relies on *In re Grand Theft Auto Video Game Consumer Litig.*, No. 06 MD 1739, 2006 WL 3039993 (S.D.N.Y. Oct. 25, 2006), or *In re Buspirone Patent Litig.*, 185 F. Supp. 2d 363 (S.D.N.Y. 2002), in opposition to this Motion, such reliance is misplaced. In *In re Grand Theft Auto*, the district court *decertified* a nationwide settlement class due to a lack of predominance because, *inter alia*, the individual state consumer fraud statutes required different elements. *In re Grand Theft Auto Video Game Consumer Litig.*, No. 06 MD 1739, slip op. at 42-56 (July 30, 2008). *In re Buspirone Patent Litig.*, 185 F. Supp. 2d at 365-66, is clearly distinguishable, as it involved a MDL proceeding and claims under the federal antitrust and patent laws. Further, both cases were decided prior to, and are contrary to, the Second Circuit's decision in *Mahon*.

## V. CONCLUSION

For the foregoing reasons, Defendant M&T respectfully requests that its Motion for Partial Judgment on the Pleadings be granted and that this Court dismiss Plaintiff's Complaint to the extent that Plaintiff asserts any claim under the laws of any state other than South Carolina.

Dated:  October 30, 2014

**REED SMITH LLP**

By: */s/ Roy W. Arnold*
Steven Cooper  (SC4394)
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 521-5400
Facsimile: (212)-521-5450
Email: scooper@reedsmith.com

Roy W. Arnold (admitted *pro hac vice)*
Andrew J. Soven (admitted *pro hac vice*)
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
(215) 851-8100

*Counsel for Defendant M&T Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF.

*/s/ Roy W. Arnold*
*Counsel for Defendant M&T Bank*