

125 BROAD STREET, NEW YORK, NY 10004   TEL 212 471-8500   FAX 212 344-3333   WWW.HERZFELD-RUBIN.COM

January 14, 2015

**Daniel V. Gsovski**
Direct Line: (212) 471-8512
dgsovski@herzfeld-rubin.com

**Via ECF**
**Hon. Ronald W. Ellis**

   Re: **Jerry Pinks v. M & T Bank Corp.**
      **Civil Action No. 1:13-cv-1730 LEK-RWE (S.D.N.Y.)**

Dear Magistrate Judge Ellis:

  On behalf of Plaintiff Jerry Pinks, we hereby tender the recently issued decision of the Second Circuit in *Retirement Board v. BNYM*, Nos. 13-1776 and 13-1777-CV (December 23, 2014)(slip decision enclosed), as additional authority in opposition to "Defendant's Motion for Partial Judgment on the Pleadings" under Fed.R.Civ.P. 12(c). (Dkt. #52) We request leave to submit short supplemental briefing with respect to this decision.

  *Retirement Board* extensively discusses and analyzes *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145 (2d Cir. 2012). (Slip. op. at 16-22) As Your Honor is aware, Plaintiff sees *NECA-IBEW* as "controlling" on the pending motion (Dkt #56, 1-8, passim), while Defendant argues reliance upon that case is "mistaken." (Dkt. # 58 at 1, 4-8).

  In *Retirement Board,* the Circuit held that the "core question is whether a plaintiff who has a personal stake in proving his own claims against the defendant has a sufficiently personal and concrete stake in proving other related claims [of the absent class members] against defendants." (Slip. op. at 21.) The named plaintiffs were found to lack "class standing" with respect to certain federal and state law claims due to "significant differences in proof" between their individual claims and those of certain members of the putative class. The Second Circuit concluded that "[a]s a result, Plaintiffs' 'claims do not implicate the 'same set of concerns' as those of absent class members who purchased certificates issued by trusts in which no named Plaintiff invested." (Id. at 22, quoting *NECA-IBEW*, 693 F.2d at 162). The *Retirement Board* Court distinguished *NECA-IBEW*, in which the named plaintiffs' and class claims rested on "similar if not identical" misrepresentations and thus adequately established the named plaintiffs' "class standing." (Id. at 17-18). Here, as in *NECA-IBEW,* Plaintiff has "class standing" to seek certification of claims arising from identical documents, subject to identical statutory standards, under the same theory of liability as the putative class claims. *Retirement Fund,* we submit, further supports this conclusion.

  We believe that short additional briefing on this and other aspects of the Second Circuit's decision may assist the Court and request leave to submit such further argument.

               Respectfully,

               Daniel V. Gsovski

cc: All Counsel (by ECF)

AFFILIATES

LIVINGSTON, NEW JERSEY     LOS ANGELES, CALIFORNIA     GARDEN CITY, NEW YORK

BUCHAREST, ROMANIA     YANGON, MYANMAR