

**HERZFELD & RUBIN, P.C.**
ATTORNEYS AT LAW
125 BROAD STREET, NEW YORK, NY 10004   TEL 212 471-8500   FAX 212 344-3333   WWW.HERZFELD-RUBIN.COM

February 13, 2015

**Daniel V. Gsovski**
Direct Dial 212: 471-8512
dgsovski@herzfeld-rubin.com

**BY ECF**
**Hon. Ronald L. Ellis**

      **Re: Pinks v. M&T Bank Corp., 1:13-cv-1730 LEK-RWE (S.D.N.Y.)**

Dear Magistrate Judge Ellis:

      On behalf of Plaintiff Jerry Pinks, we write in advance of the scheduled February 17, 2015, status conference to apprise the Court of (1) significant discovery problems that have arisen following the Court's discovery and scheduling Order, dated Oct. 20, 2014 (Dkt. #51) ("Discovery Order"), and (2) the status of the case. It is also our intention, pursuant to the Local Rules, to advise the Court of discovery issues that may lead to our filing a Motion to Compel in hopes that the need for such motion may be obviated or limited at the upcoming conference.

      *I. M&T's refusal to provide multistate discovery relevant to the class action as pled.*

      On Dec 3, 2014, M&T Bank ("M&T") served its objections to providing any discovery relating to the propriety of the multistate class action as pled. (Exhibit A) M&T refused to provide any class discovery relevant to putative class members' claims which arose under any states' laws other than South Carolina, until resolution of its pending Rule 12(c) Motion for Partial Judgment on the Pleadings. (Dkt. #52.)

      M&T purports to base this conduct ultimately upon this Court's Discovery Order. The Order, however, expresses no limitation with respect to a South Carolina class, nor does the schedule included in the Order anticipate or provide for any stays or postponement in class-wide discovery. Though M&T expressly requested such a stay or postponement, pending resolution of its motion under Rule 12(c), the Discovery Order provides not such relief.

      On Oct. 1, 2014, well in advance of the discovery Order, M&T filed a letter with the Court (Dkt. # 46), urging the Court to postpone non-South Carolina class discovery pending a ruling on Mr. Pinks' "standing" to represent non-South Carolina class members, under the heading "Plaintiff's Proposed 'Class-wide' Production is Improper Because Plaintiff Lacks Constitutional Standing to Represent or Assert Any Claim Under Other State's Law**." (**Dkt. No 46 at 1). After summarizing its forthcoming Rule 12(c) motion, M&T further stated that it did not intend to "waive this fundamental jurisdictional defect." *Id.* at 2.  M&T's letter concludes: "Thus, *before* this Court can, or should, consider directing purported multi-state 'class-wide' discovery, Plaintiff must meet his burden of demonstrating his standing to assert claims on behalf of persons outside South Carolina." *Id.* at 2. (emphasis original.) However, this Discovery Order set forth no South Carolina restriction, but ordered instead that:

> [T]he Parities will proceed with regular discovery… All discovery, unless otherwise directed by the Court, shall be restricted to issues *relevant to the propriety of a class action* . . . Discovery related to class liability will be addressed after any decision on *the propriety of proceeding as a class action*.

Dkt. # 51, at 2. (emphasis added.)

      The Discovery Order's only stated limitations were to "class liability" discovery, which was postponed, and to the Initial Disclosures sought by Mr. Pinks, which Your Honor set aside in favor of "regular discovery" procedures.   There were no limitations to discovery with respect to the

HERZFELD & RUBIN, P.C.
1225 FRANKLIN AVE, SUITE 315
GARDEN CITY, NY 11530
TELEPHONE: 212-471-3231

CHASE KURSHAN HERZFELD & RUBIN, LLC
354 EISENHOWER PARKWAY, SUITE 1100
LIVINGSTON, NJ 07039-1022
TELEPHONE: 973-535-8840

HERZFELD & RUBIN, LLP
1925 CENTURY PARK EAST
LOS ANGELES, CA 90067
TELEPHONE: 310-553-0451

RUBIN MEYER DORU & TRANDAFIR
SOCIETATE CIVILA DE AVOCATI
7. STRADA PUTUL CU PLOPI
BUCHAREST I, ROMANIA
TELEPHONE: (40) (21) 311-1460

Hon. Ronald L. Ellis
February 13, 2015
Page 2



composition of the class or to the claims to be included.  Therefore, we understand "the propriety of a class action" to mean the multistate class as pled in our Complaint. Absent discovery commensurate with the scope of the class being sought, Mr. Pinks cannot reasonably meet his burden of showing the propriety of the class he seeks to represent. We do not read this language as imposing any other limitations on either the scope or timing of the class discovery. It is also reasonable to assume that the Court did not impose the included discovery schedule, only to allow M&T to nullify it by filing its promised Rule 12(c) Motion ten days later.

In significant respects, the Order closely parallels the approach recently taken in *Bais Yaakov of Spring Valley v. Houghton Mifflin Harcourt Publishers, Inc.,* 2014 WL 399070995 (S.D.N.Y. Aug. 7, 2014).  The court in *Bais Yaakov,* on a motion to compel, ordered class-wide discovery commensurate in scope with the class as pled, despite the defendant's argument that plaintiff lacked constitutional standing to represent all putative class members, an issue which the court deferred for class certification.  Here, the merits of M&T's "standing" objection, which the Court has under advisement, are distinct from the propriety of proceeding with class discovery relevant to the class as pled.

