

**Roy W. Arnold**
Direct Phone: +1 412 288 3916
Direct Fax: +1 412 288 3063
Email: rarnold@reedsmith.com

Reed Smith LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222-2716
Tel +1 412 288 3131
Fax +1 412 288 3063
reedsmith.com

**Via ECF** February 17, 2015

The Honorable Ronald L. Ellis
U.S. Courthouse
500 Pearl Street
New York, NY 10007

**Re: Pinks v. M&T Bank Corporation**
**Index No. 13-cv-1730-LAK-RLE (S.D.N.Y.)**

Dear Magistrate Judge Ellis:

On behalf of Defendant M&T Bank Corp. ("M&T"), we are writing in response to Plaintiff's letter, which was filed and served after the close of business on Friday, February 13, 2015. Dkt. No. 71.

**A. The Court Already Rejected Plaintiff's Request For Burdensome Multi-State, Class-Wide Merits Discovery Prior to A Class Certification Ruling.**

In October 2014, this Court rejected Plaintiff's attempt to hoist unduly burdensome and costly multi-state, class-wide merits discovery on M&T. Dkt. 51 (Oct. 20, 2014 Order). The Court ordered that "all discovery, unless otherwise directed by the Court, shall be restricted to Pinks' individual claim and to issues relevant to the propriety of a class action" and that "[d]iscovery related to class liability will be addressed after any decision on the propriety of proceeding as a class action." Dkt. 51 at 2. M&T has filed a fully-briefed Motion for Partial Judgment on the Pleadings as to claims asserted under the laws of states other than South Carolina (Dkt. 52), and Plaintiff ***has admitted*** that he lacks Article III standing to assert claims under the laws of any states other than South Carolina. *See* Dkt. 56 at 4 ("[i]t is undisputed that [Plaintiff] would lack Article III standing to bring a UCC claim under any other states' laws in his own right."). Additionally, Plaintiff served initial disclosures and responses to M&T's discovery requests, which were limited to Mr. Pinks' individual claim and included no evidence pertaining to any other transaction or any transaction outside of South Carolina.

Notwithstanding the Court's October 20, 2014 Order, Plaintiff's lack of Article III standing and his lack of any evidence beyond Mr. Pinks' transaction, Plaintiff now seeks to revisit the Court's October 20, 2014 Order and compel the same burdensome, multi-state, class-wide merits discovery that this Court previously rejected prior to a class certification ruling. Indeed, Plaintiff's letter fails to mention that M&T would have to conduct a time-consuming and costly review of the customer files, any judgments obtained and bankruptcy records related to each of more than 51,000 accounts with a repossession and sale transaction since January 1, 2007, in order to identify the universe of transactions and information sought by Plaintiff. *See* Dkt. 46 at 2; Dkt. 71-1 at 8-9 (Interrogatory No. 6), 10-12 (Interrogatory No. 8). Plaintiff's renewed request for the same burdensome discovery should again be rejected because Plaintiff's lack of Article III standing to assert claims under the laws of states other than South Carolina forecloses his ability to obtain discovery relating to states in which he suffered no injury and possesses no claim. A contrary rule:

> would allow named plaintiffs in a proposed class action, with no injuries in relation to the laws of certain states referenced in their complaint, to embark on lengthy class discovery with respect to injuries in potentially every state in the Union. At the conclusion of that discovery, the plaintiffs would apply for class certification, proposing to represent the claims of parties whose injuries and modes of redress they would not share. ***That would present the precise problem that the limitations of standing seek to avoid.***

*In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 155 (E.D. Pa. 2009) (emphasis added). *Accord In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig.*, 1 F. Supp. 3d 34, 50 (E.D.N.Y. 2014) (citing *Smith v. Pizza Hut, Inc.*, No. 09-CV-632, 2011 WL 2791331, at *9 (D. Colo. July 14, 2011)).

Plaintiff's reliance on *Bais Yaakov of Spring Valley v. Houghton Mifflin Harcourt Publishing, Inc.*, No. 12cv45577 (KMK)(LMS), 2014 WL 3907995, at *2-3 (S.D.N.Y. Aug. 7, 2014), is wholly misplaced because the plaintiff there brought a federal claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227, and a state law claim under the New York General Business Law, and, unlike here, the defendants "concede[d] that Plaintiff has Article III standing to sue Defendants in its own right." *Bais Yaakov* did not involve an instance where the named plaintiff asserted claims under the laws of other states for which he did not possess Article III standing. Rather, the discovery dispute related to whether the plaintiff possessed "standing to sue over, and seek discovery about, any other fax advertisements other than the one which it received." *Id.* at *2. Thus, *Bais Yaakov* is inapposite as far as any potential discovery issue here.

