

Roy W. Arnold
Direct Phone: +1 412 288 3916
Direct Fax: +1 412 288 3063
Email: rarnold@reedsmith.com

Reed Smith LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222-2716
Tel +1 412 288 3131
Fax +1 412 288 3063
reedsmith.com

March 2, 2015

**VIA ECF**

Hon. Magistrate Judge Ronald L. Ellis
Daniel Patrick Moynihan
United States Courthouse
Courtroom 11C
500 Pearl Street
New York, NY  10007

**Re: Pinks v. M&T Bank Corporation,**
    **Index No. 13-cv-1730-LAK-RLE (S.D.N.Y.)**

Dear Magistrate Judge Ellis:

In his putative class action Complaint, Plaintiff Jerry Pinks, a South Carolina resident, asserts a claim for violation of § 36-9-613 and § 36-9-614 of the South Carolina Code.  Plaintiff Pinks seeks to represent a class of South Carolina residents as well as a putative nationwide or multi-state class (or subclasses) of residents of other States asserting claims under parallel State laws.  He asserted jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

On October 30, 2014, Defendant M&T Bank Corporation filed a Motion for Partial Judgment on the Pleadings (the "Pending Motion") demonstrating that Plaintiff Pinks lacks Article III standing to assert any claims under any State law other than the law of South Carolina.  *See* Dkt. No. 52-54.  In response, Plaintiff Pinks admitted that he lacks Article III standing to assert any non-South Carolina claims.  *See* Dkt. No. 56 & 57 at 4 ("[i]t is undisputed that [Plaintiff] would lack Article III standing to bring a UCC claim under any other states' laws in his own right.").  The remainder of Plaintiff's response focuses on so-called "class standing," which is a separate and discrete inquiry independent from Article III standing.  *Id.*  M&T's Pending Motion is *sub judice* as of November 24, 2014.

We are writing to inform the Court that on Thursday, February 26, 2015, M&T supplied Plaintiff's counsel with data demonstrating that there is substantially less than $5,000,000 potentially at issue with respect to the potential claims of South Carolina customers in this case.  As we informed the Court at the February 17, 2015 status conference, M&T has spent several months collecting information to ascertain the potential amount in controversy in order to initially foster a potential settlement dialogue and to resolve Plaintiff's discovery demands.  Indeed, we informed Mr. Gsvoski in October, 2014, in early December, 2014, and in late January, 2015 of the pendency of this ongoing effort.  As a result of these efforts, which included the manual examination of documents pertaining to hundreds of South Carolina transactions, it is now clear that M&T's Motion involves not only a threshold Article III issue but it also raises an issue that, if the Court grants the Pending Motion, will require that this Court dismiss Plaintiff's Complaint for lack of jurisdiction due to insufficient amount in controversy to support

NEW YORK ♦ LONDON ♦ HONG KONG ♦ CHICAGO ♦ WASHINGTON, D.C. ♦ BEIJING ♦ PARIS ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ PHILADELPHIA ♦ SHANGHAI ♦ PITTSBURGH ♦ HOUSTON
SINGAPORE ♦ MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ SILICON VALLEY ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ ATHENS ♦ KAZAKHSTAN

US_ACTIVE-121176772.1-RWARNOLD 03/02/2015 2:35 PM

ReedSmith

March 2, 2015
Page 2

CAFA jurisdiction under 28 U.S.C. § 1332(d)(2). No other basis for federal jurisdiction has been alleged and none exists. Dkt. No. 1 (Complaint) at ¶¶ 5-8. M&T is advising the Court of this information promptly after advising Plaintiff's counsel in order to aid the Court in fulfilling its duty to determine whether it has jurisdiction.

In light of the fact that there is a significant question regarding whether subject matter jurisdiction will exist in this case, M&T respectfully submits that the Court should immediately stay the existing pretrial schedule pending the Court's ruling on the Pending Motion and a determination as to whether it has jurisdiction to proceed beyond deciding the Pending Motion. *See, e.g., Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72-73 (S.D.N.Y. 2013) (granting a stay pending resolution of a dispositive motion and acknowledging "the Court's obligation not to proceed unnecessarily with merits discovery in a case over which the Court may lack subject matter jurisdiction."). Accordingly, M&T will be filing today a Motion to Stay and/or to Extend requesting that the Court stay this action pending these decisions. The dispositive nature of the Pending Motion only became apparent recently. We asked Plaintiff's counsel to consent to a stay, but they refused. Rather than cause the parties and the Court to expend additional resources and time on other pretrial matters in a case where the Court's jurisdiction is in serious question, M&T believes it makes much more sense to focus on the dispositive, jurisdictional issue. If the Court would find it helpful, we are prepared to present oral argument, either in person or via telephone conference.

Respectfully submitted,

*/s/ Roy W. Arnold*
Roy W. Arnold

cc: Steven Cooper, Esquire
Justin J. Kontul, Esquire
Daniel Gsovski, Esquire
Kathy Lindsay, Esquire
Philip Fairbanks, Esquire
Frederick Corley, Esquire