

March 2, 2015

Daniel V. Gsovski
Direct Dial 212: 471-8512
dgsovski@herzfeld-rubin.com

**BY ECF**
Hon. Ronald L. Ellis

    **Re: Pinks v. M&T Bank Corp., 1:13-cv-1730 LEK-RWE (S.D.N.Y.)**

Dear Magistrate Judge Ellis:

  On behalf of plaintiff Jerry Pinks, we write to request an immediate telephonic hearing on this letter motion, by which we are seeking an order compelling defendant M&T Bank Corp. ("M&T") to respond to the two designated discovery requests set forth as items 1 and 2 on page 5 of our proposed discovery stipulation (Exhibit 1), on or before the class discovery cutoff date of March 10, 2015. This proposal was rejected by letter of M&T on February 26, 2015 (Exhibit 2), to which we responded on February 27, 2015 (Exhibit 3).

  Since the status conference before Your Honor on February 17, 2015, the parties have come to agreement on the nature and availability of M&T records from which the form of notice sent to individual class members and the "cash price" and "finance charges" figures needed to compute statutory damages can be ascertained as to each member of the putative multistate class. See Exhibit 2.

  Plaintiff has also received exemplar South Carolina Notices of Disposition, a declaration stating the dates of usage of the Notices in South Carolina, and an M&T spreadsheet which collects this information and certain transactional data and presents it as to each putative member of the class in South Carolina. There is no dispute that equivalent information for non-South Carolina claims, going back 6 years prior to the commencement of this lawsuit, is in the possession, custody or control of M&T and has been preserved during the pendency of this litigation. We are tendering defense counsel a stipulation covering these issues and addressing CAFA jurisdictional requirements as to which there is no dispute.

  The remaining "bone of contention" between the parties centers on the minimal multistate "Class Discovery" proposed at Exhibit 1, p 5, items 1 and 2. M&T continues to refuse to provide any non-South Carolina information at this time, citing the pendency of its motion under Rule 12(c), seeking to limit the putative class *ab initi*o to South Carolina. *See,* Exhibit 2, pp.2-4. We view this stance as directly contrary to Your Honor's repeated statements at the February 17, 2015 Status Hearing that nothing in Your Honor's Discovery Order of October 20, 2014 (Dkt. # 51) provided such a limitation, and your oral directive that the geographic scope of class discovery is to be commensurate with the class pleaded in the Complaint, which Plaintiff will be seeking to certify.

HERZFELD & RUBIN, P.C.
1225 FRANKLIN AVE, SUITE 315
GARDEN CITY, NY 11530
TELEPHONE: 212-471-3231

CHASE KURSHAN HERZFELD & RUBIN, LLC
354 EISENHOWER PARKWAY, SUITE 1100
LIVINGSTON, NJ 07039-1022
TELEPHONE: 973-535-8840

HERZFELD & RUBIN, LLP
1925 CENTURY PARK EAST
LOS ANGELES, CA 90067
TELEPHONE: 310-553-0451

RUBIN MEYER DORU & TRANDAFIR
SOCIETATE CIVILA DE AVOCATI
7. STRADA PUTUL CU PLOPI
BUCHAREST 1, ROMANIA
TELEPHONE: (40) (21) 311-1460

Hon. Ronald L. Ellis
March 2, 2015
Page 2



  The two discovery requests at issue have been substantially pared down so as not to impose any significant production burden or time constraints on M&T. We rely upon our letter dated February 27, 2015, Exhibit 3, explaining why those two items are appropriate and necessary under Rule 23. In fact, M&T's correspondence makes no claim of undue burden, but refuses such discovery solely on doctrinal grounds stemming from its pending motion – grounds which Your Honor rejected at the status conference.

  We have just received M&T's letter of today to stay discovery (Dkt. # 73) pending resolution of its Rule 12(c) Motion, and amended letter (Dkt. # 74), and are awaiting its separate Motion to Stay which has not yet been filed.  However, we previously indicated to M&T in our letter of February 27, 2015, (Exhibit 3) that we were opposed to M&T's proposal to a joint motion that discovery and certification motion practice be stayed pending a resolution of its s Rule 12(c) Motion. If the Court does wish to hold the telephonic hearing, we would like an opportunity to respond to M&T's letter requesting the stay.

  We look forward to further discussing and hopefully resolving these issues at the requested hearing.

                Respectfully,

                /s/ *Daniel V. Gsovski*
                Daniel V. Gsovski (dg4413)
                Counsel for Plaintiff Jerry Pinks

cc: All counsel (by ECF)

Hon. Ronald L. Ellis
March 2, 2015
Page 3

