

**Herzfeld & Rubin, P.C.**
ATTORNEYS AT LAW
125 BROAD STREET, NEW YORK, NY 10004   TEL 212 471-8500   FAX 212 344-3333   WWW.HERZFELD-RUBIN.COM

March 3, 2015

Daniel V. Gsovski
Direct Dial 212: 471-8512
dgsovski@herzfeld-rubin.com

BY ECF
Hon. Ronald L. Ellis
    Re: Pinks v. M&T Bank Corp., 1:13-cv-1730 LEK-RWE (S.D.N.Y.)

Dear Magistrate Judge Ellis:

    I write on behalf of Plaintiff Jerry Pinks to make clear that we do not see our request for a telephone conference on our letter motion to compel discovery (Dkt. # 75) as mooted or preempted by M&T's Motion to Stay and/or Extend. (Dkt. # 76)  To bring both matters forward for prompt decision, we are prepared to address M&T's Motion to Stay at the requested telephone hearing.  To that end we waive filing opposition papers to the stay Motion.

    Instead, we will rely on oral argument to be presented at the hearing and our statements at Dkt. # 75-3 at 2-4, which espouse Judge Kaplan's view that a district court's deferral of jurisdictional issues under circumstances such as those at bar is "comfortably within the bounds of its discretion." *In re Zyprexa Products Liability Litig.,* 594 F.3d 113, 127 (2nd Cir. 2010)(Kaplan, J., concurring), and the points outlined below.

    We first note that M&T is not merely asking for additional time to complete discovery or otherwise to comply with this Court's directives.  Rather, it is seeking to exploit its pending Rule 12(c) Motion (Dkt. # 52) as a roadblock to the multi-state discovery ordered by this Court.  Even the underlying Motion is suspect as to its timing, as M&T did not raise this supposedly fundamental "jurisdictional" challenge for nearly two years after moving to dismiss under Rule 12(b)(6) (Dkt. # 7) and not until after the Court issued its Discovery Order on October 20, 2014 (Dkt. # 51) denying M&T's request to postpone multi-state discovery.  This dilatory approach was repeated as to the Rule 12(c) Motion itself, by M&T's holding back its stay Motion until virtually the eve of this Court's discovery cutoff – and until after this Court rejected M&T's attempt to read a "South Carolina only" discovery limitation into the October 20, 2014 Discovery Order.   The surreal result is a stay Motion filed more than four months after the Rule 12(c) Motion which supposedly necessitates it.

    In short, the Motion to Stay and/or Extend should be denied, and the minimal non-South Carolina class discovery in dispute – two simple requests, for templates and numbers of notices used in various states – should be ordered forthwith, so that both pending Motions, on "class standing" and class certification, will be ripe for due consideration.

                             Respectfully,

                             /s/ *Daniel V. Gsovski*
                             Daniel V. Gsovski (dg4413)
                             Counsel for Plaintiff Jerry Pinks

cc: All counsel (by ECF)

HERZFELD & RUBIN, P.C.
1225 FRANKLIN AVE, SUITE 315
GARDEN CITY, NY 11530
TELEPHONE: 212-471-3231

CHASE KURSHAN HERZFELD & RUBIN, LLC
354 EISENHOWER PARKWAY, SUITE 1100
LIVINGSTON, NJ 07039-1022
TELEPHONE: 973-535-8840

HERZFELD & RUBIN, LLP
1925 CENTURY PARK EAST
LOS ANGELES, CA 90067
TELEPHONE: 310-553-0451

RUBIN MEYER DORU & TRANDAFIR
SOCIETATE CIVILA DE AVOCATI
7, STRADA PUTUL CU PLOPI
BUCHAREST I, ROMANIA
TELEPHONE: (40) (21) 311-1460