

**HERZFELD & RUBIN, P.C.**
ATTORNEYS AT LAW
125 BROAD STREET, NEW YORK, NY 10004   TEL 212 471-8500   FAX 212 344-3333   WWW.HERZFELD-RUBIN.COM

March 9, 2015

**Daniel V. Gsovski**
Direct Dial 212: 471-8512
dgsovski@herzfeld-rubin.com

**BY ECF**
**Hon. Ronald L. Ellis**

     **Re: Pinks v. M&T Bank Corp., 1:13-cv-1730 LEK-RWE (S.D.N.Y.)**

Dear Magistrate Judge Ellis:

     On behalf of Plaintiff Jerry Pinks, we write to apprise the Court of the Second Circuit's decision in *Johnson v. Nextel Communications, Inc.* (Dkt. No. 14-454), issued March 4, 2015 ("Slip. Op."), copy attached.  We tender this decision as supplemental authority in opposition to Defendant M&T Bank Corp.'s ("M&T's) pending Motion for Partial Judgment on the Pleadings, Dkt. # 52.

     M&T's pending Motion rests on the notion that, because Mr. Pinks' claim arises under the laws of South Carolina, this Court is without power to certify a class including persons from other states, as a matter of federal subject matter jurisdiction under Article III of the Constitution. According to M&T, "[Plaintiff] . . . lacks [Article III] standing to pursue any claim under the laws of states in which he does not reside or in which he suffered no alleged injury." Dkt. # 53. at 1.

     Yet, in *Nextel,* the jurisdictional facts were the same as in the instant case: six New Jersey residents had been certified as class representatives of a 27 state class, based upon state law breach of contract and tort claims, arising under New Jersey's and "twenty-six other states' substantive law." Slip. Op. at 30. The Second Circuit vacated and remanded, finding that substantive disparities in state law prevented the class from satisfying the predominance and manageability criteria of Fed.R.Civ.P. 23(b)(3).  The Circuit reached this conclusion based solely on Rule 23. This, we submit, is fatal to M&T's argument.

     "[E]very federal court, whether trial or appellate, is obliged to notice want of subject matter jurisdiction on its own motion." *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 132 n.1, (1995) (Ginsburg, J., concurring). See also, Fed. R. Civ. P. 12(h)(3). Yet, there is no mention in *Nextel* of any "Article III standing" jurisdictional barrier barring New Jersey residents from suing on behalf of residents of other states with respect to their various state law claims. Nor does the remand in *Nextel* restrict the class to New Jersey residents, as M&T's theory would require. Instead, as the Circuit explains,

> [t]he application of multiple states' laws does not in and of itself preclude class certification … For example, where there is no material conflict between the states' laws, the court may apply the law of the forum state. … In addition, if the forum state's choice-of-law rules require the application of only one state's laws to the entire class, then the representation of multiple states within the class does not pose a barrier to class certification.  ." (*Nextel*, Slip. Op. at 28) (citations omitted)

This case fits the above paradigm for multistate class certification exactly, in that identical form documents are alleged to violate  the same state statutes, leading to identically computed damages, and the forum state (New York) applies its own law where there is no conflict.  We submit that

HERZFELD & RUBIN, P.C.
1225 FRANKLIN AVE, SUITE 315
GARDEN CITY, NY 11530
TELEPHONE: 212-471-3231

CHASE KURSHAN HERZFELD & RUBIN, LLC
354 EISENHOWER PARKWAY, SUITE 1100
LIVINGSTON, NJ 07039-1022
TELEPHONE: 973-535-8840

HERZFELD & RUBIN, LLP
1925 CENTURY PARK EAST
LOS ANGELES, CA 90067
TELEPHONE: 310-553-0451

RUBIN MEYER DORU & TRANDAFIR
SOCIETATE CIVILA DE AVOCATI
7. STRADA PUTUL CU PLOPI
BUCHAREST I, ROMANIA
TELEPHONE: (40) (21) 311-1460

Hon. Ronald L. Ellis
March 9, 2015
Page 2



*Nextel's* Rule 23 teachings are dispositive, and M&T's "Article III standing" notions are irrelevant, as *Nextel* itself clearly demonstrates.

                                                 Respectfully,

                                                 /s/ *Daniel V. Gsovski*
                                                 Daniel V. Gsovski (dg4413)
                                                 Counsel for Plaintiff Jerry Pinks

cc: All counsel (by ECF)

Hon. Ronald L. Ellis
March 2, 2015
Page 3

