

**Roy W. Arnold**
Direct Phone: +1 412 288 3916
Direct Fax: +1 412 288 3063
Email: rarnold@reedsmith.com

Reed Smith LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222-2716
Tel +1 412 288 3131
Fax +1 412 288 3063
reedsmith.com

March 13, 2015

**VIA ECF**

Hon. Magistrate Judge Ronald L. Ellis
Daniel Patrick Moynihan
United States Courthouse
Courtroom 11C
500 Pearl Street
New York, NY  10007

Re:  **Pinks v. M&T Bank Corporation,**
       **Index No. 13-cv-1730-LAK-RLE (S.D.N.Y.)**

Dear Magistrate Judge Ellis:

On behalf of Defendant M&T Bank Corporation ("M&T"), we write in response to Plaintiff's March 9, 2015 letter (Dkt. 81) citing *Johnson v. Nextel Communications, Inc.*, No. 14-454, 2015 US. App. LEXIS 3470 (2d Cir. Mar. 4, 2015) as purported "supplemental authority in opposition" to M&T's pending Motion for Partial Judgment on the Pleadings (Dkts. 52-54) (the "Pending Motion"). *Johnson* is factually inapposite and legally irrelevant to M&T's Pending Motion. M&T regrets that it is compelled to respond to yet another letter from Plaintiff's counsel. Indeed, Plaintiff's March 9 letter continues Plaintiff's pattern of filing inapposite and irrelevant "supplemental authority" in an apparent attempt to delay a ruling on M&T's Pending Motion or to confuse and obfuscate the issue before the Court. *See, e.g.,* Dkts. 65-69. Notwithstanding these tactics, Plaintiff does not dispute that, upon the granting of M&T's Pending Motion, this Court will lack subject matter jurisdiction due to an insufficient amount in controversy over Plaintiff's South Carolina claim, whether pursued individually or on behalf of a putative class of South Carolina residents. *See* Dkts. 73-74, 76-77. As previously explained, this Court should grant M&T's Pending Motion and dismiss Plaintiff's South Carolina claim for lack of jurisdiction.

M&T's Pending Motion seeks dismissal of the claims asserted by Plaintiff under the laws of States other than South Carolina due to a lack of Article III standing. (Dkts. 52-54). The *Johnson* opinion submitted by Plaintiff does *not* consider, discuss or adjudicate any Article III standing issue. The *Johnson* opinion does *not* provide any holding or instruction that would impact this Court's analysis of the issue before the Court. The opinion does *not* even contain any *dicta* relevant to the Court's analysis. Inexplicably, Plaintiffs now seek to infer some authority or guidance from the fact that the Court of Appeals did not issue any ruling pertaining to the Article III issue raised in this Court. Plaintiff's counsel's suggestion is nonsensical and the *Johnson* case does not in any way affect the numerous "on point" decisions cited by M&T. Dkt. 53 at 7-8. Further, Plaintiff's assertion that "in *Nextel*, the jurisdictional facts were the same as in the instant case: six New Jersey residents had been certified as class representatives of a 27 state class, based upon state law breach of contract and tort

ReedSmith

March 13, 2015
Page 2

claims, arising under New Jersey's and 'twenty six other states' substantive law" (Dkt. 81 at 1) is a demonstrable mischaracterization of the *Nextel* case. The *Johnson* plaintiffs asserted several state common law causes of action against the defendants. *Johnson*, 2015 US. App. LEXIS 3470, *8-10, n.6. In an earlier appeal in the *Johnson* case, the Second Circuit determined, at the Rule 12(b)(6) stage, that New York law governed the plaintiffs' claims. *Id.* at *8-9; *see also Johnson v. Nextel Communications, Inc.*, 660 F.3d 131, 137-38 (2d Cir. 2011).[1] When seeking class certification, the plaintiffs argued (and the trial court agreed) that New York law formed the basis for the claims of the plaintiffs and the putative class. *Johnson v. Nextel Communications, Inc.*, 293 F.R.D. 660, 673-74 (S.D.N.Y. 2013). On appeal, the Second Circuit conducted the required choice of law analysis and held that the individual claims of the plaintiffs and the putative class members must be analyzed under the laws of each individual putative class member's home state and not merely New York law. *Johnson*, 2015 US. App. LEXIS 3470, *27-49. Examining these laws, the Second Circuit held that class certification was inappropriate and reversed the trial court's order granting class certification because "the application of the different jurisdictions' laws therefore renders individual issues predominant and undercuts the superiority of trying the common issues on a classwide basis." *Id.* at *48.

Unlike the *Johnson* case, Plaintiff Pinks seeks to assert (impermissibly) claims under various State laws other than South Carolina. Dkt. 1 (Compl.) ¶¶ 1, 18-21, 26; *see also* Dkt. 56 at 6 (Pinks acknowledging that he asserts claims under South Carolina and "*other states' versions of the UCC*") (emphasis added). As set forth in M&T's Pending Motion, Plaintiff's non-South Carolina claims should be dismissed because he admittedly lacks Article III standing to assert those claims. Dkts. 52-54; Dkts. 56 & 57 at 4 ("[i]t is undisputed that [Plaintiff] would lack Article III standing to bring a UCC claim under any other states' laws in his own right"). The Article III standing issue that forms the basis for M&T's Pending Motion was not presented or addressed in the *Johnson* case. Therefore, *Johnson* is factually and legally irrelevant to the Pending Motion and does not support Plaintiff's argument that he should be allowed to pursue State law claims (*i.e.*, non-South Carolina claims) that he does not personally possess.

Respectfully submitted,

Roy W. Arnold

---

[1] The *Johnson* action was filed in New Jersey state court but removed and transferred to the United States District Court for the Southern District of New York. *Johnson*, 2015 US. App. LEXIS 3470, at *8-9. After conducting a New Jersey choice of law analysis and determining that there was no conflict between the laws of New Jersey and New York, the Second Circuit held that the trial court should apply its own (New York) law to the case. *Id.* The defendants did not raise any issue as to whether the named plaintiffs possessed Article III standing to assert each of the causes of action asserted.