

**Roy W. Arnold**
Direct Phone:  +1 412 288 3916
Direct Fax:  +1 412 288 3063
Email:  rarnold@reedsmith.com

Reed Smith LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222-2716
Tel +1 412 288 3131
Fax +1 412 288 3063
reedsmith.com

September 8, 2015

**VIA ECF**

Hon. Magistrate Judge Ronald L. Ellis
United States Courthouse
Courtroom 11C
500 Pearl Street
New York, NY  10007

**Re:  Pinks v. M&T Bank Corporation,**

   **Index No. 13-cv-1730-LAK-RLE (S.D.N.Y.)**

Dear Magistrate Judge Ellis:

Plaintiff apparently will seek to reverse the Report and Recommendation ("R&R") that Your Honor entered on September 2, 2015.  (Dkt. #89).  As a professional courtesy, we consented to an extension of the deadline for Plaintiff to file objections to the R&R.

Plaintiff may assert any and all of his objections to the R&R by filing timely objections.  Judge Kaplan will then consider any such objections and decide the issues *de novo* as he deems appropriate.  Under the applicable federal statute and Federal Rule of Civil Procedure, the objection process is specifically set forth so that a party has the opportunity to raise his or her objections with the district court.  *See* Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1).  The ultimate disposition of the Motion for Partial Judgement on the Pleadings ("Motion") rests with Judge Kaplan by statute and rule.

Plaintiff here seeks to create a parallel track in which he simultaneously files objections before Judge Kaplan and seeks reconsideration before Your Honor.  Allowing Plaintiff to create such parallel tracks will:  (i) cause unnecessary expense because briefing will be necessary in both tracks; (ii) cause potential delay as the parallel decision−making processes occur; (iii) waste judicial resources by requiring additional, redundant consideration by both Judges because Plaintiff will undoubtedly raise the same objections before Judge Kaplan (or risk waiving them); and (iv) be unproductive ultimately because, regardless of any outcome on the purported reconsideration track, Judge Kaplan would still be required to decide the standing issues raised by the Motion.  Further, upon denial of any purported reconsideration request, Plaintiff will undoubtedly seek to file objections from that ruling seeking to further revisit the issues and prolong the process unnecessarily.  The Motion was extensively briefed before Your Honor and the R&R was issued.  The issues are now before Judge Kaplan to be decided based upon Plaintiff's forthcoming objections and M&T's response thereto.

ABU DHABI ♦ ATHENS ♦ BEIJING ♦ CENTURY CITY ♦ CHICAGO ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG ♦ HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MUNICH ♦ NEW YORK ♦ NORTHERN VIRGINIA PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ WASHINGTON, D.C. ♦ WILMINGTON



September 8, 2015
Page 2


      Accordingly, contrary to Plaintiff's suggestion, "considerations of orderly procedure" actually weigh heavily in favor of rejecting his attempt to create a separate "reconsideration" track with his extension request.  In short, both proposed tracks lead to the same destination−Judge Kaplan−and the matter should be promptly presented to him for decision.  Plaintiff has the right and ability−particularly in light of M&T's consent to the extension of the time to file objections−to raise all of his objections directly with Judge Kaplan.


Respectfully submitted,


Roy W. Arnold