

**Roy W. Arnold**
Direct Phone:  +1 412 288 3916
Direct Fax:  +1 412 288 3063
Email:  rarnold@reedsmith.com

Reed Smith LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222-2716
Tel +1 412 288 3131
Fax +1 412 288 3063
reedsmith.com

September 9, 2015

**VIA ECF**

Hon. Magistrate Judge Ronald L. Ellis
United States Courthouse
Courtroom 11C
500 Pearl Street
New York, NY  10007

**Re:  Pinks v. M&T Bank Corporation,
Index No. 13-cv-1730-LAK-RLE (S.D.N.Y.)**

Dear Magistrate Judge Ellis:

  We write in response to Plaintiff's September 9, 2015 letter filed earlier today.  (Dkt. 93). Plaintiff's attempt to extend the deadline for the filing of a motion for reconsideration of Your Honor's September 2, 2015 Report and Recommendation (Dkt. 89) ("R&R") is misguided and should be rejected.  In support of his request, Plaintiff cites (for the first time on reply) various clearly distinguishable cases that tolled the deadline for the filing of objections during the pendency of a motion for reconsideration to an order issued by a Magistrate Judge ***under Fed. R. Civ. P. 72(a)***.  However, unlike the cases cited by Plaintiff, the R&R here relates to a dispositive motion, which is governed by Fed. R. Civ. P. 72(b).  Fed. R. Civ. P. 72(a) is wholly inapplicable here.  Plaintiff has failed to cite a single case supporting the proposition that the deadline for the filing of objections is tolled during the pendency of a motion for reconsideration of a report and recommendation issued by a Magistrate Judge pursuant to Fed. R. Civ. P. 72(b).  And, our research has revealed no such case in the Second Circuit allowing tolling under Fed. R. Civ. P. 72(b) with respect to a dispositive motion.  Of course, it makes perfect sense that tolling would not be available in these circumstances where a *de novo* appeal is available.  Unlike Fed. R. Civ. P. 72(a), which provides that a district judge may "set aside any part of the order that is clearly erroneous or is contrary to law," Fed R. Civ. P. 72(b) provides that the district judge "***must determine de novo*** any part of the magistrate judge's disposition that has been properly objected to."  *Compare* Fed R. Civ. P. 72(a) *with* Fed. R. Civ. P. 72(b) (emphasis added).  A motion for reconsideration, therefore, is unnecessary because the District Judge engages in *de novo* review under Fed. R. Civ. P. 72(b), and does not apply the more deferential standard under Fed. R. Civ. P. 72(a).[1]

---

[1]   As Plaintiff's own cited case makes clear:  "A motion for reconsideration is not an opportunity to present facts that were known to the party on the earlier motion, nor new legal theories in place of the ones used earlier that did not prevail.  Nor may the party merely reiterate or repackage an argument previously rejected by the court; that argument is for appeal."  *Fox Industries, Inc. v. Gurovich*, 2005 Wl 2456896, at *1 (E.D.N.Y. Oct. 5, 2005) (internal citations omitted).  Nor can Plaintiff argue that this Court overlooked any controlling decision supporting his position.  *Id.*  He dislikes the result and, if that is the case, his recourse lies with Judge Kaplan.

ABU DHABI ♦ ATHENS ♦ BEIJING ♦ CENTURY CITY ♦ CHICAGO ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG ♦ HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MUNICH ♦
NEW YORK ♦ NORTHERN VIRGINIA PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON ♦RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦
WASHINGTON, D.C. ♦ WILMINGTON



September 9, 2015
Page 2

In his September 9, 2015 letter, Plaintiff admits that the parallel track scenario is a "train wreck" and that he is not permitted to proceed in such a manner.  He agrees that the parallel tracks are "not permissible," but he is mistaken as to the appropriate path of recourse under Fed. R. Civ. P. 72 based upon his focus on the wrong subpart of the rule and there appears to be no authority in the Second Circuit allowing the approach he advocates to forestall the *de novo* review of the R&R under Fed. R. Civ. P. 72(b).  Plaintiff's attempts to circumvent the procedure for filing timely objections to the R&R and unreasonably delay Judge Kaplan from ultimately deciding the Motion is contrary to Fed. R. Civ. P. 72 and "considerations of orderly procedure," and will result in unnecessary delay and a waste of party and judicial resources.  Therefore, Plaintiff's requested extension to seek reconsideration should be denied.

Respectfully submitted,

/s/ *Roy W. Arnold*