```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/30/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
JERRY PINKS,

                        Plaintiff,

          -against-                                  13-cv-1730 (LAK)

M&T BANK CORPORATION,

                        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

          This is a purported class action to recover statutory damages for defendant's alleged failure to comply with Sections 9-613 and 9-614 of the Uniform Commercial Code as adopted by the State of South Carolina. Defendant moves for partial judgment on the pleadings dismissing the class claims to the extent they are asserted with respect to events in states other than that of plaintiff's residence, South Carolina. In a report and recommendation dated September 2, 2015 (the "R&R"), Magistrate Judge Ronald L. Ellis recommended that the motion be granted. Plaintiff objects.

          As plaintiff concedes (Pl. Obj. at 6), the magistrate judge correctly identified the two-pronged legal standard governing the sufficiency of an allegation of class standing and correctly held that the complaint satisfies the first prong. He argues, however, that the R&R erred as a matter of law in concluding that the second prong – whether defendant's alleged conduct "implicates 'the same set of concerns' as the conduct alleged to have caused injury to" the plaintiff. *Id.* (quoting *NECA IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 162 (2d Cir. 2012), *cert. denied*, 133 S. Ct. 1624 (2013)). The Court is constrained to agree notwithstanding that the magistrate judge's reasoning is well taken, will be considered appropriately on the class certification issue, and indeed may (though the Court does not now so decide) warrant denial of certification.

          A key point made by the R&R is that plaintiff's attempt to limit the class to persons in states that have enacted the relevant UCC sections in terms identical to those employed in South Carolina does not carry the day because, among other things, the statutes in states other than South Carolina "are nonetheless separate statutes with separate interpretive jurisprudence."[1] R&R at 8.

---

[1] Certainly there is a number of areas in which identical provisions of the Uniform Commerical Code have been construed differently in different states. *See, e.g., Cole v. Gen. Motors Corp.*, 484 F.3d 717, 726 (5th Cir. 2007) (denying class certification where plaintiffs failed to address split in state authority under various UCC provisions); Kevin C. Stemp, *A Comparative Analysis of the "Battle of the Forms,"* 15 TRANSNAT'L J. L. & CONTEMP PROBS. 243 (2005) (addressing conflicts with respect to UCC § 2-207); Paul J. Wilkinson, *An Ind. Run Around the U.C.C.: The Use (or Abuse?) of Indemnity*, 20 PEPP. L.

2

Moreover, it points out that this and other circumstances identified by it "bear directly on whether there are common issues of law and fact uniting the putative class." *Id.* at 9.

This of course all is correct. But these considerations bear on the class certification issue, not whether the plaintiff sufficiently has *alleged* claims on behalf of putative class members that implicate "'the same set of concerns' as the conduct alleged to have caused injury to" him. That he has done. Whether he will come forward with sufficient proof to warrant class certification will be another matter.

Accordingly, defendant's motion for partial judgment on the pleadings [DI 52] is denied.

SO ORDERED.

Dated: September 30, 2015

_____
Lewis A. Kaplan
United States District Judge

---

REV. 1407 (1993) ("Recent cases show a clear conflict in how courts interpret the U.C.C. statute of limitations when a party brings an indemnity claim in a case otherwise governed by the code."); David Frisch Fairfax John, *Uniform Commerical Code Annual Survey: General Provisions, Sales, Bulk Transfers, and Documents of Title,* 42 BUS. LAW. 1213, 1256 (1987) ("The division of authority on whether U.C.C. section 2-725 is controlling when the action is for indemnity is further reinforced as more courts are called upon to decide the issue.").