

Reed Smith LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222-2716
Tel +1 412 288 3131
Fax +1 412 288 3063
reedsmith.com

**Roy W. Arnold**
Direct Phone: +1 412 288 3916
Direct Fax: +1 412 288 3063
Email: rarnold@reedsmith.com

October 1, 2015

**Via ECF and Hand Delivery**

The Honorable Lewis A. Kaplan
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: Pinks v. M&T Bank Corporation
    Index No. 13-cv-1730-LAK-RLE (S.D.N.Y)

Dear Judge Kaplan:

    We are writing to request that the Court vacate its September 30, 2015 Order denying defendant's motion for partial judgment on the pleadings to permit the defendant the opportunity to file a response to plaintiff's September 29, 2015 objections to Magistrate Judge Ellis' September 2, 2015 report and recommendation ("R&R"), in accordance with Fed. R. Civ. P. 72(b)(2) ("A party may respond to another party's objections within 14 days after being served with a copy."). *See also Hynes v. Squillace*, 143 F. 3d 653, 656 (2d Cir. 1998) (referring to a party's "right" to submit a response to objections under Rule 72(b)). The timely and prompt submission of defendant's response to plaintiff's objections will permit the Court to conduct a *de novo* review in light of the parties' authorities and arguments and will not unfairly put the defendant in the position of filing a motion for reconsideration of the Court's ruling based solely on the plaintiff's arguments−arguments which did not discuss all relevant authorities. This is especially true where plaintiff included 47 pages of "exhibits" that were never previously submitted to the magistrate judge.

    While we believe the recommended disposition for lack of standing may be affirmed for the reasons articulated by Magistrate Judge Ellis, a party prevailing before a magistrate judge need not object to the magistrate judge's report and recommendation to preserve its right to argue an alternative theory in support of the recommendation. Those arguments likewise can be advanced in support of the disposition made in the recommendation. *See Souter v. Jones*, 395 F.3d 577, 586 (6th Cir. 2005) ("The interest of judicial economy would be frustrated by requiring that Souter file objections to all the adverse portions of the report, even though he prevailed on the overall recommendation."); *United States v. Willis*, 431 F.3d 709, 713 n.4 (9th Cir. 2005) ("A party prevailing before a magistrate judge need not object to the magistrate's report and recommendation in order to preserve its right to argue an alternative theory in support of the recommendation on appeal."); *Yeatts v. Angelone*, 166 F.3d 255, 264 n.5 (4th Cir. 1999) ("Although it is well settled that a party who does not prevail before the magistrate judge must object to his report, this court has held that when the state is the prevailing party in a habeas corpus proceeding, it does not waive the right to later raise a procedural bar by failing to object to the recommendation of the magistrate judge."); 32 Am. Jur. 2d Federal Courts § 147 (2015) ("[A] party

prevailing before a magistrate judge need not object to the magistrate judge's report and recommendation to preserve its right to argue an alternative theory in support of the recommendation on appeal.").

The standing issues raised by the defendant's motion for partial judgment on the pleadings are important and go to the very existence of subject matter jurisdiction. And, defendant's arguments supporting the disposition for lack of standing follow directly from decisions within the Second Circuit rendered prior to and after the Second Circuit's decision in *NECA IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F. 3d 145 (2d Cir. 2012). Directly relevant, "on point" decisions rendered prior to *NECA* include *Simington v. Lease Fin. Grp.*, LLC, No. 10 Civ. 6052(KBF), 2012 WL 651130, at *9 (S.D.N.Y. Feb. 28, 2012) (dismissing nationwide class claims because plaintiffs "do not have standing to bring claims under other state statutes"); *Jurgensen v. Felix Storch, Inc.*, No. 12 Civ. 1201 (KBF), 2012 WL 2354247, at *10 (S.D.N.Y. June 14, 2012) (following *Simington* and stating that "[i]t is well settled that plaintiff does not have standing to bring claims . . . other than . . . [in] the state where she resides"); *Gunther v. Capital One, N.A.*, 703 F. Supp. 2d 264, 274-75 (E.D.N.Y. 2010) (rejecting argument that class action plaintiff "should be permitted to assert [state-law claims] on behalf of other putative class members" and agreeing with "prevailing authority" that plaintiff lacks standing to assert such claims); *Temple v. Circuit City Stores, Inc.*, No. 06 CV 5303(JG), 2007 WL 2790154, at *8 (E.D.N.Y. Sept. 25, 2007) (dismissing claims arising under the laws of states other than the state in which plaintiffs were residents due to a lack of standing); *Parks v. Dick's Sporting Goods, Inc.*, No. 05-CV-6590 (CJS), 2006 WL 1704477, at *2 (W.D.N.Y. June 15, 2006) (dismissing nationwide class claims and noting that "[i]n a proposed class action, it is the named plaintiffs who must demonstrate that they have standing to pursue the claims alleged in the complaint").

And, directly relevant, "on point" decisions rendered after *NECA* include: *In re Aggrenox Antitrust Litig.*, No. 3:14-md-2516 (SRU), 2015 WL 1311352, at *19 (D. Conn. Mar. 23, 2015); *In re HSBC, USA, N.A., Debit Card Overdraft Fee Litig.*, 1 F. Supp. 3d 34, 49 (E.D.N.Y. 2014); *Oklahoma Police Pension & Ret. Sys. v. U.S. Bank Nat'l Ass'n,* 986 F. Supp. 2d 412, 418-19 (S.D.N.Y. 2013). In *NECA*, unlike this case, there was no dispute between the parties that the plaintiff possessed Article III standing in his own right to assert the federal securities law claims – the only claims he asserted. *NECA*, 693 F.3d at 148.

Before the defendant is forced to incur the additional costs and burdens of addressing any class certification issues, we ask that we be permitted to respond in accordance with Federal Rule of Civil Procedure 72(b)(2) or within such other time as the Court may direct. Affording our client such an opportunity will not unreasonably delay these proceedings and will ultimately serve the interests of justice by allowing the Court to consider all relevant authorities bearing on the issues raised in the motion for partial judgment on the pleadings. Moreover, by affording our client this opportunity to be heard, the Court may very well conserve judicial resources in the long run. Accordingly, we respectfully request the opportunity to be heard before the Court issues any *de novo* determination.

Respectfully submitted,


*Roy W. Arnold*