# United States District Court
# Southern District of New York

JERRY PINKS,
  individually and on behalf of others
  similarly situated,
*Plaintiffs,*

                    *-against-*

M & T BANK CORP.,
*Defendant.*

No.: 1:13-cv-1730 – LAK-RLE

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO**

**DEFENDANT'S "MOTION FOR RECONSIDERATION . . ." (Dkt. #103)**

**HERZFELD & RUBIN, P.C**.
Daniel V. Gsovski (dg4413)
125 Broad Street
New York, New York 10004-1300
Telephone: (212) 471-8512
E-mail: dgsovski@herzfeld-
rubin.com
ATTORNEYS FOR PLAINTIFF
(additional counsel on signature
page)

October 24, 2014

## INTRODUCTION

Plaintiff Jerry Pinks ("Pinks") opposes Defendant M&T Bank Corp.'s ("M&T's") Motion for Reconsideration (DI 103, 104) of this Court's Order (DI 98) denying M&T's Motion for Partial Judgment on the Pleadings. (DI 52, 53)

## SUMMARY OF ARGUMENT

M&T styles its current Motion a "Motion for Reconsideration of September 30, 2015, Order and/or Response to Plaintiff's Objections to September 2, 2015, Report and Recommendation." (DI 103,104)   Insofar as it responds to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation ("R&R" DI 89), M&T's submission has been mooted by this Court's Order sustaining those objections.  Thus, the only avenue open to M&T at this point is a motion for reconsideration pursuant to Local Civil Rule 6.3 ("Rule 6.3").  This matters little, however, as M&T's filing is baseless from any perspective.

 "A party seeking reconsideration may neither repeat 'arguments already briefed, considered and decided,' nor 'advance new facts, issues or arguments not previously presented to the Court.'" *Schoolcraft v. City of New York,* 2015 WL 5542770, at *2 (S.D.N.Y. Sep. 18, 2015), quoting *Schonberger v. Serchuck,* 742 F.Supp. 108, 119 (S.D.N.Y. 1990). A motion for reconsideration is "not a vehicle for relitigating old issues…or otherwise taking 'a second bite at the apple.'" *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2nd Cir. 1998). The motion "should not be granted where the moving party is solely attempting to litigate an issue that has already been decided." *New York v. Parenteau,* 382 F.Appx. 49, 50 (2nd Cir. 2010). As this Court has ruled:

> Reconsideration would be warranted only if the Court had overlooked controlling or persuasive authority or misapprehended the facts. Movants' memorandum suggests neither. Movants simply disagree with the decision. That is the basis for an appeal but not for reconsideration.

*Faulkner v. Nat'l Geographic Soc.,* 296 F.Supp.2d 488, 490 (S.D.N.Y. 2003). *Cyrus v. City of New York,* 450 Fed.App. 24, 26 (2nd Cir. 2011) ("[Movant's] arguments to the contrary amount to a disagreement with the district court's conclusions with respect to the case law that was already before it, and accordingly the district court did not abuse its discretion in denying reconsideration.")

Here, M&T asserts the exact same arguments, relying almost entirely on case law cited and argued before the Magistrate Judge. M&T's proclamation that it "can meet the standard for reconsideration" (DI 104 at 4), cannot be squared with its claim of nothing more than legal error – "This Court's ruling . . . is clearly erroneous as a matter of law and gives rise to a manifest injustice." (*Id.*) That, as this Court has held, is ground for appeal when and if appropriate, not for reconsideration.

A reconsideration motion also requires the movant to "set forth concisely" any "controlling decisions which counsel believes the Court has overlooked." Rule 6.3. Yet M&T completely fails either to identify *any* "controlling decisions which counsel believes the Court has overlooked," or to present any argument why it believes that would be the case. *Nussbaum v. Metro-North Commuter Railroad,* 603 Fed.Appx. 10, 12-13 (2nd Cir. 2015) ("We review a district court's denial of a motion for reconsideration for abuse of discretion…In challenging the denial of [her] motion for reconsideration, [movant] fails to point to any case law or other relevant information that the district court overlooked.")

