UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERRY PINKS, individually and on behalf of others similarly situated,

                Plaintiff,

vs.

M & T BANK CORP.,

                Defendant.

Index No. 13-cv-1730—LAK—RLE

**DEFENDANT'S REPLY IN SUPPORT OF
MOTION FOR RECONSIDERATION OF SEPTEMBER 30, 2015 ORDER
AND/OR RESPONSE TO PLAINTIFF'S OBJECTIONS TO
SEPTEMBER 2, 2015 REPORT AND RECOMMENDATION**

## I. INTRODUCTION

Plaintiff's focus on the standard for reconsideration is hard to fathom, but it fundamentally reveals the lack of substance to his Opposition and his desire to avoid judicial scrutiny of his lack of Article III standing to assert non-South Carolina claims. The Court's September 30, 2015 Order ("September 30 Order") was issued less than 24 hours after Plaintiff filed his objections to the September 2, 2015 Report and Recommendation ("R&R") and without the benefit of a response brief from M&T Bank Corp. ("M&T") pursuant to Fed. R. Civ. Proc. 72(b)(2). This Court then permitted the Motion for Reconsideration ("Reconsideration Motion") as a vehicle to allow M&T an opportunity to be heard on the merits of the Motion for Partial Judgment on the Pleadings and the Plaintiff's objections to the R&R. *See* Dkt. 99 & 101.

In its Reconsideration Motion, M&T is properly making arguments in response to the Court's September 30 Order that it did not have an opportunity to make in response to Plaintiff's objections to the R&R. And, with respect to the proceedings before this Court pertaining to the R&R, review is *de novo*, where no limitations are placed on the arguments that M&T may raise in support of the R&R's adoption. *See* Fed. R. Civ. P. 72(b)(3); *Garcia v. Portuondo*, 459 F. Supp. 2d 267, 279 (S.D.N.Y. 2006) (Kaplan, J.) ("In reviewing the Report and Recommendation, the Magistrate Judge's findings are reviewed *de novo*."). Therefore, the applicable rules and fundamental fairness dictate that M&T should be afforded the opportunity to advance its arguments supporting the adoption of the R&R and opposing Plaintiff's objections. Plaintiff's attempt to limit what M&T can argue based on standards related to reconsideration ignores this context and should be rejected for this reason alone.

In any event, apart from basic fairness, M&T's briefing fully satisfies the standards for reconsideration in the arguments it developed. M&T explained why the September 30 Order was clearly erroneous as a matter of law based on controlling principles of Article III standing

that are not addressed in that Order.  M&T has cited and discussed multiple, directly "on point" authorities that were not accounted for in the September 30 Order.  These decisions apply U.S. Supreme Court and Second Circuit standing decisions consistently and M&T's cited authorities establish that Article III standing is a threshold inquiry that must be analyzed separate and apart from class standing with respect to *each* asserted claim.  *See* Dkt. 104 at 5-15 (citing Supreme Court and Second Circuit cases); *see also* Dkt. 53 at 3-8 (same); Dkt. 58 at 2-9 (same).  The line of reasoning invoked by M&T's cited authorities – together with Plaintiff's own admission regarding his lack of standing to assert non-South Carolina claims (Dkt. 56 at 4) – show that the September 30 Order is clearly erroneous as a matter of law and gives rise to a "manifest injustice."  *See Anwar v. Fairfield Greenwich Ltd.*, 745 F. Supp. 2d 379, 382 (S.D.N.Y. 2010) (citation omitted); *Glory Wealth Shipping Serv. Ltd. v. Five Ocean Corp.*, 571 F. Supp. 2d 542, 544 (S.D.N.Y. 2008).  Nothing more is needed to support reconsideration in this context or any other.[1]

Finally, when the merits of M&T's position are considered, as they should be, Plaintiff's Opposition has very little to say.  Plaintiff has failed to cite *any* relevant authority from within

