UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
JERRY PINKS,

                        Plaintiff,

            -against-                                              13-cv-1730 (LAK)

M&T BANK CORPORATION,

                        Defendant.
------------------------------------------------x

## MEMORANDUM OPINION

        Appearances:

                Daniel V. Gsovski
                HERZFELD & RUBIN, P.C.
                *Attorneys for Plaintiff*

                Roy W. Arnold
                REED SMITH LLP
                *Attorneys for Defendant*

LEWIS A. KAPLAN, *District Judge.*

        This is a purported class action to recover statutory damages for defendant's alleged failure to comply with Sections 9-613 and 9-614 of the Uniform Commercial Code as adopted by the State of South Carolina. Defendant now moves for an order, pursuant to 28 U.S.C. § 1292(b), certifying for interlocutory appeal this Court's September 30, 2015 order denying its motion for partial judgment on the pleadings. The question it proposes to raise is whether the plaintiff has Article III standing to seek relief on behalf of putative class members who seek to recover statutory

2

damages for defendant's alleged failure to comply with Sections 9-613 and 9-614 of the Uniform Commercial Code as adopted by states other than South Carolina.

Section 1292(b) provides that a district judge may certify an order for interlocutory appeal if the judge (1) is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion," and (2) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."[1] Not every order that satisfies this standard, however, should be certified. Determination of when certification should be granted, assuming satisfaction of the Section 1292(b) criteria, is committed to the discretion of the district court.[2] The Court is not entirely satisfied that the necessary criteria for certification are satisfied.

As an initial mater, a resolution of the proposed question favorable to the defendant would not, in and of itself, result in termination of the action because plaintiff's claim under South

---

[1] *See Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865–66 (2d Cir.1996) (interlocutory appeal "rare exception to the final judgment rule"); *Romea v. Heiberger & Assocs., Inc.*, 988 F. Supp. 715, 717 (S.D.N.Y.1998); *Trinidad v. American Airlines, Inc.*, 932 F. Supp. 521, 528 (S.D.N.Y.1996).

[2] This proposition is established by a large body of case law and literature that has been most helpfully summarized by Judge Weinstein in *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F. Supp.2d 139, 161–66 (E.D.N.Y.1999). *See also Koehler*, 101 F.3d at 865 ("allows for an appeal from an otherwise unappealable interlocutory order upon consent of both the district court and the court of appeals"); *Leasco Data Processing Equip. Corp. v. Maxwell*, 468 F.2d 1326, 1344 (2d Cir.1972) ("Congress plainly intended that an appeal under § 1292(b) should lie only when the district court and the court of appeals agreed on its propriety. It would wholly frustrate this scheme if the court of appeals could coerce decision by the district judge."), abrogated on other grounds by *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S.247 (2010); *D'Ippolito v. Cities Serv. Co.*, 374 F.2d 643, 649 (2d Cir.1967) ("[W]e cannot conceive that we would ever mandamus a district judge to certify an appeal under 28 U.S.C. § 1292(b) in plain violation of the Congressional purpose that such appeals should be heard only when both the courts concerned so desire."); *Hirsch v. Bruchhausen*, 284 F.2d 783, 786 (2d Cir.1960) ("[W]e have no right or desire to control the trial judge's exercise of discretion in denying leave for an interlocutory appeal.").

3

Carolina law would be unaffected.[3] Nevertheless, it is suggested that plaintiff's South Carolina law claim would not itself satisfy the minimum jurisdictional amount required under CAFA, which is the basis of federal jurisdiction. Accordingly, there is a possibility that resolution of the proposed question as a practical matter would result in termination of this case in this Court.

Whether resolution of the proposed question would materially advance the termination of the litigation even if it resulted in a jurisdictional dismissal of this federal case perhaps is another matter. Naturally, it would materially advance the termination of this federal case. But plaintiff would remain free to bring its South Carolina law-based claim in a state court because any dismissal of this action would not be on the merits. Moreover, although defendant has not addressed the issue, it is conceivable that a state court – which would be unconstrained by Article III of the U.S. Constitution – might permit plaintiff to bring a class action on behalf of those similarly situated under the UCC provisions here at issue that are identical to the South Carolina version. Thus, a resolution of the proposed question in defendant's favor might result simply in moving this putative class action from federal to state court – quite possibly a result that would not materially advance the termination of the litigation within the meaning of Section 1292(b).

These are interesting questions, but they need not and probably should not be addressed any further at this stage of the case. As this Court has made clear, the question whether plaintiff can pursue a class action on behalf of others who rely on violations of the corresponding UCC provisions of states other than South Carolina is a subject appropriate for consideration in the event plaintiff seeks class certification. If that issue were resolved in defendant's favor, as defendant

---

[3] See *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir.1990) ("question of law is 'controlling' if reversal of the [lower] court's order would terminate the action").

4

no doubt would contend would be appropriate, the issue of this plaintiff's Article III standing to assert claims of non-South Carolina class members would be moot. Accordingly, what defendant truly is seeking by means of certification is an answer to a question which, in significant respects, is hypothetical and, in any case, not the sort of extraordinary question that is appropriate for certification.

Accordingly, defendant's motion for certification under Section 1292(b) [DI 111] is denied in all respects in the exercise of this Court's discretion.

SO ORDERED.

Dated: November 18, 2015

_____
Lewis A. Kaplan
United States District Judge