

**Roy W. Arnold**
Direct Phone:  +1 412 288 3916
Direct Fax:  +1 412 288 3063
Email:  rarnold@reedsmith.com

Reed Smith LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222-2716
Tel +1 412 288 3131
Fax +1 412 288 3063
reedsmith.com

January 8, 2016

**VIA ECF**

Hon. Ronald L. Ellis

    Re:  Pinks v. M&T Bank Corporation
         Index No. 13-cv-1730-LAK-RLE (S.D.N.Y.)

Dear Judge Ellis:

    We write in response to Mr. Gsovski's letter dated January 7, 2016.  As detailed below, plaintiff's counsel has manufactured what he calls a "major discovery dispute" by attempting to renege on a discovery agreement and serving "Supplemental Interrogatories and Document Requests" (the "Supplemental Discovery Requests") on a topic – putative class members' deficiency balances or claims – that was resolved by the discovery agreement performed by defendant M&T Bank Corporation ("M&T").  Without citation to any authority, justification or good cause, Mr. Gsovski either seeks to compel responses to these new Requests or to adjourn the status conference.  In doing so, he has badly mischaracterized recent events.

    *First*, as explained at the December 1, 2015 status conference, the parties entered into an agreement that "fully resolve[d] the [prior] motion to compel [Dkt. 75; Dkt. 114]]" and "any other discovery issues purportedly related to class certification."  *See* Exhibit 1, p. 1.  The discovery agreement resolving any issues pertaining to class certification discovery was the product of numerous and extensive negotiations between counsel and is reflected in the correspondence attached as Exhibit 1.  M&T complied in good faith with the discovery agreement between the parties by serving its Supplemental Responses to Plaintiff's First Set of Interrogatories Nos. 6 and 8 on December 9, 2015.  In fact, with respect to the agreed-upon information pertaining to deficiency balances/claims, Plaintiff's counsel has had the information since November 27, 2015.  *See* Exhibit 1, p. 3.  **Most notably, in his letter, Mr. Gsovski admits that M&T complied with the discovery agreement and he makes no claim that M&T did not fully comply with the parties' agreement.**  As we acknowledged at the December 1 status conference, Plaintiff's counsel were entitled to review the sufficiency of M&T's Supplemental Responses to confirm that M&T satisfied the parties' agreement.  They have done so and they have raised no issue with regard to M&T's compliance with the parties' agreement.

    *Second*, upon finding that M&T complied with the parties' discovery agreement fully, Plaintiff's counsel chose to serve the "Supplemental Discovery Requests" on December 22, 2015 – making M&T's written objections and responses due, if at all, on January 25, 2016.  In doing so, Plaintiff's counsel provided no explanation or justification as to why this additional discovery on a topic resolved by the parties' discovery agreement should be the subject of additional, new discovery requests.  In short, Plaintiff seeks now to renege on the parties' agreement that resolved class certification discovery issues and instead continue to conduct additional discovery.  He has given no justification for doing so and,



January 8, 2016
Page 2

indeed, the discovery he seeks is contrary to the resolution reached by the parties.  Further, the time for serving new, additional written discovery requests lapsed long ago.  As the Court made clear at the December 1 status conference, the sufficiency of M&T's Supplemental Responses to the discovery at issue in the motion to compel was fair game but Plaintiff did not have a license to conduct new discovery at odds with the parties' discovery agreement.

*Third*, Plaintiff's counsel obviously was aware that Plaintiff's "Supplemental Discovery Requests" were improper because, even as they served them, they foresaw that they were contrary to the parties' discovery agreement and inquired "if M&T will timely provide answers" and demanded a response by January 4 so that they could attempt to raise their manufactured discovery dispute prior to the January 11, 2016 status conference.  M&T's counsel promptly informed Plaintiff's counsel that he was unable to commit to the January 4 date and further informed Plaintiff's counsel that he was traveling on January 5 and 6.  Plaintiff's counsel then attempted to use Plaintiff's improper and belated "Supplemental Discovery Requests" as grounds to seek M&T's consent to a continuance of the January 11 status conference.  Because these requests themselves were improper, unjustified and contrary to the parties' discovery agreement, they provided no good cause for any continuance and M&T, accordingly, declined to join in any request for a continuance.

*Finally*, and perhaps most seriously, Mr. Gsovski has willfully misrepresented M&T's willingness to participate in a joint letter process.  On January 7, 2016, as Mr. Gsovksi acknowledges, M&T informed him that Plaintiff's "Supplemental Discovery Requests" were improper and contrary to the parties' discovery agreement.  Mr. Gsovski made no attempt to meet and confer on these issues nor did he supply any rationale or authority to support his view that Plaintiff could move to compel prior to the time for M&T's written responses and objections.  Further, ignoring an explicit email from M&T's counsel indicating that M&T could only supply its position statement after receiving Plaintiff's draft letter stating Plaintiff's discovery position, Mr. Gsovksi claims that M&T "rejected our invitation to participate in the joint letter process." Dkt. 116.  His statement is demonstrably false and an egregious misrepresentation to this Court.  *See* Exhibit 2 attaching email sent to Mr. Gsovski at 2:41 pm on January 7, 2016 prior to his 4:56 pm letter filing.  Apparently knowing that his position was untenable, Mr. Gsovski chose to misrepresent these events instead of supplying M&T with a proposed joint letter into which M&T could insert its position statement.  M&T regrets that Mr. Gsovski has continued Plaintiff's counsel's pattern of last minute letter writing.  Mr. Gsovksi's improper tactics are transparent and reflect Plaintiff's counsel's desire to avoid being required to file a motion for class certification.  They have had the agreed-upon discovery for 30 days already and they should be required to file Plaintiff's motion promptly.

Respectfully submitted,

/s/  Roy W. Arnold