# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JERRY PINKS, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>M & T BANK CORP.,<br><br>Defendant. | Civ. No.: 13-cv-1730-LAK-RLE |

## PLAINTIFF'S SUPPLEMENTAL INTERROGATORIES TO DEFENDANT

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, plaintiff hereby serves these Supplemental Interrogatories on defendant M&T Bank Corp. ("M&T", "you"). Plaintiff requests that you fully respond to each and every enumerated Interrogatory within 30 days after service and otherwise in accordance with all relevant rules.

Pursuant to S.D.N.Y. Local Rule 26.3, "Uniform Definitions in Discovery Requests," the following definitions shall apply to this discovery request:

(1) **Communication.** The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(2) **Document.** The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

(3) **Identify (with respect to persons).** When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of

employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**(4) Identify (with respect to documents).** When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

**(5) Parties.** The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

**(6) Person.** The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

**(7) Concerning.** The term "concerning" means relating to, referring to, describing, evidencing or constituting.

The following rules of construction apply to all interrogatories:

**(1) All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

**(2) And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

**(3) Number.** The use of the singular form of any word includes the plural and vice versa.

## INTERROGATORIES

1. Have you sold, transferred, assigned or repurchased any deficiency account or claim or "portfolio" of such accounts or claims, with respect to any repossession and sale transactions concerning which you provided information in your

Supplemental Response to Interrogatory No. 8, dated December 9, 2015 (pp. 12-13)(hereinafter "relevant transactions"?

2. If your answer to the preceding Interrogatory is "yes," state the total number of relevant transactions concerning which you have sold, assigned or transferred a deficiency account or claim, on a state-by-state basis.

3. If your answer to Supplemental Interrogatory 1 above is "yes," state the total number of relevant transactions concerning which you repurchased a deficiency account or claim after the date of filing of this lawsuit, on a state-by-state basis.

4. If your answer to Supplemental Interrogatory 1 above is "yes," state the total number of relevant transactions concerning which you assert that a deficiency balance is currently owed to you, on a state by state basis.

December 22 , 2015

HERZFELD & RUBIN, P.C.

By: /s/ Daniel V. Gsovski (dg4413)
A Member of the Firm
125 Broad Street
New York, New York 10004-1300
Telephone: (212) 471-8512
E-mail: dgsovski@herzfeld-rubin.com

PHILIP FAIRBANKS, ESQ., P.C.
Philip Fairbanks, Esq.
1214 King Street
Beaufort, SC 29902
Telephone: (843) 521-1580
E-mail philip@lowcountrybankruptcy.com
ADMITTED PRO HAC VICE
LAW OFFICE OF FREDERICK CORLEY
Frederick M. Corley, Esq.
1214 King Street

Beaufort, SC 29902
Telephone: (843) 524-3232
E-mail: rcorley@islc.net
*admitted pro hac vice*
KATHY D. LINDSAY, P.A.
Kathy D. Lindsay, Esq.
1214 King Street
Beaufort, SC 29902
Telephone: (843) 521-1581
E-mail klindsay@islc.net
*admitted pro hac vice*
Attorneys for Plaintiff