# EXHIBIT 7

**Kontul, Justin J.**

| | |
|---|---|
| **From:** | klindsay <klindsay@islc.net> |
| **Sent:** | Monday, November 30, 2015 1:57 PM |
| **To:** | Kontul, Justin J.; Arnold, Roy W.; 'Daniel V. Gsovski'; philip.fairbanks@gmail.com |
| **Cc:** | 'Rick Corley' |
| **Subject:** | Discovery dispute |

Justin,

Thanks for speaking with us. We are prepared to accept your proposal for resolving our discovery dispute as per your letter of November 27, 2015, with the following additions/clarifications that we discussed by phone today:

In responding to Interrogatory 6, (at p.1 of your letter), you confirmed that M&T's identification of its exemplar Notices of Repossession sent during the applicable time period (March 1, 2014 until June 25, 2012) would include verified interrogatory responses for each exemplar that was used in each of the relevant 45 states, and which identified each identified exemplar's dates of usage by M&T.

In responding to Interrogatory 8 (at p.1-2 of your letter), you confirmed that M&T would provide the requested information on a per state basis for each of the 45 relevant states, rather than in an aggregate form for all of the 45 relevant states. You also confirmed that M&T's verified responses would make clear whether the applicable repossessions followed a Notice of Repossession that was in the form of a Pinks' Notice versus some other form of notice.

Finally, you proposed in your letter that M&T limit its responses in Interrogatory 8 to the number of *repossessions* that occurred within the applicable time periods (March 14, 2010 until June 25, 2012) due to the lack of a reliable means to electronically search the *dates of sale* as we previously requested. However, I proposed that M&T also query its data to confirm the fact of a sale – that even if the date of sale was not easily electronically available, if M&T would query for confirmation that a sale actually occurred, we could at least cull out any transactions in which the putative class members redeemed their repossessed collateral prior to sale. I mentioned that I saw several entries in Mr. Pinks' electronic data affirmatively indicating that a sale had occurred (but which did not include the sale date.) Our phone agreement is that you would check with your data contact person at M&T, and if this information could be queried, M&T would include it in its electronic search at the same time that it queried the number of repossessions.

If this is correct, please advise and we will notify Judge Ellis that we are withdrawing our Motion to Compel and thus will not need tomorrow's telephone hearing.

Thanks, Kathy

Kathy D. Lindsay, P.A.
*Attorney at Law*
1214 King Street
Beaufort, South Carolina 29902
(843) 521-1581

**CONFIDENTIALITY NOTICE**

The information contained in this email is legally privileged and confidential. It is intended only for the use of the addressee(s). If you are not the intended recipient, please be aware that any dissemination, distribution or copy of this email is prohibited. If you have received this email in error, please immediately notify us by reply email and delete this message and any attachments. Please also advise us immediately if you or your employer does not consent to receipt of internet email for confidential messages of this kind.