# United States District Court
# Southern District of New York

JERRY PINKS,
　　　individually and on behalf of others
　　　similarly situated,
*Plaintiffs,*

　　　　　　*-against-*

M & T BANK CORP.,
*Defendant.*

No.: 1:13-cv-1730 – LAK-RLE

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN**

**SUPPORT OF MOTION TO REDESIGNATE "AFFIRMATIVE DEFENSE"**

**NO. 14 AS A CONDITIONAL COUNTERCLAIM AND TO DISMISS SAME**

**PURSUANT TO FED.R.CIV.P. 8(c)(2) AND 12(c)**

**HERZFELD & RUBIN, P.C**.
Daniel V. Gsovski (dg4413)
125 Broad Street
New York, New York 10004-1300
Telephone: (212) 471-8512
E-mail: dgsovski@herzfeld-
rubin.com
ATTORNEYS FOR PLAINTIFF
(additional counsel on signature
page)

April 14, 2016

## INTRODUCTION

Plaintiff Jerry Pinks ("Pinks") moves pursuant to Rule 8(c)(2), F.R.Civ.P., for an Order correctly designating Defendant M&T Bank Corp.'s ("M&T's") "affirmative defense" of "setoff" (DI 38, ¶ 14) – to the extent M&T seeks to assert its deficiency claims against putative class members as an offset to their Uniform Commercial Code (UCC) claims – as conditional "counterclaims." Pinks requests this redesignation in connection with putative class members who have deficiency accounts that (1) are allegedly owed to M&T, and (2) have not been reduced to judgment in prior proceedings.

Pinks also moves to dismiss the resulting conditional counterclaims, once correctly designated, without prejudice pursuant to Rule 12(c) for the reasons set forth more fully herein and in accord with this Court's holding in *In re Bank of New York Mellon Corp. Forex Transactions Litig.*, 42 F.Supp.2d 520, 527 (S.D.N.Y. 2014) (Kaplan, J.) Pinks seeks this ruling in advance of certification briefing addressing the claims and defenses at issue in this case.

## BACKGROUND

This Motion requests the Court to rule pursuant to Rule 8(c)(2) that M&T's purported "setoffs" against the putative class members' statutory damages is a remedy that M&T has "mistakenly" designated as an "avoidance [or] an affirmative defense" under Rule 8(c)(1), rather than as a "claim for relief." Upon such determination the Court "must, if justice requires, treat" M&T's "affirmative defense" as it had been correctly pled as a "counterclaim" for "setoff."[1]

The phrase "if justice requires" refers to the liberal pleading standards of the Federal Rules of Civil Procedure, so that there will ordinarily be no adverse consequences for the

---

[1]     "If a party mistakenly designates a defense a counterclaim, or a counterclaim a defense, the court *must,* if justice requires, treat the pleading as though it were correctly designated." Rule 8(c)(2), F.R.Civ.P. (emphasis added.)

pleader/defendant due to his "mistake[n]" designation.  *AEL Fin., LLC. v. Burns*, 2010 WL 4313988, *2 (N.D. Ill. Oct. 19, 2010) ("[W]hile the phrase 'if justice requires' is not well-defined, the rule generally favors defendant's because courts will construe pleadings liberally[.]")  The Rule's purpose "is to allow a court to ignore improper pleading designations in order to interpret a pleading in accordance with its true character." *Bozi Ltd. Partnership v. Lynott,* 676 F.Supp. 505, 516 (S.D.N.Y. 1987.)

Ordinarily, therefore, when a defense is misdesignated, "justice requires" that the defense not be stricken and the defendant be permitted to amend to assert the counterclaim.  In this case, the resulting counterclaim would technically be a "conditional counterclaim" as no class has yet been certified.[2]  Here, such an amendment would be futile. This Court has held that putative class members are not "adverse parties" subject to counterclaims within the meaning of Rule 13. Accordingly, dismissal is in order.

