# APPENDIX 1

*Connecticut:* **3 year Class Period Applies:**

<u>Statutory Candidates:</u>

**6 years** – CGSA§ 52-576 *"Actions for an account or on simple or implied contract":*
"Actions for account or simple or implied contract, or on any contract in writing shall be brought but within six years after the right of this action accrues, except as provided in subsection (b) of this section." [(b) is inapplicable here, applies to extend period for "any person legally incapable."]

**3 years** – CGSA § 52-577 *"Actions founded upon a tort":*
"No action founded upon a tort shall be brought more than three years from the date of the act or omission complained of."

**1 year** – CGSA § 52-585 *"Suit for forfeiture on penal statute limited to one year":*
"No suit for any forfeiture upon any penal statute shall be brought but within one year next after the commission of the offense. The provisions of this section shall not apply to any civil action brought by the state or municipality, or any other officer or agent thereof, to recover a forfeiture or civil penalty."

<u>Authority:</u>

There is no Connecticut appellate authority applying a statute of limitations to UCC § 9-625 damages under the default provision of Article 9. Connecticut has no statute of limitations for a "statutory liability." Courts decide, when the parties are in a contractual relationship, whether a breach of a duty imposed by statute sounds in tort or contract. Here, the Court need not decide which applies to the Article 9 violation at issue, as both contract and tort limitations periods equal or exceed the Class Period established by CPLR § 214(2).

"When a statute includes no express statute of limitations…we borrow the most suitable statute of limitations on the basis of the nature of the cause of action or of the right sued upon." *Bellemare v. Wachovia Mortg. Corp.,* 931 A.2d 916, 921 (Conn. 2007). In suit by mortgagor for statutory damages due to mortgagee's failure to timely file release of lien as required by statute, cause of action sounds in tort, thus requiring application of the three-year tort limitations period:

> In the present case, although the existence of a mortgage suggests that the plaintiff's claim sounds in contract, the duty that allegedly was breached was created by statute [and sounds in tort.]…Furthermore, other courts have held that, when a plaintiff seeks to recover damages for a breach of a statutory duty, such action sounds in tort.

*Id.,* citing *Curtis v. Loether,* 415 U.S.189, 195, 94 S.Ct. 1005 (1974).

<u>Disqualification of any Shorter Period:</u>

Construing predecessor statute to § 52-585, § 1379 of the General Statutes of 1888, providing "no suit for any forfeiture upon any penalty statute shall be brought but within one year next after the commission of the offense," Connecticut Supreme Court determined this statute did not apply to statutory action by landowner to recover treble damages for unlawful timbering. *Plumb v. Griffin,* 50 A.1 (Conn. 1901). The court ruled the one-year limitations period inapplicable "unless [the] section…on which [suit] is brought is a penal statute, one that declares a forfeiture, and one that deals with an offense." *Id.*

The *Plumb* court found the one-year statute also inapplicable because "[p]enal statutes, strictly and properly, are those imposing punishment against the state. And the expression 'penal statutes' does not ordinarily give a private action against a wrongdoer." *Id.* at 2. *Accord, United Banana Co. v. United Fruit Co.,* 172 F.Supp. 580, 585 (1959) applying statute of limitations. Therefore, § 52-585 would not apply to the present action under controlling law.

## *Delaware* – **3 year Class Period Applies**

<u>Statutory Candidates:</u>

**3 years –** 10 Del.C. § 8106 "*Actions subject to 3-year limitation*"

"(a) No action to recover damages for trespass, no action to regain possession of personal chattels, no action to recover damages for the detention of personal chattels, no action to recover a debt not evidenced by a record or by an instrument under seal, no action based on a detailed statement of the mutual demands in the nature of debit and credit between parties arising out of contractual or fiduciary relations, no action based on a promise, *no action based on a statute*, and no action to recover damages caused by an injury unaccompanied with force or resulting indirectly from the act of defendants shall be brought after the expiration of 3 years from the accruing of the cause of action[.]" (emphasis added).

**1 year –** 10 Del.C. § 8115 *"Forfeiture under penal statute"*

"No civil action for a forfeiture upon a penal statute, whether at the suit of the party aggrieved, or of a common informer, or of the State, or otherwise, shall be brought after the expiration of 1 year from the accruing of the cause of action."

<u>Authority</u>

There is no appellate authority applying a statute of limitations to UCC 9-625 for a violation of the default provisions of Article 9. The 3 year period for "actions based upon a statute" is consistent with the 3-year Class Period under CPLR § 214(2).

<u>Disqualification of any Shorter Candidate:</u>

Section § 8115 applies to actions for "forfeiture." *E.g.,* State v. Rossitto, 331 A.2d 385 (Del. 1974) construing identical predecessor statute to § 8115 at § 8114, held that "forfeiture proceedings are subject to a statute of limitations at …§ 8114…[A] forfeiture proceeding is civil in nature and here, the action is clearly brought by the state under a penal statute. Hence the one year statute applies." *Id.,* at 387. As UCC damages claims are not an action for a "forfeiture" under a "penal statute," the shorter candidate is inapplicable by its express terms.

*District of Columbia:* **3-year Class Period Applies:**

<u>Statutory Candidates:</u>

**3 years** – DC ST § 12-301
"Except as otherwise specifically provided by law, actions for the following purposes may not be brought after the expiration of the period specified below from the time the right to action accrues:
(2)  for the recovery of personal property or damages for its unlawful detention – three years;
(7) on a simple contract express or implied – three years;
(8) for which a limitation is not otherwise specially prescribed – three years;"

**1 year** – DC ST § 12-301
"(5) For a statutory penalty or forfeiture – one year;"

<u>Authority:</u>

There is no D.C. appellate authority applying a statute of limitations to UCC 9-625 damages for violations of the default provisions of Article 9. There is no separate "statutory liability" statute. This Court need not decide which of the three-year sections of § 12-301 applies, including the "catch-all" at § 12-301(8), since all are equal to CPLR § 214(2).

