UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERRY PINKS, individually and on behalf of others similarly situated,

                Plaintiff,

                vs.

M & T BANK CORP.,

                Defendant.

No. 13-cv-1730—LAK—RLE

## OPPOSITION TO PLAINTIFF'S AMENDED MOTION FOR CLASS CERTIFICATION

On July 21, 2016, contemporaneously with the filing of his reply brief, Plaintiff Jerry Pinks filed an Amended Motion for Class Certification (Dkts. 167 and 169) ("Amended Motion"), well after the applicable deadline and without leave of Court. In doing so, Plaintiff jettisoned Maryland residents from his proposed class definition, Dkt. 169, and admitted that his lawyer's summary chart was legally deficient. Dkt. 170 at 1. No additional evidence or rebuttal evidence was submitted by Plaintiff.

Plaintiff's Amended Motion continues to suffer from the same fundamental deficiencies as his original Motion.[1] Specifically, Plaintiff has failed to meet his burden of proof relating to

---

[1] Defendant is filing this Opposition to Plaintiff's Amended Motion to make clear that class certification continues to be inappropriate notwithstanding Plaintiff's purported amendment and to avoid any contrived arguments of waiver by Plaintiff. Plaintiff's arguments demonstrate a fundamental misunderstanding of the procedural history of this case, the import of the Court's decisions and the difference between issues raised at the pleading stage (where his factual allegations must be accepted as true) and subsequent stages of litigation based upon an evidentiary record, such as at the class certification stage (where he has an evidentiary burden). A party does not concede or admit an issue simply because a particular issue is not raised at the pleadings stage on a motion to dismiss or motion for judgment on the pleadings.

each of the standing requirements (Article III, statutory and class standing) and with respect to the requirements of Federal Rule of Civil Procedure 23, as set forth in Defendant's Opposition to his original Motion. *See* Dkts. 153, 154, and 155. Plaintiff's Amended Motion further illustrates the very reasons why courts refuse to allow a plaintiff to represent persons with alleged claims that the plaintiff does not personally possess. Accordingly, for all the reasons set forth in its Opposition, which are hereby incorporated by reference, Defendant M&T Bank Corp. respectfully requests that this Court deny Plaintiff's Amended Motion and thereafter dismiss the action for lack of subject matter jurisdiction.

Dated: August 3, 2016

**REED SMITH LLP**

By: */s/ Roy W. Arnold*

    Roy W. Arnold
    Andrew J. Soven
    Justin J. Kontul
    225 Fifth Avenue, Suite 1200
    Pittsburgh, PA 15222
    Telephone: (412) 288-3131

    Steven Cooper
    599 Lexington Avenue
    New York, NY 10022
    Telephone: (212) 521-5400

    *Counsel for Defendant M&T Bank*

## CERTIFICATE OF SERVICE

      I hereby certify that on August 3, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF.

                                                        */s/ Roy W. Arnold*

                                                        *Counsel for Defendant M&T Bank*