UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────

JERRY PINKS,

                              Plaintiff,

               - against -

M&T BANK CORP.,

                              Defendant.
────────────────────────────────

**MEMORANDUM OPINION AND ORDER**

**13-CV-1730 (LAK) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiff Jerry Pinks ("Pinks") commenced this putative class action against Defendant M&T Bank Corporation ("M&T") on March 14, 2013. (Doc. No. 1.) On March 26, 2013, the Honorable Lewis A. Kaplan referred this case to the undersigned for general pretrial and dispositive motion. (Doc. No. 4.) Before this Court is Pinks's motion to re-designate M&T's affirmative defense based on the doctrine of setoff to a conditional counterclaim pursuant to Federal Rule of Civil Procedure 8(c)(2), and to dismiss it pursuant to Rule 12(c). (Doc. No. 131 at 1.)

Pinks brought this action on behalf of himself and a multi-state class, alleging that M&T failed to send written notice with respect to repossession and sale of consumer collateral, in violation of Uniform Commercial Code ("UCC") §§ 9-613 and 9-614. (Doc. No. 1 at 1.) In its Answer, M&T pled that Pinks's Complaint was "barred, in whole or in part, by the doctrine of setoff." (Doc. No. 38 at 8.) Pinks asked M&T to identify each setoff that barred the Complaint. (Doc. No. 137-1 at 15.) M&T responded:

> Plaintiff's claim should be subject to the doctrine of set off [sic] (and/or recoupment) with respect to the deficiency owed by Plaintiff to M&T.

> Additionally, M&T reserves its right to assert a set-off [sic] (and/or recoupment) for any deficiency balances of putative class members.

(*Id.*) Pinks sought additional discovery because he had anticipated that M&T would assert a counterclaim with respect to the deficiencies owed against individual class members. (Doc. No. 134 at 4.) M&T denied any intent to plead a counterclaim class, but, according to Pinks, M&T "made it equally clear that its deficiency claims against putative class members were included within the scope of the 'affirmative defense.'" (*Id.*)

Pinks asks the Court to treat M&T's affirmative defense as asserting conditional counterclaims against absent putative class members with deficiency accounts that: "(1) are allegedly owed to M&T, and (2) have not been reduced to judgment in prior proceedings." (*Id.* at 1.) He claims that M&T's defense is "mistakenly designated as an avoidance or affirmative defense" under Rule 8(c)(1), rather than as a claim for relief. (*Id.*) If the Court redesignates the defense as a conditional counterclaim, Pinks asks that the counterclaim be dismissed on the basis that putative class members cannot be subject to counterclaims. (*Id.* at 2) (citing *In re Bank of New York Mellon Corp. Forex Transactions Litig.*, 42 F. Supp. 3d 520, 527 (S.D.N.Y. 2014) ("This Court agrees with those [cases] that have held that non-party putative class members are not properly considered 'opposing parties' under Rule 13")).

M&T argues that by pleading the setoff defense and answering Pinks's interrogatories, it has provided sufficient notice that individual setoff defenses may be applicable to putative class members. (Doc. No. 137 at 1.) It further argues that setoff is properly pleaded as an affirmative defense to an action for damages. (*Id.* at 2.) M&T maintains that because putative class members are not currently parties to this action individual counterclaims cannot be asserted at this time, and thus it has not asserted any counterclaims for deficiency balances owed by putative

2

class members. (*Id.* at 1.) M&T classifies Pinks's motion as an attempt to avoid Rule 12(f)'s deadline for filing a motion to strike an affirmative defense. (*Id.* at 2.) According to M&T, Pinks's motion should be denied as untimely under Rule 12(f) because it was filed 667 days after the Answer was filed. (*Id.*)

For the reasons that follow, Pinks's motion to redesignate M&T's affirmative defense is **DENIED.**

