

# HERZFELD & RUBIN, P.C.
### ATTORNEYS AT LAW

125 BROAD STREET, NEW YORK, NY 10004   TEL 212 471-8500   FAX 212 344-3333   WWW.HERZFELD-RUBIN.COM

September 25, 2017

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10-2-17

**Daniel V. Gsovski**
Direct Dial 212: 471-8512
dgsovski@herzfeld-rubin.com

BY ECF

Hon. Lewis A. Kaplan
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 21B
New York, NY 10007-1312

**MEMO ENDORSED**

**Re: Pinks v. M&T Bank Corp., 1:13-cv-1730 LEK-RWE (S.D.N.Y.)**

Dear Judge Kaplan:

The parties have been ordered to file a status report to Magistrate Judge Ellis by September 27, 2017. In this connection and without waiving Plaintiff's rights, we seek clarification of a key aspect of Your Honor's Order (DI 189), in which the Court denied Plaintiff's Motions for Certification (DI 169 & DI 186) "in all respects," and overruled Plaintiff's objections to Judge Ellis' Report & Recommendations. (DI 177) We believe that clarification is appropriate inasmuch as the Court's response will determine whether this Court has subject matter jurisdiction to continue the case, and therefore is directly relevant to a status report.

We note the need for clarification in that Your Honor's Order (DI 189) did not make express rulings on the issue of Plaintiff's Article III standing, nor did it adopt Judge Ellis' R&R (DI 177) with respect to Article III standing. While the Order does state that it denied the certification Motions "substantially" for the reasons set forth in M&T's opposition papers at DI 185, it does not expressly indicate whether a lack of Article III standing is one of the included reasons. Moreover, if the Court did intend to rule that Plaintiff lacks Article III standing, the Order does not order the case dismissed without prejudice for lack of subject matter jurisdiction,[1] nor does it find Plaintiff's Motions for Certification moot on grounds that this Court lacks subject matter jurisdiction to determine certification.

On the other hand, if the Court intended to rule that the Plaintiff does not lack Article III status, the case may continue in a way consistent with the denial of certification; accordingly, we seek clarification.

This request is strongly opposed & denied.

SO ORDERED

Respectfully,

Daniel V. Gsovski (dg4413)
Counsel for Plaintiff Jerry Pinks

cc: All counsel (by ECF)

LEWIS A. KAPLAN, USDJ  10/1/17

---

[1] Rule 12(h)(3) mandates dismissal without prejudice "[i]f the court determines at any time that it lacks subject-matter jurisdiction." See, e.g. *John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732, 735 (2d Cir. 2017)("'[W]here a complaint is dismissed for lack of Article III standing, the dismissal must be without prejudice,'" quoting *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54 (2d Cir. 2016).

**AFFILIATES**

LIVINGSTON, NEW JERSEY        LOS ANGELES, CALIFORNIA        GARDEN CITY, NEW YORK

BUCHAREST, ROMANIA        YANGON, MYANMAR