UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JERRY PINKS,** individually and on behalf of others similarly situated, *Plaintiffs,* vs. **M & T BANK CORP.,** *Defendant.* | Civ. No.: 13-cv-1730-LAK-RLE<br><br>**PLAINTIFF JERRY PINKS' STATUS REPORT** |

## Introduction and Background

In its Status Report (DI 193), Defendant M&T Bank Corp. ("M&T") urges this Court to commit legal error in interpreting Judge Kaplan's Order of July 17, 2017 (DI 189), in which the Court denied Pinks' Motion for Certification on the merits.

On the one hand, M&T correctly interprets that Order as a ruling on the merits adverse to Pinks' Motions, *i.e.,* Judge Kaplan found that Pinks failed to meet his burden that his case was appropriate for multistate class certification under Rule 23, Fed.R.Civ.P., as alleged. M&T apparently acknowledges, as it must, that the rulings in the Order are consistent with this Court exercising subject-matter jurisdiction over the case, that is, the power "to *overrule* Plaintiff's objections to the R&R," as well as acknowledging that the Order did indeed "*den[y] Plaintiff's motion for class certification in all respects*" – both of which are rulings on the merits concerning his Motions and objections. DI 193 at 1 (emphasis added.)

Yet, M&T simultaneously argues that the same Order ruled exactly to the contrary – that the Court lacks subject-matter jurisdiction due to Pinks' lack of Article III standing. (See, DI 193

1

at 2, referring to "[t]his Court's finding that Plaintiff has not suffered an injury-in fact.") Such flatly-opposed rulings 1) appear nowhere in the text of the Order; 2) are inconsistent with the actions the Trial Court actually took; and, 3) would present a legal impossibility if present.

It is axiomatic that a finding that a plaintiff lacks Article III standing is a determination that the court lacks subject-matter jurisdiction, and the case must be dismissed. ("As a procedural matter we again note that where a case is dismissed for lack of Article III standing, the case must be dismissed without, rather than with prejudice. Such a dismissal is one for lack of subject matter jurisdiction." *John v. Whole Foods Market Group, Inc.,* 858 F.3d 732, 735 (2nd Cir. 2017).) Mandatory dismissal upon a finding of a lack of subject-matter jurisdiction applies "'because it involves a court's power to hear a case, [which] can never be forfeited or waived.'" *Arbaugh v. Y&H Corp.* 546 U.S. 500, 514, 126 S.Ct. 1235, 1244, (2006), quoting *U.S. v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781 (2002) Thus, once a determination is made adverse to Article III standing, the case must be dismissed for lack of subject-matter jurisdiction. *John v. Whole Foods Market Group, Inc., id.*

This is so even when the lack of Article III standing is raised late in the proceedings or by the court itself rather than the adverse party. "If the court determines *at any time* that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Rule 12(h)(3), Fed.R.Civ.P. (emphasis added). "The objection that a federal court lacks subject-matter jurisdiction…may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment… Moreover, courts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H, supra.* Therefore, Judge Kaplan could *not* have in a single order ruled on the merits of Pinks' Motion for Certification, considering the matter *de novo*, while at the same time determining that he

lacked the power to do so, but without entering the mandatory dismissal which must accompany such a ruling.

M&T also claims that the Second Circuit has decided that any dismissal for lack of subject-matter jurisdiction on Article III grounds is *with* prejudice, that is, any such dismissal is on the merits. DI 193 at 2. This is, to put the matter charitably, misleading. Its authority for this position is that the Second Circuit affirmed a trial court's dismissal with prejudice in *Crupar-Weinman v. Paris Baguette Am., Inc.,* 86 F.3d 76, 79, 82 (2d. Cir. 2017), following its determination that plaintiff had not established the requisite Article III standing. *Id.* What M&T fails to mention is that this issue was not presented to the Circuit in *Paris Baguette* as error.

*Paris Baguette* was decided on June 26, 2017. M&T also neglects to mention that a companion case, *Katz v. Donna Karan Co., LLC,* __ F.3d __, 2017WL4126942 (2d. Cir., Sept. 17, 2017) was subsequently decided by the same Court of Appeals' panel on September 17, 2017. In *Donna Karan,* unlike *Paris Baguette*, the trial court's prejudicial dismissal was specifically assigned as error. Although the Second Circuit affirmed the lower court's finding that the plaintiff had failed to establish Article III standing, it squarely held a dismissal for lack of subject-matter jurisdiction can never be entered with prejudice:

> One other wrinkle: when a case is dismissed for lack of federal subject-matter jurisdiction, "Article III deprives federal courts of the power to dismiss [the] case with prejudice." *Hernandez v. Conriv Realty Assocs.,* 182 F.3d 121, 123 (2d Cir. 1999). As a result, when a case is dismissed for lack of Article III standing, as here, that disposition cannot be entered with prejudice, and instead must be dismissed *without prejudice. See Carter,* 822 F.3d at 54-55. And as we noted in *dicta* in *Carter* and must now order here, although we affirm the district court's conclusion that plaintiff's second amended complaint failed to establish Article III standing, we are "constrained to have the…[j]udgment amended to provide that the dismissal is without prejudice."