*II. M&T's responses, even with respect to South Carolina putative class members, are inadequate and non-responsive.*

Beyond the issue of the geographical scope of discovery, M&T has comprehensively failed to comply with its discovery obligations even with respect to putative South Carolina class claims. In fact, since the Discovery Order, M&T has turned over only a handful of documents and printouts of e-data relating exclusively to Mr. Pinks. These instances are too numerous to separately outline within this letter. However, we believe resolution of this impasse will require some direction from the Court concerning its previous Order.

The Discovery Order bifurcated discovery into appropriate pre-certification discovery and merits discovery. It is well-settled that discovery "relevant to the propriety of the class action" should not be excluded merely because it may also have some bearing on class merits. See, e.g., *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2552 n.6, 180 L. Ed. 2d 374 (2011). See generally, *Manual for Complex Litigation, Fourth*, § 21.14; Rubenstein, 3 *Newberg on Class Actions* § 7:17 (5th ed.)

M&T on the other hand, appears to claim the right to withhold any matter, no matter how central to class certification, that may also have some bearing on class merits discovery. For example, M&T denies that the case is appropriate for class treatment, and has denied that the statutory damages of the putative class will aggregate into the CAFA jurisdictional amount. (Dkt. # 44 at 4) ("M&T has denied the existence of jurisdiction due to the uncertainty as to the amount in controversy.")  Mr. Pinks has accordingly requested information to establish the appropriate universe of class claims, as well as data relevant to each member's statutory damages within that universe. *See,* Plaintiff's First Int. # 8. In addition to the CAFA jurisdictional amount, an accurate determination of the number and amount of potential class damages claims is also directly relevant to size and manageability of the class as pled. Yet, M&T has refused to provide any data from which this may be computed, in part because, according to M&T, this discovery "seeks 'class-wide' merits discovery prior to a decision by the Court regarding any motion for class certification." *See*, Exhibit A, M&T's Responses to Plaintiff's First Int. # 8.

Similarly, M&T has refused to provide any data concerning the existence or amounts of potential deficiency claims against class members still owned by M&T. *See,* M&T's Responses to Plaintiff's First Int. #8. (The class is defined as people who have had their repossessed collateral sold.

Hon. Ronald L. Ellis
February 13, 2015
Page 3



Therefore, it is likely that some will have deficiency accounts. It is also common for lenders to sell non-conforming accounts to third party collection agencies.) Accordingly, unless M&T intends to waive potential deficiency claims against putative class members, the question of whether M&T still owns those claims, and data from which the putative class claims subject to potential deficiency set offs may be identified and valued, may clearly be germane to determining "the propriety of [the] class action" as pled – even if such data is also potentially relevant to the merits..

As another example, and similar to the plaintiff in *Bais Yaakov,* Mr. Pinks has requested exemplars with dates and geographic areas of usage of M&T's form Notices of Disposition. *See,* Plaintiff's First Int. #6. This is "relevant" to class certification as Mr. Pinks is entitled to discovery to determine where and when the Mr. Pinks' Notice of Disposition was used, and whether any other form Notices contain the same purportedly defective language as the Mr. Pinks' Notice. M&T objects that this Interrogatory "seeks 'class-wide' merits discovery prior to a decision by the Court regarding any motion of class certification." *See,* M&T's Responses to Plaintiff's First Int. #6. Therefore, we anticipate a discussion on the scope of discovery permitted by the Order. [1] Clarification of these issues will hopefully obviate the need to delve into the boilerplate objections interposed by M&T to every Request and Interrogatory.

III.     *M&T's collateral attack on Mr. Pink's standing to assert his individual claim has been rejected by the U.S. Bankruptcy Court for the District of South Carolina.*

In its Initial Conference Report, M&T repeatedly stated that it "may" seek a stay of this action, pending contemplated "negotiations" with Mr. Pinks' former Chapter 7 Trustee.  The Trustee did not enter into such negotiations, and M&T moved to reopen Mr. Pinks' Chapter 7 case. On Jan. 21, 2015, that Motion was denied by Hon. David R. Duncan, U.S. Bankruptcy Judge, who concluded that "M&T Bank did not provide the Court with proof that the Trustee was either misled or that the asset was so improperly disclosed that her efforts in administering the estate were frustrated" and "M&T Bank knew of the bankruptcy yet did not seek relief from the bankruptcy court until after it received an unfavorable ruling from the district court. . . . Reopening this bankruptcy case now would prejudice the New York proceedings. . ." (Exhibit B at 9)  Mr. Pinks will oppose any efforts by M&T to stay this action pending its appeal of Judge Duncan's order.

_____

We look forward to further discussing and hopefully resolving these and other issues at the status conference.

Respectfully,
/s/ *Daniel V. Gsovski*
Daniel V. Gsovski (dg4413)
/s/ *Kathy D. Lindsay*
Kathy D. Kindsay (pro hac vice)
Counsel for Plaintiff Jerry Pinks

---

[1] As a compromise, Mr. Pinks has offered to limit his Interrogatories to Numbers 6 and 8, if M&T would provide adequate and responsive answers, without objection, and on a multistate basis. M&T has countered with an offer to provide certain information with respect to the South Carolina putative class members, but only, if Mr. Pinks waives his right to multistate discovery pending resolution of M&T's Rule 12(c) Motion "with finality" and after actual certification of any multistate class.  M&T has not explained how Mr. Pinks can be forced to seek a ruling on multistate certification before obtaining discovery on the propriety of such a class.