Furthermore, Plaintiff's delay in raising the discovery issues set forth in his February 13 letter undermines their legitimacy. *See, e.g., Sahu v. Union Carbide Corp.*, 746 F. Supp. 2d 609, 617 (S.D.N.Y. 2010); *Phelps v. Szubinski*, No. 04 CV 773 ERK RER, 2006 WL 3388645, at *2 (E.D.N.Y. Nov. 21, 2006). Plaintiff failed to move for reconsideration or clarification of the Court's October 20, 2014 Order. Therefore, his current attempt to revisit the ruling is untimely. Additionally, M&T timely served discovery responses and objected to providing discovery relating to repossession and sale transactions outside of South Carolina on December 3, 2014. Plaintiff waited more than seven weeks to raise a scope issue regarding two interrogatory responses, and when he did on January 26, 2015, Plaintiff provided no explanation for why such burdensome, multi-state discovery was now appropriate. *See* Ex. A (Jan. 26, 2015 email from Plaintiff's counsel to M&T's counsel). Instead, Plaintiff simply requested the same multi-state transaction-level information that was rejected by the Court in its October 20, 2014 Order. Plaintiff should not now be permitted to obtain a revised discovery ruling when he has failed to file a timely discovery motion.

**B. M&T Has Provided Appropriate Discovery Relating to Mr. Pinks and His South Carolina Claim.**

Plaintiff's representations relating to Mr. Pinks and his South Carolina claim are simply untrue. Plaintiff's counsel's January 26, 2015 email (Ex. A) raised no issues with respect to the sufficiency of M&T's document production or responses to Plaintiff's document requests. In response to Plaintiff's document requests, M&T produced the loan file, collection notes and repossession/sale notes relating to Mr. Pinks' two separate accounts. A review of M&T's responses to Plaintiff's First Requests for

ReedSmith

Production of Documents reveals that Plaintiff requested a limited set of documents, which M&T agreed to produce subject to its objections. Dkt. 71-1 at pages 20-28 of 28.

M&T also has provided Plaintiff with a declaration specifying the Notices of Repossession and Sale of Merchandise ("Notice") used by M&T in South Carolina between March 14, 2010 and June 25, 2012, when the notice was revised. Although Plaintiff requested information regarding the Notice used by M&T in South Carolina back to January 1, 2007, M&T validly limited the declaration to the three-year period prior to the filing of Plaintiff's Complaint because, as M&T's counsel explained to Plaintiff's counsel on numerous occassions, South Carolina law provides that, whether or not the statutory damages potentially available under S.C. Code Ann. § 36-9-625(c)(2) are classified as a "penalty," Mr. Pinks' South Carolina UCC claim is subject to at most a three-year statute of limitations. *See* S.C. Code Ann. § 15-3-530(2); S.C. Code. Ann. § 15-3-540(2). M&T repeatedly requested authority supporting a longer applicable statute of limitations, but Plaintiff failed to provide any justification for his overbroad request for a six year look-back period. Thus, it is clear that M&T has provided responsive, relevant documents and information relating to the precise topics authorized by the Court's October 20 Order – Mr. Pinks and the propriety of class certification.

A further reason that it is improper to address discovery issues in last minute letter writing is that Plaintiff is now asking whether M&T still owns deficiency balance claims that it may assert post-class certification. Dkt. 71 at 2-3. Remarkably, Plaintiff's discovery requests do not include a request for such information, so there is no need for the Court to consider this issue.[1] Notwithstanding Plaintiff's failure to request this information, in order to allow the parties to evaluate their claims for potential resolution, M&T offered to provide Plaintiff with certain damages/deficiency information relating to South Carolina putative class members, without any personal identification information and subject to the protective order entered by the Court, for settlement purposes. *See* Ex. B (Feb. 4, 2015 email from M&T's counsel to Plaintiff's counsel). As a part of that process, M&T further agreed to investigate its ability to provide additional information requested by Plaintiff's counsel, even though its retrieval would entail a manual process (and a substantial proxy was available electronically) and M&T believed its utility to be limited. *See* Ex. C (Feb. 6, 2015 email from M&T's counsel to Plaintiff's counsel). Plaintiff's counsel, however, rejected M&T's reasonable proposal and filed the February 13 letter without providing any explanation as to why M&T's proposal was insufficient.

Finally, Plaintiff's statement that "M&T has not explained how Mr. Pinks can be forced to seek a ruling on multistate certification before obtaining discovery on the propriety of such a class" is inaccurate and misleading in multiple respects. Dkt. 71 at 3, n.1. As an initial matter, M&T is not forcing Plaintiff to seek a ruling on multi-state class certification. M&T has provided full-some discovery relating to Plaintiff's individual claim as well as other requested documents and information pertaining to its practices in South Carolina, agreed not to oppose class certification on the ground of numerosity and offered to provide information relating to the putative South Carolina class to foster a settlement dialogue. Plaintiff, however, continues to seek burdensome, multi-state, class-wide merits discovery even though he admits that he lacks Article III standing to assert claims under the laws of any state other than South Carolina. To the extent that Plaintiff intends to proceed with a putative multi-state

[1] Plaintiff's reference to CAFA is a red-herring (Dkt. 71 at 2) because there is not presently an issue related to CAFA before the Court.

class action, he may request that the Court defer his filing of any motion for class certification until after the Court decides M&T's Motion for Partial Judgment on the Pleadings.

**C. Status of South Carolina Proceedings.**

M&T has appealed the United States Bankruptcy Court for the District of South Carolina's decision refusing to reopen Mr. Pinks' bankruptcy case. The appeal has been filed but not briefed. For that reason, it is premature to discuss any stay based on a future decision of the South Carolina Bankruptcy Court.

Respectfully submitted,

*\s\ Roy W. Arnold*