## APPLICABLE STANDARD UNDER LOCAL CIVIL RULE 6.3

The movant bears the burden under Rule 6.3 of "demonstrating" that "controlling" authority was "overlooked" that "might reasonably be expected to alter the conclusion reached by the court." *Anwar v. Fairfield Greenwich, Ltd.,* 745 F.Supp.2d 379, 382 (S.D.N.Y. 2010),

citing *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2ⁿᵈ Cir. 1995).  "[R]econsideration of a court's prior order under Local Rule 6.3 'is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of judicial resources.'" *Schoolcraft v. City of New York,* 2015 WL 5542770, at \*1*, quoting *Ferring B.V. v. Allergan, Inc.* 2013 WL 4082930, at \*1 (S.D.N.Y. Aug. 7, 2013). Accordingly, the "standard of review applicable to such motions is 'strict.'" *Schoolcraft, id.,* quoting *Shrader v. CSX Transp., Inc.,* 70 F.3d at 257.

## ARGUMENT

### I.  M&T'S MOTION FOR RECONSIDERATION FAILS

#### A.  *M&T Fails to Meet the Standard for Relief Under Local Civil Rule 6.3 Because its Memorandum is an Appeal, Not a Proper Request for Reconsideration.*

M&T cites *Anwar v. Fairfield Greenwich Ltd.,* 745 F.Supp.2d at 382 to support its assertion that "[r]econsideration is justified, by among other things, 'the need to correct a clear error or to prevent manifest injustice.'"[1] (DI 104 at 4)  This quote ignores the immediately following language in *Anwar*, which applies directly to the present situation:

> "The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided. . . . A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously decided issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment.

*Anwar v. Fairfield Greenwich, Ltd.,* 745 F.Supp.2d at 382 (internal citations omitted).  But that is exactly what M&T's Motion does. M&T's "reconsideration" Motion rests entirely on arguments previously submitted in support of M&T's "dissent" from this Court's interpretation and

---

[1]  The full quote from *Anwar* is: "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Anwar,* 745 F.Supp.2d at 382, quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2ⁿᵈ Cir. 1992).

application of *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.,* 693 F.3d 145 (2d Cir. 2012).

  Much of the overlap between the present Motion and its previous briefing is literal, starting with the first argument heading in M&T's Memorandum – "Plaintiff lacks Article III standing to assert claims under the laws of any state other than South Carolina." (DI 104 at 5-7) This argument, in those exact words, first appeared as the heading at page 3 of its initial Memorandum in Support of its Rule 12(c) Motion, filed approximately a year ago. (DI 53 at 3-8) Unsurprisingly, M&T's present argument includes citations to the same twenty-three decisions previously relied on in that brief, no more and no less.

  M&T also asserts that "Plaintiff previously has argued that even if the Court does not apply the Second Circuit's three-pronged standing test, a so-called 'Rule 23 approach' somehow cures his lack of Article III standing to bring claims under the laws of states other than South Carolina" under the heading "Plaintiff cannot use Federal Rule of Civil Procedure 23 to Circumvent the Article III standing requirement." (DI 104 at 14-15) This contention is a substantive clone of its prior claims that "Plaintiff's lack of Article III standing for non-South Carolina claims cannot be cured through Plaintiff's assertion of 'class standing'" (DI 58 at 2-9), and that "[t]he 'Rule 23 approach' has been rejected by the Second Circuit." (*Id.* at 9-10)  Of the seven cases cited in support of this argument in this Memorandum (DI 104 at 14-15), six appear in both the index of its Reply brief (DI 58 at *ii-iii*) and in its initial Brief (DI 53 at *ii-iv*.)  The seventh, *In re Aggrenox,* 2015 WL 1311352 (D. Conn. Mar. 23, 2015) cited for the first time in the present Memorandum (DI 104 at 12, 15), was issued five months prior to the R&R, but never called to the Magistrate Judge's attention.