---

[1]  Further, as the prevailing party under the R&R, M&T did not need to object to preserve its right to argue an alternative theory in support of the R&R, as such arguments are properly advanced in support of the disposition made in the recommendation.  *See Souter v. Jones*, 395 F.3d 577, 586 (6th Cir. 2005) ("The interest of judicial economy would be frustrated by requiring that Souter file objections to all the adverse portions of the report, even though he prevailed on the overall recommendation."); *United States v. Willis*, 431 F.3d 709, 713 n.4 (9th Cir. 2005) ("A party prevailing before a magistrate judge need not object to the magistrate's report and recommendation in order to preserve its right to argue an alternative theory in support of the recommendation on appeal."); *Yeatts v. Angelone*, 166 F.3d 255, 264 n.5 (4th Cir. 1999) ("Although it is well settled that a party who does not prevail before the magistrate judge must object to his report, this court has held that when the state is the prevailing party in a habeas corpus proceeding, it does not waive the right to later raise a procedural bar by failing to object to the recommendation of the magistrate judge."); 32 Am. Jur. 2d Federal Courts § 147 (2015) ("[A] party prevailing before a magistrate judge need not object to the magistrate judge's report and recommendation to preserve its right to argue an alternative theory in support of the recommendation on appeal.").

the Second Circuit departing from the litany of cases that support M&T's dismissal arguments. As explained below, the arguments Plaintiff does make are incomplete and unavailing. Plaintiff fails to grant Article III standing the dignity that it deserves and the respect that it has received in applicable case law. This Court should reconsider its ruling and affirm the result reached by Magistrate Judge Ellis.

## II. M&T'S RECONSIDERATION MOTION SHOULD BE GRANTED AND THE PLAINTIFF'S NON-SOUTH CAROLINA CLAIMS SHOULD BE DISMISSED DUE TO HIS LACK OF STANDING.

The few substantive arguments Plaintiff makes in his Opposition are without merit. Unable to confront the abundant case law supporting M&T's argument for dismissal of the non-South Carolina claims, Plaintiff argues that the Court should discount the relevance of one of the many cited cases, *In re Aggrenox Antitrust Litig.*, No. 3:14-md-2516 (SRU), 2015 WL 1311352, at *2, 16 (D. Conn. Mar. 23, 2015), because it was "available for five months" before Magistrate Judge Ellis issued the R&R. Dkt. 105 at 6. However, like his failure to address M&T's numerous cited cases, Plaintiff fails to mention that at the March 26, 2015 conference, Magistrate Judge Ellis *directed* the parties *not* to submit *any* further briefing on M&T's Motion for Partial Judgment on the Pleadings. M&T did not become aware of the *Aggrenox* decision until after March 26, 2015 and, thus, had no opportunity to present it to the Court prior to seeking reconsideration.

Plaintiff also argues that *Aggrenox* was not followed by one district court outside of the Second Circuit and that the *Aggrenox* court erred in finding that the plaintiffs lacked Article III standing to assert out-of-state class claims. Dkt. 105 at 6 and n.2. This argument misses the mark for several reasons.

As an initial matter, the fact that one district court outside of the Second Circuit disagreed with the *Aggrenox* decision does not establish that its reasoning is unsound or beyond

consideration here.  Rather, the relevant inquiry is whether the *Aggrenox* court's dismissal of the plaintiffs' out-of-state claims is consistent with Second Circuit precedent – and it is.  Like Plaintiff's attempt to distinguish *Aggrenox* here, in *In re LIBOR-Based Financial Instruments Antitrust Litigation*, 27 F. Supp. 3d 447, 481 (S.D.N.Y. June 23, 2014), the plaintiffs argued that they did not need Article III standing to assert each alleged cause of action so long as they alleged class standing under *NECA–IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145 (2d Cir. 2012) ("*NECA*").  *In re LIBOR*, 27 F. Supp. 3d at 480-81 (discussing *NECA*).  The *LIBOR* court rejected the plaintiffs argument because "[i]n applying *NECA-IBEW*, courts in this district have recognized that the Second Circuit considers the questions of Article III, statutory, and class standing ***as distinct***."  *Id.* at 481 (emphasis added).  Thus, "before asking whether a named plaintiff has [class] standing to represent absent class members," a court "must first determine that the plaintiff satisfies traditional Article III criteria 'in its own right.'"  *Id.* at 481 (citing *In re Harbinger Capital Partners Funds Investor Litig.*, No. 12 Civ. 1244(AJN), 2013 WL 7121186, at *3 n.2 (S.D.N.Y. Dec. 16, 2013)).  In accordance with *NECA* and like the court in *In re Libor*, the *Aggrenox* court properly dismissed the plaintiffs' out-of-state putative class claims due to a lack of standing because "Article III standing, as a fundamental constitutional requisite of federal judicial power, presents 'a threshold question in every federal case.'"  *Aggrenox*, 2015 WL 1311352, at *19.