In *Forex* the plaintiffs brought a class action against the defendant bank ("BNYM") on various state law theories. "In response, BNYM counterclaimed for indemnification from [named plaintiffs] and conditionally, from the unnamed putative class members[.]" *Forex,* 42 F.Supp.2d at 520. This Court dismissed all counterclaims "against nonparty putative class members:"

> Courts faced with the question of whether to allow conditional counterclaims of this nature to proceed have not acted uniformly. Some have held that non-party putative class members are not "opposing parties" for the purposes of Rule 13, and accordingly, cannot be subject to counterclaims. Others have allowed such claims to go forward based, at least in part, on case management concerns. This Court agrees with those that have held that *non-party putative class members are not properly considered "opposing parties" under Rule 13.*

---

[2]     *See, Jones v. Ford Motor Credit Co.,* 358 F.3d 205, 208 (2nd Cir. 2004.) "[I]n the event that a class was certified, [defendant] asserted conditional counterclaims against any member of that class who was in default on a car loan from [defendant.]"

*Id* at 527. (emphasis added.) Under *Forex*, because putative class members cannot be subject to M&T's deficiency counterclaims under Rule 13 as a matter of law, M&T's unadjudicated conditional deficiency counterclaims, once properly redesignated as such, must be dismissed.

### ARGUMENT

1.   *While M&T pled "the doctrine of set off" as an "affirmative defense" in connection with Pinks' individual claim, it seeks to assert offsets against putative class members' UCC claims.*

The putative class members in this CAFA class action seek statutory damages under various states' UCC law in connection with written notices that M&T sent to them prior to its sales of their repossessed collateral.  Some may be exposed to claims for deficiency balances allegedly owed to M&T, which have not been paid off, discharged or reduced to judgment. [3]

It became apparent in a Joint Letter of January 21, 2016 (DI 121), preceding this Court's ruling on March 25, 2016 (DI 126), that M&T intended to include such deficiency claims within the scope of the "affirmative defense" at issue.  Previously, M&T's Answer, on its face, limited the defense to Pinks individually, with no mention of the putative class members or their deficiency claims: "**Affirmative Defenses:** …14. *Plaintiff's* Complaint is barred, in whole or in part, by the *doctrine* of set off." [4] (DI 38, p. 8, ¶ 14) (emphasis added.)  Thus the "doctrine of set off" was asserted as an affirmative defense (1) against Pinks individually, and (2) appeared to allege a setoff of Pinks' individual deficiency account against a deposit account with M&T. [5]

---

[3]      This Motion is limited to putative class accounts whose deficiency balances have not been reduced to judgment and are allegedly outstanding and owed to M&T.

[4]      Compare M&T's purported "affirmative defense" of "discharge in bankruptcy" asserted against *both* Pinks individually and the putative class members: "15.  Plaintiff's Complaint is barred, in whole or in part, to the extent that Plaintiff *or any of the putative class members' claims* have been discharged in bankruptcy." (DI 38, ¶ 15) (emphasis added.)

[5]      The "*doctrine* of set off," as M&T actually pled the defense, is a term of art referring to an equitable doctrine limited in its applicability to banking and bankruptcy cases:

In the January 2016 Joint Letter referenced above, Pinks sought additional manageability discovery about the class deficiency accounts "because he anticipates that M&T will assert a counterclaim class with the deficiencies owed against individual class members." (DI 126 at 6) He argued that "M&T has pled in its Answer under 'Affirmative Defenses'" that "Plaintiff's Complaint is barred, in whole or in part" by an "affirmative defense of set off." (DI 121 at 8) And, "*[t]o the extent M&T is asserting the deficiency accounts against the absent class members as the 'affirmative defense of setoff'* against their individual statutory [UCC] damages, Pinks is entitled to manageability discovery." *Id.* (emphasis added.)