<u>Disqualification of any Shorter Period:</u>

Considering a predecessor one-year statute of limitations "for a statutory penalty or forfeiture" in the context of the District's Emergency Rent Act, the Municipal Court of Appeals for the District of Columbia ruled that the Act, allowing double the amount of rent paid in excess of maximum allowed, was *not* an action "for a statutory penalty or forfeiture." *Shenk v. Cohen,* 51 A.2d 298, 301 (D.C.App. 1947) (discussing the meaning of the word "penalty" and holding that a plaintiff's private right of action to recover double damages was remedial in nature rather than an action for a statutory penalty or forfeiture subject to the one-year limitations period of earlier version of § 12-201(5).) *Accord, Heitmuller v. Berkow,* 165 F.2d 961, 962 (D.C. Cir. 1948) (Even though Emergency Rent Act permitted double recovery of overcharge paid by tenant, or fine or jail sentence or both, its limitation period was under the three-year "catch-all" statute, as Act was not a statutory penalty under for one-year statute of limitations to apply when brought as a private action by the aggrieved tenant.)

*Accord, In re Parker, Parker v. Wells Fargo Home Mortgage, Inc.,* 2007 WL 1521068, at * 4 (U.S. Br. D. D.C. May 21, 2007), applying D.C. "catch-all" three-year statute of § 12-301(8) to D.C.'s Consumer Protection and Procedures Act which permits actual and treble damages plus attorney's fees, and ruling that such actions are not barred by § 12-301(5) because the damages at issue "were compensatory in nature." (citing, *Pavarini & Wyne, Inc. v. Title Guar. &Sure. Co.,* 36 D.C. App. 348, *2 (1911)  ("Neither the liability imposed for the benefit of private persons, nor the remedy given for its enforcement by civil action, is a statutory penalty in the proper legal sense.") Here, the UCC statutory damages are not "penal" as they are remedial and are for the "benefit of a private person." Section 12-301 does not apply under controlling law.

*Florida:* **3 year Class Period Applies:**

<u>Statutory Candidates:</u>

**5 years:**

F.S.A. 95:11 "*Limitations other than for the recovery of real property*"…
(2) "Within five years…(b) A legal or equitable action on a contract, obligation or liability founded on a written contract[.]"

**4 years:**

F.S.A. 95:11 "*Limitations other than for recovery of real property*"…
"(3) Within four years…(f) an action founded on a statutory liability."

<u>Authority</u>

There is no appellate authority applying a statute of limitations to UCC § 9-625 damages under the default provisions of Article 9. The Court need not decide which statute above applies, as both exceed CPLR § 214(2) for 3 years.

<u>Disqualification of any Shorter Candidate</u>

No shorter candidate has been found.

**20 years –** Ga. Code Ann. § 9-3-22 *"Statutory rights, recovery of wages, overtime, etc."*

"All actions for the enforcement of rights accruing to individuals under statutes or acts of incorporation or by operation of law shall be brought within 20 years after the right of action has accrued; provided however, that all actions for the recovery of wages, overtime, or damages and penalties accruing under the laws respecting the payment of wages and overtime shall be brought within two years after the right of action has accrued."

**6 years –** Ga. Code Ann. § 9-3-24 *"Simple contracts in writing"*

"All actions upon simple contracts in writing shall be brought within six years after the same become due and payable. However, this Code section shall not apply to actions for breach of contracts for the sale of goods under Article 2 of Title 11 or to negotiable instruments under Article 3 of Title 11."

**4 years –** Ga. Code Ann. § 9-3-26 *"Other actions ex contractu"*

"All other actions upon contracts express or implied not otherwise provided for shall be brought within four years from the accrual of the right of action. However, this Code section shall not apply to actions for the breach of contracts for the sale of goods under Article 2 of Title 11."

**1 year –** Ga. Code Ann. § 9-3-28

"All actions by informers to recover any fine, forfeiture or penalty will be commenced within one year of from the time the defendant's liability thereto is discovery or by reasonable diligence could have been discovered."

## Authority

There is no appellate authority applying a statute of limitations to an action for UCC § 9-625 damages for violations of the default provisions of Article 9. Georgia courts scrutinize the core claim in a case and apply the corresponding limitations accordingly. *See, Sentry Ins. v. Echold,* 174 Ga. App. 541, 543 (1985) where action for insurer's refusal to pay personal injury protection under automobile policy was action upon an insurance contract (6 year limitation period applies) and not the 20 year limitation for actions based upon statutory rights. This is because the action was nonetheless "a suit to enforce rights existing by virtue of a contract[.]" *Id.* "This fact is not altered merely because the statute permits an additional recovery which is essentially in the nature of punishment for an insurer's failure to comply with its contractual obligations." *Id.* Here, the UCC cause of action would not exist but for a contractual relationship between the parties. However, the Court need not decide as the period exceeds the three-year limitation period of CPLR § 214(2).

## Disqualification of any Shorter Candidates

Section 9-3-28 applies to "all actions by *informers*" and thus appears to be disqualified by its terms to this action. *But see, Western Union Tel. Co. v. Nunnerly,* 12 S.E. 578, 579 (Ga. 1890) considering predecessor statute for penalties by informers. The Supreme Court found "it is much more reasonable to treat all persons empowered to sue for penalties as informers[.]"