## II. DISCUSSION

In response to a pleading, "a party must affirmatively state any avoidance or affirmative defense." FED. R. CIV. P. 8(c)(1). Rule 8(c) merely provides a non-exhaustive list of affirmative defenses. *See Brennan v. Roman Catholic Diocese of Syracuse of New York, Inc.*, 965 F. Supp. 2d 234, 246 (N.D.N.Y. 2013.) "Generally, affirmative defenses fall into one of two categories: (1) 'those that admit the allegations of the complaint but suggest some other reason why there is no right to recovery,' and (2) 'those that concern allegations outside of the plaintiff's prima facie case that the defendant cannot raise by a simple denial of the answer.'" *Bath & Body Works Brand Management, Inc. v. Summit Entertainment, LLC*, No. 11-CV-1594 (GBD) (JLC), 2013 WL 3479418, at *4 (S.D.N.Y. July 9, 2013).

Rule 8(c)(2) provides, "if a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so." The purpose of this rule is to "correct … technical pleading error[s]" and "to ignore improper designations in order to interpret a pleading in accordance with its true character. *Gallegher's NYC Steakhouse Franchising, Inc. v. N.Y. Steakhouse of Tampa, Inc.*, 2011 WL 6034481(THK), at *9 (S.D.N.Y. Dec. 5, 2011) (citing *Bozsi Ltd. P'ship v. Lynott*, 676 F. Supp. 505, 516 (S.D.N.Y. 1987)).

Here, M&T's affirmative defense does not appear to be a "pleading error" or a misidentified counterclaim. *See id* ("The affirmative defense in the answer is not simply a misidentified counterclaim and is clearly distinct from the counterclaims Defendants now seek to assert"). Setoff may be an affirmative defense as contemplated by Rule 8(c). *Nouveau Industries Inc. v. Liberty Mut. Ins. Co.*, No. 08-CV-10408 (CM), 2011 WL 10901796, at *10 (S.D.N.Y. Sept. 7, 2011) ("The fact that setoff is not among the affirmative defenses specifically listed in the rule does not mean that it need not be pleaded under Rule 8(c)); *see also Banks ex rel. Banks v. Yokemick*, 177 F. Supp. 2d 239, 265 (S.D.N.Y. 2001) ("[T]he issue of setoff is an affirmative defense") (citing *Monaghan v. SZS 33 Assocs., LP.*, 73 F.3d 1276, 1282 (2d Cir. 1996)). M&T has made it clear that it does not intend to file a counterclaim against a putative class. It has reserved its right to assert a setoff against potential class members rather than asserting counterclaims against non-parties. (Doc. No. 137 at 9.) Therefore, to preserve its claim to any deficiency balances owed by potential future parties should the Court certify the class, M&T properly pled setoff as an affirmative defense. *See* No. 10-CV-9538 (PKC) (RLE), *Scott v. WorldStarHipHop, Inc.*, 2012 WL 6835232, at *3 (S.D.N.Y. Nov. 14, 2012) ("Rule 8(c)(1) ... only requires a party to 'state' the defense").

Pinks's argument that M&T only asserts the setoff defense against Pinks and not the putative class members is meritless. M&T claims that "Plaintiff's *Complaint*" is barred "*in whole or in part*" by setoff. (Answer at 8) (emphasis added). Pinks asserts claims on behalf of himself and putative class members. It follows then, that the affirmative defense applies, and will apply, to all those on whose behalf the Complaint is brought. If M&T wanted to assert this defense against only Pinks, it could have done so (e.g., Doc. No. 30 at 11, "Plaintiff has failed to

4

allege any viable claim that can be brought or maintained as a class action pursuant to Federal Rule of Civil Procedure 23.").

The Court notes M&T's claim that it should be entitled to assert a setoff defense against putative class members *against whom judgments have been entered.* (Doc. No. 137 at 9.) (emphasis added). M&T has not stated an intention to assert this defense against balances that have not yet been reduced to judgment. Pinks concedes that his motion is moot if M&T does not seek to assert the setoff defense for "previously-unadjudicated deficiency balances." (Doc. No. 138 at 7.)

Therefore, Pinks's motion to redesignate M&T's affirmative defense of setoff (Doc. No. 131) is **DENIED.**

**SO ORDERED this 29th day of November 2016.**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**