*Katz v. Donna Karan, supra* at *6 (emphasis original).

## The Order of July 17, 2017 (DI 189)

Nothing in the text or subsequent history of Judge Kaplan's Order denying certification can fairly be interpreted as ruling that Pinks lacks Article III standing.

First, the Order does not expressly find any lack of Article III standing. Federal district judges are not coy on the matter of subject-matter jurisdiction, and had the Court found a lack of Article III standing, any resulting order would be expected to say so, as well as outline the reasons for such findings. This Order did neither. While M&T asserts the Order "adopted the R&R's findings" (DI 193 at 1), which it apparently believes would include the R&R's finding that Pinks lacked Article III standing, this assertion cannot be squared with the Order itself. In fact, the Order never states that it adopts *any* of the findings of the R&R concerning Article III standing, although it does indicate that it agreed with the R&R's reasons for denial of class certification at pages 10-13 of the R&R. ("The Court notes also that it would deny class certification on the basis set forth at pages 10-13 of the R&R independent of the standing issues." DI 189.)

Second, had the Trial Court found a lack of Article III standing, it would have been compelled to order the case dismissed for lack of subject-matter jurisdiction, which it did not do. This is entirely inconsistent with M&T's position that the Order has concluded Pinks lacks Article III standing.

Third, not only did Judge Kaplan fail to rule that Pinks lacked Article III standing, or to indicate the case must be dismissed for lack of subject-matter jurisdiction, or to expressly adopt any findings from the R&R that Pinks' lacked Article III standing, he exercised Article III jurisdiction and ruled that Pinks' "motions [DI 169, DI 186] are denied in all respects" and his "objections to the R&R are overruled." Such rulings are on the merits and cannot be entered by a

4

court which lacks subject-matter jurisdiction. While the Order never expressly adopts the findings of the R&R, it does indicate that it "overruled" Pinks' objections "*substantially* for the reasons set forth in *defendant's* response [DI 185][.]" (emphasis added.) Had Judge Kaplan adopted M&T's reasoning in its response that Pinks' lacked Article III standing, however, he would also have been compelled to dismiss the case for lack of subject-matter jurisdiction, and to dismiss Pinks' objections as moot rather than "overruling" them on the merits – neither of which he did.

Nevertheless, out of an abundance of caution and to remove any doubt, on September 25, 2017, Pinks requested that Judge Kaplan clarify any potential ambiguity in the Order to indicate whether the Court intended to rule also that Pinks' lacked Article III standing. DI 191.

In response, on October 2, 2017, Judge Kaplan again took an action inconsistent with any determination that the Court lacked subject-matter jurisdiction. Pinks' request for clarification was rejected, with the endorsed ruling that "This most untimely request is denied." DI 196. Thus on two occasions, when presented with the opportunity to state expressly that the Court lacked subject-matter jurisdiction, Judge Kaplan did not do so. Of equal significance, on both occasions, he did not enter the dismissal without prejudice that is mandatory upon such a finding. To the extent the clarification request was denied on grounds of untimeliness or for any other reason than mootness, such rulings are on the merits. Furthermore, a lack of "timeliness" with respect to a dismissal for lack of subject-matter jurisdiction simply does not apply, as dismissal is mandatory "at any time" that a court finds itself without subject-matter jurisdiction. See, Rule 12(h)(3), Fed.R.Civ.P.

Accordingly, this Order presents no subject-matter jurisdiction impediment on Article III grounds to prevent the case from proceeding in a manner consistent with the Trial Court's Order

denying class certification. M&T has indicated in its status report that it intends to file a summary judgment motion which is a merits proceeding. DI 193 at 2. Pinks respectfully requests that the parties be allowed thirty (30) days to file any respective motions consistent with Judge Kaplan's Order denying class certification, DI 189.

Dated: October 4, 2017.

                                        Respectfully submitted,

                                        /s/ Daniel V. Gsovski

                                        Daniel V. Gsovski (DG 4413
                                        Herzfeld & Rubin, P.C.
                                        125 Broad Street
                                        New York, New York 10004
                                        Telephone: (212) 471-8512
                                        Email: DGsovski@herzfeld-rubin.com

                                        Philip Fairbanks
                                        1214 King Street
                                        Beaufort, SC 29902
                                        Telephone: (843) 521-1580
                                        Email: philip@lowcountrybankruptcy.com

                                        Kathy D. Lindsay
                                        1214 King Street
                                        Beaufort, SC 29902
                                        Telephone: (843) 521-1581
                                        Email: klindsay@islc.net

                                        Frederick M. Corley
                                        1214 King Street
                                        Beaufort, SC 29902
                                        Telephone: (843) 524-3232
                                        Email: rick@1214law.com

                                        *Attorneys for Plaintiff*