4

Finally, in another section in its Memorandum M&T contends that "Plaintiff cannot ignore the threshold Article III standing requirement as to each claim he asserts by alleging class standing." (DI 104 at 8-14)  This section merely restates M&T's previously argued interpretation of *NECA-IBEW* and its progeny, an interpretation rejected in the challenged Order in which the Court determined *NECA-IBEW* is controlling, and applied its two pronged test for class standing to Mr. Pinks' Complaint. (DI 98 at 2)  However unhappy it may be with this Court's reading of *NECA-IBEW* in the Order, M&T can hardly claim that decision was "overlooked."

**B.**   ***M&T's Memorandum Also Fails to "Set Forth Concisely" Any "Controlling Decisions Which Counsel Believes the Court Has Overlooked" As Required by Local Civil Rule 6.3.***

M&T asserts that after *NECA-IBEW* the district courts within the Second Circuit have consistently rejected application of *NECA-IBEW* in multi-state class actions. (DI 104 at 10)  However, M&T never once claims that *any* of the four decisions it cites in support of this proposition was "overlooked" by this Court. (DI 104 at 11-13)

Indeed, it would be difficult for M&T to credibly argue that at least one of these four decisions, *In re HSBC Bank, U.S.A., N.A., Debit Card Overdraft Fee Litig.,* 1 F. Supp.3d 34 (E.D.N.Y. 2014) (DI 104 at 11-12), has been "overlooked" by anyone after M&T has cited it in at least *eight* prior filings. (DI 46 at 2; DI 53 at 4-5; DI 58 at 8-9; DI 69 at 4; DI 72 at 2; DI 77 at 4; DI 80 at 4; and, DI 99 at 2.)  Mr. Pinks, for his part, met this argument once. *E.g.,* DI 57 at 15. Another decision, *Okla. Police Pension & Ret. Sys. v. U.S. Bank Nat'l Ass'n,* 986 F.Supp.2d 412 (S.D.N.Y. 2013) (DI 104 at 11), has been cited by M&T at least three times (DI 58 at 3; DI 69 at 4; DI 99 at 2), drawing a single rejoinder from Mr. Pinks in which he argued that when Judge Koetl's opinion was properly quoted to include the relevant footnote that M&T omitted, the case supports Mr. Pinks' position concerning multi-state class actions.  (DI 66 at 4-5)

Yet another, *In re Aggrenox Antitrust Litig.,* 2015 WL 1311352 (D. Conn. Mar. 23, 2015) (DI 104 at 12, 15), has been available to M&T since March 2015. *E.g., Analytical Surveys, Inc. v. Tonga Partners, L.P., Cannel Capital, LLC.,* 684 F.3d 36, 52 (2nd Cir. 2012) (In ruling that a motion for reconsideration was properly denied, the Second Circuit noted "[d]efendants, though communicating with the district court regarding other pending [relevant cases] in that period [after briefing was closed but before the district court ruled], made no attempt to call the court's attention to *Perseus* before the district court ruled[.]")   A decision available for five months before the Magistrate Judge ruled is not "overlooked" authority under Rule 6.3. *E.g., Schoolcraft,* 2015 WL 5542770, at *2, quoting *Angelo Am. Ins. Group v. CalFed, Inc.,* 940 F.Supp. 554, 557 (S.D.N.Y. 1995) ("The burden is on the movant to demonstrate that the Court overlooked controlling decisions or material facts that were before it on the original motion and that might 'materially have influenced its earlier decision.'"[2]

---

[2]      In any event, *Aggrenox* lends no persuasive support to M&T's Rule 12(c) Motion. *Aggrenox,* a district court decision, is not "controlling" or binding on this Court. Other district courts have rejected *Aggrenox's* Article III reasoning which is, we submit, in error. *See, e.g., In re Solodyn (Minocycline Hydrochloride) Antitrust Litg.,* 2015 WL 5458570, at *14 (D. Mass. Sep. 16, 2015). Moreover, no decision upon which the *Aggrenox* court relied supports its Article III conclusion, or requires *NECA-IBEW* to be applied differently than in this Court's Order.