Plaintiff's attempt to distinguish *Edwards v. North American Power and Gas, LLC*, No. 3:14-cv-1714 (VAB), 2015 WL 4644597, at *1 (D. Conn. Aug. 4, 2015), fares no better.  He argues that it "does not mention *NECA-IBEW*, *Retirement Board*, the concept of class standing, or *NECA-IBEW's* two-pronged 'same set of concerns' pleading test."  Dkt. 105 at 7.  Plaintiff again confuses the issue.  In *Edwards*, the court conducted the threshold Article III standing

inquiry and determined that the plaintiff's out-of-state putative class claims should be dismissed. *Edwards*, 2015 WL 4644597, at *4-5.  Like this case, however, there was no need for the *Edwards* court to address either statutory standing or class standing because it never got past the threshold Article III issue.

Here, the same result should follow.  As M&T has explained, because Plaintiff admittedly has no connection to any state other than South Carolina, he has no interest in litigating claims under any other state's laws and should not be permitted to conduct discovery relating to non-South Carolina claims.  Dkt. 104 at 15-17.  In the Second Circuit, a putative class action named plaintiff must possess in his own right, and as to *each* individual claim asserted: (1) Article III standing; (2) statutory standing; and (3) class standing.  *See, e.g., In re LIBOR*, 27 F. Supp. 3d at 481 (citing *NECA*); *Okla. Police Pension & Ret. Sys. v. U.S. Bank Nat'l Ass'n*, 986 F. Supp. 2d 412, 418-19 (S.D.N.Y. 2013) ("It is well established that 'a plaintiff must demonstrate standing for each claim he seeks to press.'") (*citing DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)).  Plaintiff's admission that he lacks Article III standing to assert non-South Carolina claims compels the dismissal of those claims.

Finally, unlike this case, Article III standing was not at issue in either *NECA* or *Retirement Board* because the named plaintiffs had standing to assert *each* of the causes of action alleged in the respective complaints.  *See* Dkt. 104 at 8-14.  But Plaintiff admittedly does not have standing with respect to the non-South Carolina claims.  *See* Dkt. 56 at 4.  In accordance with Second Circuit authority and the numerous decisions of district courts within the Second Circuit, Plaintiff's non-South Carolina claims should be dismissed due to a lack of Article III standing.  Dkt. 104 at 5-15; *see also* Dkt. 53 at 3-8; Dkt. 58 at 2-9.  Plaintiff has failed to cite *any* relevant authority to the contrary.

### III.  CONCLUSION

For all these reasons and consistent with M&T's cited authorities, the Court should reconsider its September 30 Order, overrule Plaintiff's objections, adopt the R&R's recommended disposition, and grant M&T's Motion for Partial Judgment on the Pleadings.

Dated:  October 28, 2015

                        **REED SMITH LLP**

By: /s/ *Roy W. Arnold*
    Steven Cooper (SC4394)
    599 Lexington Avenue
    New York, New York 10022
    Telephone: (212) 521-5400
    Facsimile: (212)-521-5450
    Email: scooper@reedsmith.com

    Roy W. Arnold (admitted pro hac vice)
    Andrew J. Soven (admitted pro hac vice)
    2500 One Liberty Place
    1650 Market Street
    Philadelphia, PA 19103-7301
    (215) 851-8100

*Counsel for Defendant M&T Bank Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF.

/s/  Roy W. Arnold
*Counsel for Defendant M&T Bank Corp.*