M&T responded by expressly denying its intention of pleading a defendant counterclaim class or its equivalent. ("M&T denies such intent." DI 126 at 6.) However, M&T made it equally clear that its deficiency claims against putative class members *were* included within the scope of the "affirmative defense:"

> 3.     Defendant answered Plaintiff's Complaint on June 18, 2014, asserting, among other things, the *defense of 'set off.'* (DI 121 at 8) (emphasis added.) [6]
>
> * * *
>
> Plaintiff's counsel knows that *there will be some members of virtually any, as yet undetermined, putative class that owe deficiency balances* on their motor vehicle loans. As part of the discovery dispute resolution process, M&T supplied Plaintiff's counsel *with information about the members of the putative South Carolina class that included deficiency balances information*. (DI 121 at 15) (emphasis added.)

---

But is there a *doctrine of setoff*[?] … Set off survives as a *distinct doctrine* – something different from a permissive counterclaim, on the one hand, or a name for the netting of opposing claims, on the other hand – only in banking and bankruptcy. *In the banking industry setoff denotes a security interest that the law recognizes by allowing the bank to deduct the depositor's debt to it before other creditors can reach the account.*

*Coplay Cement Co., Inc. v. Willis & Paul Group,* 983 F.2d 1435, 1440-1441 (7th Cir. 1993) (Posner, J.) (internal citations omitted) (emphasis added.)

[6]     M&T no longer referred to its defense as the "*doctrine* of set off" but as a "defense of set off."

The referenced South Carolina discovery – which M&T expressly tied to its "defense of set off" in the Joint Letter – is an authenticated spreadsheet of putative South Carolina class accounts. The spreadsheet listed 176 class accounts. (M&T 0000332, DI 86, filed under seal.) By its own terms the spreadsheet had already excluded any accounts that were "discharged in bankruptcy," as well as any accounts "reduced to judgment in defendant's favor." (DI 121 at 9) Therefore, after these exclusions were applied, M&T's spreadsheet indicated that only five of the accounts had a deficiency balance of zero, leaving 171 putative, outstanding and contested South Carolina deficiency accounts potentially subject to M&T's "defense of set off." (DI 86) Moreover, M&T represented in the Joint Letter that there will "some" putative members within the scope of its "defense" in "virtually any" class definition, regardless of any other putative states that Pinks might seek to include within his class. (DI 121 at 15)

The import of M&T's January 2016 statements in the Joint Letter is unmistakable. Regardless of any ambiguity in the actual wording in its Answer, M&T now is clearly preparing to bring its deficiency claims against putative class members into this litigation under the rubric of the "affirmative defense" of setoff. To facilitate decision on class certification, and in light of this Court's holding in *Forex, supra*, it is appropriate here – exactly as in *Forex* itself – to resolve this issue prior to certification.   Rules 8(c)(2) and 12 provide the tools to designate these deficiencies as "counterclaims" and to dismiss them as in *Forex*.

2.      *"Setoff" is a remedy that must be asserted by "counterclaim," not "affirmative defense."*

The first prong of this Motion rests on the proposition that to the extent M&T's defense applies to the putative class members, M&T's has erroneously pled its outstanding collection causes of action as the affirmative defense of "set off, rather than as a counterclaim. Federal courts sitting in diversity look to state law to determine what defensive matters are available in

the case; the Federal Rules of Civil Procedure, however, determine which procedural devices must be used in pleading such matters.[7] An "affirmative defense" is an "avoidance" of the plaintiff's claim, but is not limited to the enumerated affirmative defenses within Rule 8(c)(1). An "avoidance or affirmative defense" arises out of a different matter than that which the plaintiff must prove to establish his *prima facie* claim. A successful denial results in a failure of proof by the plaintiff, whereas a successful affirmative defense avoids or bars the claim, even when the plaintiff has otherwise proven all the elements of his claim.[8]

A "counterclaim" is not an "avoidance" of the plaintiff's claim, but is "*[a] claim for relief* asserted against an opposing party after an original claim has been made; esp., a defendant's claim in opposition to *or as a set off against the plaintiff's claim*." *Black's Law Dictionary* (10th ed. 2014) (emphasis added.) A "setoff" is "[a] defendant's counterdemand against the plaintiff, *arising out of a transaction independent of the plaintiff's claim*." *Id.* (emphasis added.)