In action applying predecessor statute for penalties by informers, the Supreme Court applied § 9-3-28 within the context of an action by policeman's organization to collect a "penalty" from country commissioners for county's failure to pay amounts due to that organization from the county's collection of fines and forfeitures. *Busbee v. Gillis,* 245 S.E.2d 304, 305 (Ga. 1978). There, the statue permitting recovery allowed for "a specific *penalty* in the amount of 5 percent of said principal amount per month for each month during which the funds continue to be delinquent, not to exceed 25 percent. There shall be added to the principal amount of funds which are delinquent, interest at the rate of six percent per annum." *Id.,* n. 2.

UCC damages state are "statutory damages" and are not referred to in the statute as a "penalty." Therefore, § 9-3-28 would not apply under controlling law, even if obligors could be considered broadly as "informers."

*Kentucky:* **3 year Class Period Applies:**

Statutory Candidates:

**5 years –** KRS § 413.120     *"Actions to be brought within five years"*

"The following actions shall be commenced within five (5) years after the cause of action accrued:…

(2) An action upon a liability created by statute, when no other time is fixed by the statute creating the liability.

(3) An action for a penalty or forfeiture when no time is fixed prescribing it.

(7) An action for an injury to the rights of the plaintiff, not arising on contract and not otherwise enumerated."

Authority:

There is no appellate authority applying a statute of limitations to UCC § 9-625 under the default provisions of Article 9. The Court need not decide which of the candidates above under KRS § 413.120 apply, as all exceed the three-year period of CPLR § 214(2).

Disqualification of any Shorter Period:

No shorter candidate has been found.

*Maine –* **3 year Class Period applies:**

<u>Statutory Candidates:</u>

**6 years –** 14 M.R.S. § 752 *"Six Years"*

"All civil actions shall be commenced within 6 years after the cause of action accrues and not afterwards, except actions on a judgment or decree of any court of record in the United States, or of any state, or of a justice of the peace in this State, and except as otherwise specially provided."

**1 year –** 14 M.R.S. § 858 *"Limitations on actions for penalties"*

"Actions for any penalty or forfeiture on a penal statute, brought by a person to whom the penalty or forfeiture is given in whole or in part, shall be commenced within one year after the commission of the offense. If no person so prosecutes, it may be recovered by civil action, indictment or information in the name and for the use of the State at any time within 2 years after the commission of the offense and not afterwards."

<u>Authority:</u>

There is no Maine appellate authority applying a statute of limitations to violations of UCC § 9-625 under the default provisions of Article 9. Maine has the general 6 year statute for "all civil actions...except as otherwise specially provided" as per above. A 3-year Class Period applies in Maine as the statute exceeds the 3-year Class Period established by CPLR § 214(2).

<u>Disqualification of any Shorter Period:</u>

In *Hall v. Hall,* 112 Me. 234, 91 A. 949 (1914), the Supreme Judicial Court of Maine construed the predecessor statute of § 858, R.S. c. 83 § 97, which "provides that: Actions and suits for any penalty or forfeiture on a penal statute by a person to whom the penalty or forfeiture is given in whole or in part, shall be commenced within one year after the commission of the offense[.]"

The *Hall* court applied this statute in connection with a statute that awards treble damages for trespass to land. The court ruled:

> If the right of action be given to the injured party, and the increased damages are only incidental to the general right to recover, the statute and action are remedial. And it is immaterial whether the statute says that the injured party may recover, or that the offending party shall forfeit to the injured party; the meaning is the same. *But if the right of action be given to others than the injured party, the statute and action are penal.*

*Id.* (emphasis added.) Therefore, in the present action, the shorter period under § 858 does not apply under controlling law, as the right of action is given solely to the consumer obligor.

*Maryland* **– 3 year Class Period applies:**

<u>Statutory Candidates:</u>

**3 years –** MD Code § 5-101 *"Civil Actions"*

"A civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced."

**1 year –** MD Code § 5-107 *"Suits for fines, penalties, and forfeitures"*

"Except as provided in [inapplicable sections], a prosecution or suit for a fine, penalty, or forfeiture shall be instituted within one year after the offense was committed."

<u>Authority:</u>

There is no appellate authority applying a statute of limitations to UCC § 9-625 for violations of the default provisions of Article 9. Maryland applies the three year statute above to most "civil actions" at law.

<u>Disqualification of any Shorter Period:</u>

In *Master Financial, Inc. v. Crowder,* 972 A.2d 864, 876 (Md. 2009), Maryland's Court of Appeals (highest appellate court) considered the defendant mortgagee's argument that a class action seeking forfeiture of interest under the Secondary Mortgage Loan Law constituted a "penalty" under § 5-107, and should apply the one-year limitations period for a "suit for a fine, penalty or forfeiture."

The Court of Appeals held § 5-107 "was not intended to encompass 'a private right of action to enforce a private remedy.'" *Id.* at 877, citing *Williams v. Standard Federal Savings,* 76 Md. App. 452, 460, 545 A.2d 708, 711 (1988). Here, UCC damages are by way of a "private right" of action, given exclusively to debtors or secondary obligors, for the enforcement of a "private remedy." Therefore the shorter period under § 5-107 is disqualified under controlling law.

*Massachusetts* – **3 year Class Period applies:**

<u>Statutory Candidates:</u>

**6 years –** M.G.L.A. 260 § 2 "*Contract Actions*"

"Actions of contract, other than to recover for personal injuries, founded upon contracts or liabilities, express or implied, except actions limited by section one [contracts under seal] or actions upon judgments or decrees of courts of record of the United States or of this or of any other state of the United States, shall, except as otherwise provided, be commenced only within six years next after the cause of action accrues."

**4 years –** M.G.L.A. 260 § 5A "*Consumer Protection actions*"

"Actions arising on account of violations of any law intended for the protection of consumers, including but not limited to the following [list of sections included, does not include any action involved in this lawsuit]; whether for damages, penalties or other relief and brought by any person, including the attorney general shall be commenced only within four years next after the cause of action accrues."