      *Aggrenox* first ruled (correctly) that the named plaintiffs had pled class standing under *NECA-IBEW* with respect to out of state class claims. 2015 WL 1311352, at *19. It erred, we submit, in ruling that they also had to establish Article III standing with respect to those class claims, citing *Lewis v. Casey,* 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); *Davis v. Fed. Election Comm'n,* 554 U.S. 724, 734, 128 S.Ct. 2759 (2008); and *Mahon v. Ticor Title Ins. Co.,* 683 F.3d 59, 64 (2nd Cir. 2012). *Aggrenox* derived this proposition from an aphorism in *Lewis v. Casey* that "'standing is not dispensed in gross.'" This ruling, however, runs squarely counter to the Second Circuit's conclusion that the relevant issue in *Lewis v. Casey* – as well as in the two other decisions at issue, *i.e., Blum v. Yaretsky,* 457 U.S. 991, 102 S.Ct. 2364 (1982) and *Gratz v. Bollinger,* 539 U.S. 244, 123 S.Ct. 2411 (2003) – was not Article III standing, but class standing. NECA-*IBEW*, 693 F.3d at 160-161. *Aggrenox* also relied upon *Davis v. Fed. Election Comm'n* for the proposition that "a plaintiff must demonstrate standing for each claim he seeks to press," while overlooking that *Davis* was not a class action. Finally, *Aggrenox* relied upon language in *Mahon* that "*with respect to each asserted claim*, a plaintiff must always have suffered a distinct and palpable injury to himself." (emphasis original.) The named plaintiff in *Mahon,* however,

The final decision in M&T's proffered quartet of post-*NECA-IBEW* district court decisions, *Edwards v. North American Power & Gas, LLC.,* 2015 WL 4644597 (D. Conn. Aug. 14, 2015) (DI 104 at 13), like the others, is inherently not "controlling," and, for good measure, is not even germane.  M&T cites *Edwards* in support of its claim that "courts within the Second Circuit consistently have rejected Plaintiff's theory [and by implication this Court's decision] that *NECA*[-*IBEW*] and *Retirement Board* [*of the Policemen's Annuity and Ben. Fund of the City of Chicago v. BNYM,* 775.3d 154 (2nd Cir. 2015)] stand for the proposition that a named plaintiff should be permitted to pursue state law claims for which he lacks Article III standing on behalf of a putative class so long as he alleges class standing." (DI 104 at 10)     *Edwards,*     however, does not mention *NECA-IBEW, Retirement Board*, the concept of class standing, or *NECA-IBEW's* two-pronged "same set of concerns" pleading test. M&T nowhere explains how a decision which is completely silent on a conclusion reached in the challenged Order is somehow "controlling" authority "that might reasonably be expected to alter the conclusion reached by the court." *Anwar v Fairfield Greenwich, Ltd.,* 745 F.Supp.2d at 382.

In short, M&T never claims that any of the four decisions is "overlooked" authority, nor could it in fact demonstrate that they were overlooked. None is "controlling," and none would "reasonably be expected to alter the conclusions" of this Court.

**C.     M&T's Memorandum Fails to Provide Any Alternative Basis for Relief Under Local Civil Rule 6.3.**

M&T raises two alternative grounds for reconsideration. First, M&T maintains that "[s]eparate and apart of Plaintiff's lack of Article III standing," this Court's Order was wrongly

---

unlike Mr. Pinks and the named plaintiff in *NECA-IBEW,* lacked Article III standing with respect to her individual claims, and therefore would not have met *NECA-IBEW's* threshold Article III burden, the prerequisite for any class standing inquiry. *Mahon,* 683 F.3d 59 at 61-62. *NECA-IBEW,* 693 F.3d at 158.

decided because Mr. Pinks "has no real interest in litigating claims under any other state's laws." (DI 104 at 15-16)   In support of this argument M&T relies solely upon *Retirement Bd. v. NYMB,* 775 F.3 at 163. (*Id.*)

But, as with other controlling authority, M&T does not contend that *Retirement Board* was overlooked by this Court. Nor could it credibly do so, as each side requested and was allowed to present supplemental briefing after *Retirement Board* came down while the Rule 12(c) Motion was pending, *e.g.,* DI 66 at 1-6 and DI 69 at 1-3. M&T's argument here is nothing more than an argument that, in light of the *Retirement Board* court's conclusions*,* this Court erred in applying *NECA-IBEW's* "same set of concerns" test.