> Even before the term "counterclaim" was given currency by the promulgation of the Federal Rules of Civil Procedure in 1938, a defendant could seek to reduce its liability by pleading that the plaintiff owed it money. The plea was called "recoupment" if the plaintiff's debt to the defendant arose out of the same transaction as the defendant's liability to the plaintiff, and "setoff" if it did not. So recoupment is the ancestor of the compulsory counterclaim and *setoff of the permissive counterclaim… Although as a procedural device the setoff has been supplanted by the permissive counterclaim*, the term is sometimes used in a substantive or remedial sense that is very near to the lay sense of the word, to mean an offset to liability, a netting of opposing claims[.] …

---

[7]     "It should be noted, however, that the federal courts are not bound to treat a matter that is considered or specifically identified as an affirmative defense under forum state law as an affirmative defense for purposes of pleading under Rule 8(c) in diversity of citizenship cases; the matter is controlled by federal pleading principles." Wright & Miller, 5 *Fed. Prac. & Proc. Civ.* § 1271 (3d ed.)

[8]     "A defense is not affirmative where it 'merely negates an element of the plaintiff's prima facie case.'" *Hadar v. Concordia Yacht Builders Inc.,* 886 F.Supp. 1082, 1089 (S.D.N.Y. 1995) (internal citations omitted.) An "affirmative defense" is "[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's claim…even if all the allegations in the complaint are true." *Black's Law Dictionary* (10th ed. 2014))

> *A permissive counterclaim by definition arises from a different contract* or other transaction or occurrences from the main claim, and *a setoff, so far a relevant here, is just a subset of permissive counterclaim.*

*Coplay Cement Co., Inc. v. Willis & Paul Group, Inc.,* 983 F.2d at 1440-1441 (internal citations omitted) (emphasis added.)

Accordingly, the conditional claims at issue in this Motion are properly pled by way of "counterclaim" rather than by "affirmative defense" under Rule 8(c)(1):

> Although setoff may be used to offset a plaintiff's claim, it may not, however, be used to recover affirmatively. ...Generally, "the right to setoff does not operate as a denial of the plaintiff's but allows the defendant to setoff the debt the plaintiff owes the defendant against the defendant. *As such, it must be asserted in a counterclaim rather than a defense.*"

*Akzo Nobel Coatings, Inc. v. Johnston Paint & Body Supplies, LLC.*, 2009 WL 2765750 *1 (S.D. Ala. Aug. 31, 2009) (citing, AM.JUR.2d *Counterclaim, Recoupment and Seotff* § 7) (emphasis added); ("Defendant's citations do not support a set-off is generally recognized to be an affirmative defense. Instead, these cases merely suggest that a particular type of set-off may, in certain circumstances, be treated as an affirmative defense. *In general, both set-offs and recoupments are to be pleaded as counterclaims rather than affirmative defenses.*") (*Middletown Plaza Ass'ts. v. Dora Dale of Middletown, Inc.,* 621 F.Supp. 1163, 1165 (D.Conn. 1985) citing, Moore's, *Fed. Practice* ¶ 13.02 at 13 n. 1 (2d ed. 1985) & 6 C. Wright & Miller, *Federal Practice & Procedure,* Civil § 1401 (1971 & Supp. 1982) (emphasis added); ("Because [defendant's] setoff defense should have been alleged as a counterclaim in [defendant's] Answer to the Complaint, it will be recharacterized as such... In fact, a claim for setoff or recoupment is not technically a 'defense' at all, but *must be pled as a counterclaim* pursuant to Rule 13.") (*H.D. Smith Wholesale Drug Co. v. Crawford*, 2013 WL 1154503, at *4 (C.D.Ill. Mar. 19, 2013.) (emphasis added.)