**3 years –** M.G.L.A. 260 § 2A "*Tort*"

"Except as otherwise provided, actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within three years next after the cause of action accrues."

**1 year –** M.G.L.A. 260 § 5

"Actions for penalties or forfeiture under penal statutes, if brought by a person to whom the penalty or forfeiture is given in whole or in part, shall be commenced only within one year next after the offense is committed. But if the penalty or forfeiture is given in whole or in part to the commonwealth, an action therefore by or in behalf of the commonwealth may be commenced only within two years next after the offense is committed. This section shall not apply to any action set forth in section five A."

<u>Authority:</u>

There is no appellate authority applying a statute of limitation to UCC § 9-625 damages in connection with the default provisions of Article 9. Massachusetts looks to the underlying remedy to determine the statute of limitations. *E.g., Micera v. Neworld Bank,* 592 N.E.2d 1294 (Mass. 1992). Therefore, the Court need not consider whether § § 2, 5A, or 2A applies – as all equal or exceed the 3 year period established in this case in CPLR § 214(2).

<u>Disqualification of any Shorter Candidate:</u>

In *E.S. Parks Shellac Co. v. Harris*, 129 N.E. 617, 618 (Mass. 1921) an action was brought based upon defendant corporation/corporate officer's signing certificates about the corporation which were "false in certain material representations," known by the corporate officer to be false, and relating to the assets and liabilities of the corporation. Defendant asserted the recovery sought was a "penalty" which was barred under predecessor statute of § 260 5, R.L. c. 202 § 5, limiting actions for "penalties or forfeitures under penal statutes if brought by a person to whom the penalty or forfeiture is given in whole or in part" to "one year next after the offense is committed." *Id.*

The Supreme Judicial Court of Massachusetts ruled that for the one-year statute to apply, it was not necessary for the wrongful act to also be crime. However, when the action to recover is in favor of "the commonwealth, a wife or relative of some person connected with the transaction, or an informer, the cause of action is for the recovery of a penalty." *Id.,* at 619. Another hallmark of applicability of a penal statute is that it may not be enforced beyond the state creating it. *Id.* The remedy in suit was also not a "penalty," because it was "not [for] a public wrong, but protects private rights." *Id.,* at 620. For all of these reasons, the one-year penalty limitations period statute would not apply. *Id.*

The same result was reached in *Anawan Ins. Agency, Inc. v. Division of Ins.*, 946 N.E.2d 688, 692-93 (Mass. 2011), where the Supreme Judicial Court determined that an administrative action resulting in $30,000 in fines by the Department of Insurance against an insurance agency for paying commissions to an unlicensed agent fell under the four-year statute of § 5A, rather than the one-year penal statute of § 5:

> The essential nature of the right asserted determines the appropriate statute of limitations…The essential nature of the right under [the act prohibiting paying such commissions] reflects a legislative intent to protect consumers from unlicensed practitioners in the field of insurance...Given this consumer-protective intent or purpose [the act] clearly has "characteristics that are common with consumer protection statutes." …[W]e conclude here that §5A's four year statute of limitation applies[.]

*Id.* The *Anawan* court reached this result even though the act prohibiting the commissions was not enumerated within § 5A. Therefore, the one year period under § 5 does not apply to the present action under controlling law.

*New Hampshire* – **3 year Class Period applies:**

<u>Statutory Candidates:</u>

**3 years –** N.H.Rev.Stat. § 508.4 "Personal Actions"

"1. Except as otherwise provided by law, all personal actions, except actions for slander or libel, may be brought only within 3 years of the act or omission complained of, except that when the injury and its causal relationship to the act or omission were not discovered and could not reasonably be discovered at the time of the act or omission, the action shall be commenced within 3 years of the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered the injury and its causal relationship to the act or omission complained of."

**2 years –** N.H.Rev.Stat. § 616.9

"All suits or prosecutions founded upon a penal statute for penalties or forfeitures shall be brought within 2 years after the commission of the offense, unless otherwise specially provided. This section shall apply only to suits or prosecutions brought under this chapter."

<u>Authority:</u>

There is no appellate authority applying a statute of limitations to UCC § 9-625 damages for violations under the default provisions of Article 9. Therefore, § 508.4 for "all" personal actions applies. § 508.4 also applies to actions sounding in contract. (*Gans v. Grant,* 2013 WL 3354436 * 4 (D.N.H. July 2, 2013)) ("Under New Hampshire law, breach of contract actions are subject to a three-year statute of limitations.") Therefore the 3-year Class Period established by CPLR § 214(2) applies.

<u>Disqualification of any Shorter Candidate:</u>

Section 616.9 is inapplicable by its terms as the "section shall apply only to suits or prosecutions brought under this chapter." The UCC is not found in that chapter.

**6 years –** N.J.S.A 2A:14-1 "*6 years*"

"Every action at law for trespass to real property, for any tortuous injury to real or personal property, for taking, detaining, or converting personal property, for replevin of goods or chattels, for any tortuous injury to the rights of another not stated in sections 2A:14-2 [actions commenced by state] and 2A:14-3 [actions for damages from a survey] of this Title, or for the recovery upon a contractual claim or liability, express or implied, not under seal, or upon an account other than one which concerns the trade or merchandise between merchant and merchant, their factors, agents and servants, shall be commenced within 6 years next after the cause of any such action shall have accrued."

**2 years/1 year –** N.J.S.A. 2A:14-10 "*2 years and 1 year; actions on a penal statute*"

"All actions at law brought for any forfeiture upon a penal statute made or to be made, shall be commenced within the periods of time herein prescribed:

a. Within 2 years next after the offense committed or to be committed against the statute, when the forfeiture is or shall be limited by the statute to the state of New Jersey only:

b. Within 2 years next after the offense committed or to be committed against the statute, or cause of action accrued, when the benefit of the forfeiture and the action therefor shall be limited to the party aggrieved;

c. Within 1 year next after the offense committed or to be committed against the statute, when the benefit of the forfeiture and the action thereof is or shall be limited or given by the statute to any person who shall prosecute for the same, or to the state of New Jersey, and to any other who shall prosecute in that behalf, except that in default of such action, the same shall be brought for the state of New Jersey, at any time within 1 year after the termination of the aforesaid year."