This argument also fails under the reconsideration standard because it is new argument that M&T raises for the first time in a motion for reconsideration. This Court has ruled that a motion for reconsideration "'may not advance new facts, issues or arguments not previously presented to the court.'" *Hogan-Cross v. Metropolitan Life Ins. Co.,* 586 F.Supp2d 410, 413 (S.D.N.Y. 2008), quoting *Auscape Int'l v. Nat'l Geographic Soc'y,* 2003 WL 22127011, at *1 (S.D.N.Y. Sep. 15, 2003); *Anwar v. Fairfield Greenwich, Ltd.,* 745 F.Supp2d at 382 (same).

M&T never raised any alternative basis for its Rule 12(c) Motion. Instead, M&T's consistently took the position that it would not address the alternative issue of whether Mr. Pinks had established the "same set of concerns" test for class standing at the pleading stage, expressly reserving its right to contest class standing at class certification if its Rule 12(c) Motion failed:

> M&T reserves the right to contest Plaintiff's lack of 'class standing' in opposition to any motion for certification. In filing its [Rule 12(c)] Motion, M&T had no burden or obligation to argue or establish that Plaintiff also lacks class standing.

(DI 69 at 4 n.2)   Consistent with this position M&T also argued: "*Retirement Board,* like *NECA*[-*IBEW*]*,* is irrelevant and inapplicable to M&T's Motion." (DI 69 at 1) "Those cases

[*Retirement Board* and *NECA-IBEW*] did not address the issue raised by M&T's Motion." (*Id.* at 2)  Therefore, M&T could not credibly claim that this is *not* new argument, after explicitly electing *not* to join it as an alternative basis for Rule 12(c) relief, and all the while maintaining that this now supposedly "controlling" decision was irrelevant.

As its second and final alternative argument M&T asserts that the R&R was correctly decided because Mr. Pinks is trying "to use discovery as a sword to cure his failure to allege any facts to support the assertion of a claim under any state's law except South Carolina." (DI 104 at 16) M&T argues that class discovery should be used only "to flesh out allegations for which [plaintiffs] initially have at least a modicum of objective support." (*Id.*)

This is meritless, as there is nothing to reconsider here. The Order did not address any matters concerning the proper scope of class discovery and presumably, all discovery disputes are left as they were under previous orders.  M&T filed a Motion to Stay class discovery pending its Rule 12(c) Motion over Mr. Pinks' objection, (DI 75-77), which was granted. (DI 88) It was M&T that insisted its Rule 12(c) Motion be heard first, before discovery was completed or before Mr. Pinks' Motion to Compel class discovery was decided. (R&R DI 89 at 1-2) Now that its Rule 12(c) Motion has been decided adversely to it, it cannot claim as a basis for reconsideration any prejudice from the exact discovery sequence – including a stay of class discovery expiring upon this Court's decision – which it successfully obtained. Therefore, both of M&T's alternative grounds for Rule 6.3 reconsideration relief fail.

## **CONCLUSION**

Defendant M&T's Motion for Reconsideration (DI 103) should be denied.

Dated: October 24, 2015                    Respectfully Submitted,

                                           HERZFELD & RUBIN, P.C.
                                           By: /s/ Daniel V. Gsovski (dg4413)

A Member of the Firm
125 Broad Street
New York, New York 10004-1300
Telephone: (212) 471-8512
E-mail: dgsovski@herzfeld-rubin.com

PHILIP FAIRBANKS, ESQ., P.C.
Philip Fairbanks, Esq.
1214 King Street
Beaufort, SC 29902
Telephone: (843) 521-1580
E-mail philip@lowcountrybankruptcy.com
ADMITTED PRO HAC VICI

LAW OFFICE OF FREDERICK CORLEY
Frederick M. Corley, Esq.
1214 King Street
Beaufort, SC 29902
Telephone: (843) 524-3232
E-mail: rcorley@islc.net
*admitted pro hac vice*

KATHY D. LINDSAY, P.A.
Kathy D. Lindsay, Esq.
1214 King Street
Beaufort, SC 29902
Telephone: (843) 521-1581
E-mail klindsay@islc.net
*admitted pro hac vice*