M&T's deficiency claims include another significant attribute of a "claim for relief" rather than an "affirmative defense." As counterclaims, they would be subject to defenses and affirmative defenses such as, for example, payment, accord and satisfaction, or statute of limitations, and under some state laws, they may be barred where the secured party's sale of repossessed collateral was not "commercially reasonable." *See, e.g.,* Rule 8(c)(1); *Hinklin v. Onyx Accept. Corp.,* 970 A.2d 244, 253 (Md. 2009) ("We hold that a secured party's failure to establish a commercially reasonable sale of repossessed consumer collateral bars it from recovering any deficiency.") Therefore, any class member's unadjudicated, deficiency claim must be construed as a conditional "counterclaim," which is the correct characterization "in accordance with its true character." *Bozsi Ltd. Partnership v. Lynott,* 676 F.Supp. at 516.

3.     *The Court "must…treat" a purported "defense" as a "counterclaim" where such redesignation has consequences for the litigation at hand.*

In *Reiter v. Cooper,* 507 U.S. 258, 113 S.Ct. 1213 (1993), the Supreme Court explained that it more often than not makes no difference under Rule 8(c)(2)'s liberal pleading rules that the defendant had mistakenly designated its recoupment claims as "defenses" rather than a "counterclaims," and that there would be no adverse consequences for the defendant for its mistake:

> And, *it makes no difference that [the defendant/counterclaim plaintiff] may have mistakenly designated their counterclaims as defenses,* since the Federal Rule of Civil Procedure 8(c) provides that the "the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation."

*Reiter v. Cooper* at 263, 1217 (emphasis added.) However, the Supreme Court also noted that whether pleaded matter should be designated a defense or a counterclaim can be significant when the correct designation carries potential consequences:

> One major consequence does attach to the fact that [the defendant's recoupment claim] is *technically a counterclaim rather than a defense*: A defense cannot

possibly be adjudicated separately from the plaintiff's claim to which it applies; a counterclaim can be.

*Reiter v. Cooper,* at 265, 1218 (emphasis added.) The Court then reversed and remanded for a determination whether the defendant's redesignated recoupment counterclaim should be severed under Rule 54(b) from the plaintiff's claim for separate judgment. *Id.* at 270-271, 1221. Here, as in *Reiter,* there are also "major consequences" if M&T's "affirmative defense" of setoff is correctly designated as a "counterclaim," namely dismissal under the *Forex* holding.[9]

## CONCLUSION

For these reasons, Plaintiff respectfully moves for an Order pursuant to Rule 8(c)(2) designating M&T's "affirmative defense" of setoff as a "counterclaim," insofar as the Answer relates to putative class members who have deficiency accounts that have not been reduced to judgment and that show a balance allegedly owed to M&T. Upon redesignation Plaintiff also moves to dismiss the resulting conditional counterclaims pursuant to Rule 12(c) as expounded in *Forex*, thus removing them from further consideration in connection with class certification.

Dated:    New York, New York
             April 14, 2016

Respectfully Submitted,

HERZFELD & RUBIN, P.C.

By: _____
    Daniel V. Gsovski  (dg4413)
    A Member of the Firm
    125 Broad Street
    New York, New York 10004-1300
    Telephone: (212) 471-8512
    E-mail: dgsovski@herzfeld-rubin.com

---

[9]       Other consequences include matters of subject matter jurisdiction applicable to counterclaims but not affirmative defenses. *See, Jones v. Ford Motor Credit Co.,* 358 F.3d at 213-214, holding that defendant's "conditional counterclaims" for individual collection actions against putative class, seeking relief under the Equal Credit Opportunity Act, were permissive counterclaims requiring an independent basis for subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

PHILIP FAIRBANKS, ESQ., P.C.
Philip Fairbanks, Esq.
1214 King Street
Beaufort, SC 29902
Telephone: (843) 521-1580
E-mail philip@lowcountrybankruptcy.com
ADMITTED PRO HAC VICI

LAW OFFICE OF FREDERICK CORLEY
Frederick M. Corley, Esq.
1214 King Street
Beaufort, SC 29902
Telephone: (843) 524-3232
E-mail: rcorley@islc.net
*admitted pro hac vice*

KATHY D. LINDSAY, P.A.
Kathy D. Lindsay, Esq.
1214 King Street
Beaufort, SC 29902
Telephone: (843) 521-1581
E-mail klindsay@islc.net
*admitted pro hac vice*


Counsel for Plaintiff