There is no appellate authority applying a statute of limitation to UCC § 9-625 damages for violations of the default provisions of Article 9. There is no statute for a "statutory liability." A three-year Class Period would apply since New Jersey's statute for "recovery upon a contractual claim or liability express or implied" exceeds N.Y.C.P.L § 214(2).

Section 2A:14-10b. does not appear to apply by its express terms. There is no "offense" under the UCC, the action is not one for "forfeiture," and the cause of action under UCC § 9-625 is not under a "penal statute." In considering § 2A:14-10 within the context of the New Jersey Dept. of Environmental Protection Agency's action to collect pollution penalties, the Superior Court of

New Jersey noted: "In order for N.J.S.A. 2A:14-10 to apply, it must first be shown that the claims are  brought pursuant to a penal statute. A penal statute has been defined as 'one which imposes punishment for an offense against the state as compared to a wrong against an individual.'" *State Dept of Environmental Protection v. Larchmont Farms, Inc.,* 628 A.2d 761, 770 (N.J. App. 1993) citing, *Abbott v. Doctors Ridgik, Steinberg & Assocs., P.A.,* 609 F.Supp. 1216, 1218 (D. N.J. 1985) For 2A:14-10 to apply the action must also constitute a "forfeiture." *Id.* "Forfeiture proceedings are civil *in rem* actions, not against the owner of possessor of the property, but against the property itself." *Id.*

Statutory Candidates:

**3 years** – CPLR § 214(2)

"The following actions must be commenced within three years:…
(2) an action to recover upon a liability, penalty or forfeiture created or imposed by statue except as provided in 213 and 215;" [1]

**1 year** – CPLR § 215(4)

"The following actions shall be commenced within one year:…
(4) an action to enforce a penalty or forfeiture created by statute and given wholly or partly to any person who will prosecute; if the action is not commenced within the year by a private person, it may be commenced on behalf of the state, within three years after the commission of the offense, by the attorney-general or the district attorney of the county where the offense was committed;"

Authority:

In *Hales v. HSBC Bank, U.S.N.A.,* 347 Fed.Appx. 698, 699 (2nd Cir. 2009) (unpublished) the Court of Appeals applied this statute to Article 9 damages claim under § 9-625:

> New York C.P.L.R. 214(2) provides a three-year statute of limitations for "an action to recover upon a liability, penalty, or forfeiture created or imposed by statute." For a liability to be created by statute, the statute "must impose a liability for wrongs not recognized in the common or decisional law."…As Hales'

---

[1]    § 213(1) "an action for which no other limitation is specifically prescribed by law." (6 years)
       § 213(2) "an action upon a contractual obligation or liability, express or implied, except as provided in section two hundred thirteen-a of this article [residential rent overcharge] or article 2 of the uniform commercial code or article 36-B of the general business law." (6 years)
       § 215 (1) "an action against a sheriff, coroner or constable, upon a liability incurred by him by doing an act in his official capacity or by omission of an official duty, except the non-payment of money collected upon an execution;" (1 year)
       § 215(2) "an action against an officer for the escape of a prisoner arrested or imprisoned by virtue of civil mandate;" (1 year)
       § 215(3) "an action to recover damages for assault, batter, false imprisonment, malicious prosecution, libel, slander, false words causing special damages, or a violation of the right to privacy section fifty-one of the civil rights law;" (1 year)
       § 215(5) "an action upon an arbitration award." (1 year)
       § 215(6) "an action to recover any overcharge of interest…" (1 year)
       § 215(7) "an action by a tenant…" (1 year)
       § 215(8) "whenever it is shown that a criminal action against the same defendant has been commenced with respect to the event or occurrence from which a claim governed by this section arises,.." (1 year)

damages claim for breach of Article 9 of the U.C.C. seeks to recover damages not available at common law, it is time barred [as it was filed more than three years after accrual.] (internal citations omitted.)

Here, prior to the 2001 revisions of Article 9, there was no duty for the secured party to send a notification of disposition which informed the debtor of his right to an accounting of his unpaid indebtedness as per UCC § 9-614(1). There was no right to recover statutory damages. Therefore, neither the duty to provide this information nor the statutory remedy for failing to provide it existed at common law or in prior decisional law.

<u>Disqualification of Shorter Period:</u>

While *Hales* did not discuss § 215(4), it appears to be disqualified by its express terms. It requires the penal statute or forfeiture to be given "wholly or partly to *any* person who will prosecute it" such as a private attorney general or common informer. And, if not prosecuted by that party, it may be brought by the state. In the present action the UCC damages under § 9-625 are not "penal," they are not recoverable by "any person who will prosecute" the claim, and they may not be brought by the state upon the aggrieved obligor's failure to timely file suit.

<u>Statutory Candidates:</u>

**3 years** – N.C.G.S.A. § 1-52 *"Three years"*

"Within three years an action…
(1) Upon a contract, obligation or liability arising out of a contract, express or implied, except those mentioned in the preceding sections or in G.S. 1-53(1). [exceptions not applicable].
(2) Upon a liability created by statute, either state or federal, unless some other time is mentioned in the statute creating it."

**1 year** – N.C.G.S.A. § 1-54 *"One year"*

"Within one year an action or proceeding…
(2) Upon a statute, for a penalty or forfeiture, where the action is given to the State alone, or in whole or in part to the party aggrieved, or to a common informer, except where the statute imposing it prescribes a different limitation."

<u>Authority:</u>

There is no North Carolina appellate authority applying a statute of limitations to UCC § 9-625 for violations of the default provisions of Article 9 violations. Here, a 3-year Class Period applies as either § 1-52(1) or (2), which is the same as under CPLR § 214(2).

<u>Disqualification of a Shorter Period:</u>

In *Holley v. Coggin Pontiac,* 43 N.C.App. 229, 259 S.E.2d 27 (1979), the Court of Appeals of North Carolina considered whether § 1-52(2) for a 3-year period in actions upon a statutory liability applied, or, as defendant urged, the 1-year period under § 1-54(2) applied instead, to North Carolina's Unfair Trade Practices Act. The *Holley* court noted the UTPA's treble damages provision was not "for the sole purpose of punishment…Having multiple objectives of which some are not penal in nature, the statute cannot be deemed a penal statute." *Id.* at 237. These multiple purposes were to serve as an incentive to ferret out fraudulent and deceptive trade practices, to provide a remedy for those injured, and to serve as a deterrent against future violations of the statute. *Id.* Moreover, the "'penalty' must be spelled out [in the statute] and not implied" such as "the $5,000 'civil penalty.'" *Id.* at 242. Therefore, the three year statute at applied. *Id.* The Holley court's reasons were more recently affirmed in *Caldwell v. Smith,* 203 N.C. App. 725, 692 S.E.2e 483, 485 (2010).

Here, the UCC statutory damages expressly provide they are "statutory damages" and not a "civil penalty;" even if the damages can be said to include a "penal" purpose, that is not the "sole" purpose; and, they are not a sum certain such as "$5,000" but vary according to the obligor's contractual terms. Accordingly, the shorter one-year period of § 1-54(2) does not apply under controlling law.

**10 years –**R.C. § 2305.14 "*For other relief*"

"An action for relief not provided for in sections 2305.04 to 2305.13 and section 1304.35 [none applicable here] shall be brought within ten years after the cause of action thereof accrued. This section does not apply to an action on a judgment rendered in another state or territory."

**6 years –** R.C. § 2305.07 "*Contract not in writing*"

"Except as provided in sections 126.301 and 1302.98 of the Revised Code, an action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued."

**1 year –** R.C. § 2305.11 "*Time limitations for bringing certain actions*"

"(A) An action for libel, slander, malicious prosecution, or false imprisonment, an action for malpractice other than an action upon a medical, dental, optometric, chiropractic claim, or an action upon a statute for a penalty or forfeiture shall be commenced within one year after the cause of action accrued, provided that an action by an employee for the payment of unpaid minimum wages…shall be commenced within two years after the cause of action accrued."

Authority:

There is no appellate authority applying a statute of limitations to UCC § 9-625 for violations of the default provisions of Article 9. The 6 year limitations period for a "statutory liability" would apply to create a Class Period of three years under CPLR § 214(2).

Disqualification of any Shorter Candidate:

Section 2305 applies to actions "for a penalty or forfeiture." In *Cleveland Mobile Radio Sales, Inc. v. Verizon Wireless,* 865 N.E.2d 1275, 1276 (Ohio 2007), the Supreme Court of Ohio considered the difference between the two statutes in connection with a statute that permitted treble actual damages against a public utilities company for unlawful acts by a person injured thereby. In determining that the statute at issue was "penal" within the one year limitations statute, the court considered that the permitted recovery of "treble damages" provided for punitive damages, and was therefore not akin to liquidated or stipulated damages; the treble damages recovery furthers the goal of ensuring compliance with state's governing bodies; the statute included a remedy for the state to bring an action for an express "penalty; " and, that the "primary intent" of the statute is to provide a "statutory penalty." *Id.,* at 1278-80. Here, the UCC statutory damage cannot be said to be "primarily" penal as the UCC prohibits penal damages unless specifically designated as such. *See,* UCC § 1-106. Section 9-625 refers to the damages as "minimum statutory *damages.*" The damages are not multiplied actual damages (*e.g.,* "treble damages") but alternative damages to the consumer proving actual damages.

In *Jenkins v. Hyundai Motor Financing Co.,* 389 F.Supp. 961, 971-72 (S.D. Ohio 2005), the district court applying Ohio law considered the two statues in connection with a consumer's claim for minimum statutory damages under UCC § 9-625(c)(2) for the secured party's failure to provide compliant notification of disposition.

The court noted that in a non-statute of limitations context, the Ohio Court of Appeals described the statutory damages under superseded § 9-507(1) as unrelated to the actual harm suffered and the degree of wrongdoing by the secured party, and thus was penal in nature. *Id.,* 972. However, the district court in *Jenkins* disagreed that in the statute of limitations context such damages were a under "penal" statute for several reasons. First, the UCC itself provides that the remedies there in "shall be liberally administered to the end that the aggrieved party may be put in as good as a position as if the other party had fully performed, but neither *consequential nor special nor penal damages* may be had except as specifically provided[.]" *Id.* The *Jenkins* court also considered that the UCC had designated the recovery as "minimum statutory damages" which the consumer may elect instead of proving actual damages. *Id.* Accordingly, it applied the longer statute for a "statutory liability" because while the recovery may be said to include both remedial and penal aspects, the court looks to its "primary purpose." *Id.,* at 972.

Applicable Statute:

**6 years –** 42 Pa.C.S.A.5527…

(b)  *"Other civil action or proceeding."* "Any civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation) must be commenced within six years."

Authority:

There is direct appellate authority on point in Pennsylvania. *Cubler v. Trumark Fin. Credit Union,* 83 A.3d 235, 237 (Pa. Ct. App. 2013), was a class action for statutory damages under Pennsylvania's UCC § 9-625(c)(2) for the secured party's disposing of collateral after failing to provide notification of disposition that, *inter alia,* "advise[d] the borrower of the right to an accounting and the charge to the borrower for such accounting."

The Court of Appeals reversed the trial court which had applied a two-year limitations statute under 42 Pa.C.S.A. § 5524(5) for "an action upon a statute for a civil penalty or forfeiture. *Id.,* at 238. The Court of Appeals ruled that a § 9-625(c)(2) statutory damages claim is not a claim for a civil penalty since the statute speaks of the recovery as "statutory damages;" the statue is remedial in purpose; neither the statute nor the UCC is "penal"; and, the minimum statutory damages reflect "recognition of the inherent difficulty for the claimant to qualify and prove actual damages." *Id.* at 241.

Therefore, "[w]e hold that the relevant provisions of section 9-625 are not 'punitive' in nature, nor do they provide for a 'civil penalty' or 'forfeiture.' …[Plaintiff's] *action fell under the residual six-year statute of limitations,* see 42 Pa.C.S.A. § 5527(b)[.]" *Id.* at 242 (emphasis added.)

<u>Statutory Candidates:</u>

**10 years –** G.L. 1956 § 9-1-13

"(a) except as otherwise specially provided, all civil actions shall be commenced within ten (10) years next after the cause of action shall accrue, and not after.

(b)…an action for recovery of damages for personal injury, death, or damage to real or personal property, including any action based upon implied warranties arising out of design, inspection, listing or manufacturing defect, or any other defect of whatsoever kind or nature in a product[.]"

<u>Authority:</u>

There is no appellate authority applying a statute of limitation to UCC 9-625 for violations of the default provisions of Article 9 violation. Rhode Island has no separate statute for a "statutory liability." Rhode Island's "catch-all" statute of § 9-1-13(a) applies to actions for breach of contract. ("Ordinarily this provision applies to contract claims[.]" *Bisbano v.Srine Printing Co., Inc.* __A.3d___ 2016 WL 943424 (R.I. Sup. Ct. March 14, 2016. ) Therefore, whether characterized as a breach of an implied contractual duty imposed by statute, a tort related to the damage to person property or under a catch-all statute provision, an action to recover Article 9 statutory damages may be brought within 10 years of accrual in Rhode Island as no "otherwise specially provided" statue is applicable. Therefore, the 3 year Class Period established by CPLR § 214(2) applies.

<u>Disqualification of any Shorter Period:</u>

No candidate for a shorter period is identified.

*South Carolina:* **3 years Class Period Applies:**

Statutory Candidates:

**3 years – § 15-3-530, *S.C.Code Ann.*** "*Within three years*:

(1) an action upon a contract, obligation, or liability, express or implied excepting those provided for in Section 15-3-520 [which is inapplicable, extends period for instruments under seal];

(2) an action upon a liability created by statute other than a penalty or forfeiture;"

**3 years – § 15-3-540** "*Within three years*:

(2) An action upon a statute for a penalty or forfeiture when the action is given to the party aggrieved or to such party and the State, except when the statute imposing it prescribes a different limitation."

**1 year – § 15-3-570** "*Action for penalty.*"

"An action upon a statute for a penalty or forfeiture given, in whole or in part, to any person who will prosecute for it must be commenced within one year after the commission of the offense."

Authority:

There is no South Carolina appellate authority applying a statute of limitations period to UCC § 9-625 for a violation of the default provisions of Article 9. This Court need not decide whether § 15-3-530(1) or (2) or § 15-3-540(2) applies, as all candidates equal the limitations period of CPLR § 214(2) of three years, and thus the Class Period is 3 years.

Disqualification of any Shorter Period:

Section 15-3-570 is inapplicable by its terms to Article 9 violations. Damages under UCC § 9-625 are not "penal." Moreover, § 15-3-540 is limited to a recovery under the penal statute by the injured or aggrieved party, rather than "any person who will prosecute for it" as under § 15-3-570. *See, Pressley v. Tupperware Long Term Disability Plan,* 553 F.3d 334, 339 (4th Cir. 2009) ruling with respect to § 15-3-540 "[t]he literal and plain language of section 15-3-540 – creating a three-year limitations period for '[a]n action upon a statute or penalty or forfeiture when the action is given to the party aggrieved' – fits claims for [ERISA violations] because such claim is given to the 'requesting participating beneficiary', *i.e.,* 'the party aggrieved.'" On the other hand, § 15-3-570 "was clearly intended to encompass more persons than only 'the party aggrieved' (if it was meant to encompass 'the party aggrieved' at all)." Therefore, the more specific statute for claims by "the party aggrieved" under § 15-3-540 controlled. *Id.*

Section 15-3-570 is thus disqualified by its express terms.

*Texas* – **3 year Class Period applies:**

<u>Statutory Candidates:</u>

**4 years –** V.T.C.A. § 16.051 *"Residual Limitations Period"*

"Every action for which there is no express limitations period, except an action for the recovery of real property, must be brought not later than four years after the date the cause of action accrued."

<u>Authority:</u>

In non-consumer goods transaction under pre-revision Article 9, debtor brought action for damages, alleging secured party disposed of his collateral without providing written notice of the disposition first. *International Bank, N.A. v. Morales,* 736 S.W.2d 622, 623 (Tex. 1987). Debtor alleged also a failure to sell the collateral in a commercially reasonable manner under Article 9. *Id.,* at 624.

The Texas Supreme Court ruled that "the duty to dispose of collateral in a commercially reasonable manner is an implied covenant in all contracts under [superseded UCC § 9-504, now § 9-611]…Breach of that covenant gives rise to a cause of action sounding in contract." *Id.*

In *Martinez v. Corpus Christi Area Teachers Credit Union,* 758 S.W.2d 946, (Tex. Ct. App. 1988), the Texas Court of Appeals considered which limitations period to apply to an action where debtor alleged secured party failed to dispose of his repossessed collateral in a commercially reasonable manner. "The duty of dispose of collateral in a commercially reasonable manner is an implied covenant in all contracts under Tex. Bus. & Comm. Code Ann. § 9.504…and the breach of such a covenant gives rise to a cause of action sounding in contract…An action to enforce such a covenant is governed by the four-year statute." *Id.,* at 952. (internal citations omitted.) *See, generally, Stine v. Stewart,* 80 S.W.3d 586, 592 (Tex. 2002) "A party asserting a breach of contract claim must sue no later than four years after the day the claim accrues. Tex. Civ. Prac. & Rem. Code § 16.051." Therefore, the 3-year Class Period of CPLR § 214(2) applies here, as controlling Texas law would apply the four year statute of limitations for contract actions to this action for breach of a UCC statutory duty imposed upon contracting parties.

<u>Disqualification of any Shorter Candidate:</u>

No shorter candidate is identified.

*Vermont* – **3 year Class Period applies:**

<u>Statutory Candidates</u>

**6 years –** 12 V.S.A. § 511 *"Civil action"*

"A civil action, except one brought upon the judgment or decree of a court of record of the United States or this or some other state, and except as otherwise provided, shall be commenced within six years after the cause of action accrues and not thereafter."

<u>Authority</u>

There is no appellate authority applying a statute of limitations period to an action under Article 9 or for UCC 9-625 damages. The Class Period will be three years under CPLR § 214(2).

<u>Disqualification of any Shorter Period:</u>

No candidate for a shorter period is identified.

*Virginia* – **2 year Class Period applies:**


<u>Statutory Candidates:</u>

**2 years –** VA Code Ann. § 8.01-248 "*Personal actions for which no other limitation is specified*'

"Every personal action accruing on or after July 1, 1995, for which no limitation is otherwise prescribed, shall be brought within two years after the right to bring the action has accrued."

<u>Authority:</u>

There is no appellate authority applying a statute of limitations for UCC § 9-625 damages for violations of the default provisions of Article 9. A district court decision, *Leggat v. Equifax Information Services, Inc.,* 2009 WL 2432371 * 2 (E.D. Va. Aug. 6, 2009), applied this provision to an action for violation of Article 9 by wrongful repossession of plaintiff's collateral over plaintiff's unsuccessful request for application of the four year UCC Article 2 statute of limitations for sales of goods. Therefore, the shorter period will apply for a two-year Class Period.

<u>Disqualification of any Shorter Candidate:</u>

No shorter candidate is identified.

Statutory Candidates:

**10 years** – W.Va. Code §55-2-6 "*Action to recover on award or contract other than a judgment or recognizance*"

"Every action to recover money, which is founded upon an award, or any contract other than a judgment or recognizance, shall be brought within the number of years next after the right to bring the same shall have accrued, that is to say:…

If the case be upon an indemnifying bond taken under any statue, or upon a bond of an executor, administrator or guardian….or public officer, within ten years; if it be upon any other contract in writing under seal, within ten years; if it be upon an award, or upon a contract in writing, signed by a party to be charged thereby, or by his agent, but not under seal, within ten years, and if it be upon any other contact express or implied, within five years[.]

**2 years** – W.V.Code § 55-2-12 "*Personal action not otherwise provided for*"

"Every personal action for which no limitation is otherwise prescribed shall be brought: (a) within two years next after the right to bring the same shall accrued, if it be for damages to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter that, in case a party die, it could not have been brought a common law or by his personal representative.

Authority

There is no appellate authority applying a statute of limitations to an action for UCC § 9-625 damages for violations of the default provisions of Article 9. West Virginia has no separate limitations statute for a "statutory liability." *See, Thomas v. Branch Banking and Trust*, 443 F.Supp.2d 806 (N.D. W. Va. 2006) compiling decisions and discussing West Virginia Supreme Court of Appeals' authority deciding whether a statutory liability imposed upon contracting parties sounds in contract for statute of limitations purposes under § 55-2-6, or in tort under § 55-2-12. *Id.,* at 811-813.

In *Thomas,* debtor brought action against secured party bank for violation of its Article 9 duty to preserve debtor' collateral under UCC § 9-207. *Id.,* at 808. Applying West Virginia's criteria for distinguishing between the tort or contract limitations statutes for this UCC claim, the court reasoned that a violation of this Article 9 duty sounded in contract:

> The central inquiry is whether the legislature intended recovery to consist of damages arising from a contractual relationship between the parties, or instead, to include the possibility of winning damages traditionally associated with tort actions. Where a plaintiff's damages must be calculated by making reference to the terms of the contract with the defendant, or where they relate to economic

27

> losses suffered as a result of a breach, the limitation of § 55-2-6 apply. …However, where a plaintiff alleges that a defendant's conduct caused physical harm to persons or property, damages are controlled by common law torts and a two-year limitations period applies.

*Id.,* at 813. The *Thomas* court also noted that the UCC § 1-106 does not provide for punitive damages which would be consistent with "common law rules barring such remedies in contract actions." *Id.,* at 814.

Here, minimum statutory damages cannot be awarded without reference to the financial terms of the contract. There is no allegation that M&T's conduct "caused harm to persons or property." The UCC itself provides that its remedies are not punitive damages. A consumer debtor under UCC § 9-625 may elect actual damages under (b), or minimum statutory damages under (c) instead, for a secured party's Article 9 violation pertaining to his default remedies. Therefore, West Virginia would find that an action to recover UCC § 9-625(c)(2)'s minimum statutory damages sounds in contract, and thus would apply the statute of limitations period of 10 years applicable to written, signed contracts.

### Disqualifying any Shorter Candidates:

No other candidate for a shorter period has been found.